THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYWEE GROUP LTD.,<br><br>    Plaintiffs,<br>    v.<br><br>HTC CORPORATION; and HTC AMERICA, INC.,<br><br>    Defendants. | CASE NO.: 2:17-cv-00932-JLR<br><br>**DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**<br><br>NOTE ON MOTION CALENDAR: November 17, 2017<br><br>JURY DEMAND |

**DEFENDANTS' MOTION TO DISMISS**
2:17-cv-00932-JLR

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendants HTC Corporation and HTC America, Inc. (together, "HTC" or "Defendants"), respectfully move to dismiss plaintiff CyWee Group Ltd.'s ("CyWee" or "Plaintiff") claims for induced infringement under 35 U.S.C. § 271(b) for failure to state a claim, and respectfully submits this memorandum in support of said motion.

## I. INTRODUCTION

CyWee's Amended Complaint fails to meet the Supreme Court's heightened pleading standards, which reject allegations—like those pled by CyWee—that are mere "conclusion[s] couched in factual allegations." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Dismissing CyWee's inducement claims is not only necessary in light of the Supreme Court's directives, but will also conserve judicial and party resources by eliminating claims and focusing the dispute on relevant facts and issues.

CyWee alleges no facts that plausibly show that HTC took affirmative steps – at any time – to cause others to infringe U.S. Patent No. 8,441,438 ("the '438 Patent") and U.S. Patent No. 8,552,978 ("the '978 Patent") (together, "the Patents-in-Suit"). Nor does CyWee plead facts sufficient to plausibly show that HTC – at any time – specifically intended others to infringe the Patents-in-Suit. Nor does CyWee plead facts sufficient to plausibly show that HTC knew – at any time – that its end users or customers were infringing. These pleading failures mandate dismissal of all claims for indirect and induced infringement. Accordingly, HTC respectfully requests that the Court dismiss all claims of induced infringement under 35 U.S.C § 271(b).

## II. ALLEGATIONS OF THE AMENDED COMPLAINT

CyWee asserts two claims in its Amended Complaint: Patent Infringement of U.S. Patent No. 8,441,438 and Patent Infringement of U.S. Patent No. 8,552,978. CyWee alleges that it is the owner of all right, title, and interest in and to the '438 Patent and the '978 Patent. Dkt. No. 20 at pp. 6, 15 (Am. Compl. ¶¶ 21, 119). With each claim of patent infringement, CyWee makes only the following allegations regarding indirect and induced infringement:

**DEFENDANTS' MOTION TO DISMISS**
2:17-cv-00932-JLR

- 1 -

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

> 28.   On information and belief, HTC indirectly infringes the '438 Patent by inducing others to infringe one or more claims of the '438 Patent through sale and/or use of the '438 Accused Products. On information and belief, at least as a result of the filing of this action, HTC is aware of the '438 Patent; is aware that its actions with regards to distributors, resellers, and/or end users of the '438 Accused Products would induce infringement; and despite such awareness will continue to take active steps—such as, creating and disseminating the '438 Accused Products, and product manuals, instructions, promotional and marketing materials, and/or technical materials to distributors, resellers, and end users—encouraging other's infringement of the '438 Patent with the specific intent to induce such infringement.
>
> …
>
> 126.   On information and belief, HTC indirectly infringes the '978 Patent by inducing others to infringe one or more claims of the '978 Patent through sale and/or use of the '978 Accused Products. On information and belief, at least as a result of the filing of this action, HTC is aware of the '978 Patent; is aware that its actions with regards to distributors, resellers, and/or end users of the '978 Accused Products would induce infringement; and despite such awareness will continue to take active steps—such as, creating and disseminating the '978 Accused Products, and product manuals, instructions, promotional and marketing materials, and/or technical materials to distributors, resellers, and end users—encouraging other's infringement of the '978 Patent with the specific intent to induce such infringement.

Dkt. No. 20 at pp. 8-9, 18 (Am. Compl. ¶¶ 28, 126). Because these allegations are mere "conclusions couched in factual allegations," HTC respectfully requests that the Court dismiss all claims of inducement to infringe under 35 U.S.C § 271(b). *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

### III.   LEGAL STANDARDS

To survive a Rule 12(b)(6) challenge, CyWee's Amended Complaint must allege "sufficient facts to state a claim for relief which is 'plausible on its face.'" *Milo & Gabby, LLC v. Amazon.com*, 12 F. Supp. 3d 1341, 1345 (W.D. Wash. 2014) (quoting *Iqbal*, 556 U.S. at 678); *see also Sharafabadi v. Pac. Nw. Farmers Coop.*, No. C09-1043-JLR, 2010 U.S. Dist. LEXIS 2936, at *4 (W.D. Wash. Jan. 14, 2010) (Robart, J.) (same). It is not enough for a complaint to "plead[] facts that are 'merely consistent with' a defendant's liability." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Instead, "[a] claim has facial plausibility when the plaintiff

**DEFENDANTS' MOTION TO DISMISS**
2:17-cv-00932-JLR

- 2 -

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

1 pleads factual content that allows the court to draw the reasonable inference that the defendant is
2 liable for the misconduct alleged." *Id*. at 679 (citing *Twombly*, 550 U.S. at 556).

3       While the Court must accept all of the well-pled factual allegations in the complaint as
4 true, the Court is not required to accept as true a legal conclusion presented as a factual
5 allegation. *Sharafabadi*, 2010 U.S. Dist. LEXIS 2936, at *4-5 (citing *Iqbal*, 556 U.S. at 678).
6 "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
7 statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Legal
8 conclusions may "provide the framework of a complaint," but they "must be supported by
9 factual allegations." *Id.* at 679. The Court must dismiss claims totally devoid of factual
10 allegations because they do not "raise a right to relief above the speculative level." *Twombly*,
11 550 U.S. at 555-56.

12 **IV.   PLAINTIFF FAILS TO STATE A CLAIM FOR INDIRECT INFRINGEMENT**

13       CyWee's Amended Complaint fails to state a claim for indirect and induced infringement
14 and, therefore, these claims should be dismissed. Title 35 U.S.C. § 271(b), which governs
15 induced infringement, provides that "[w]hoever actively induces infringement of a patent shall
16 be liable as an infringer." 35 U.S.C. § 271(b). The Supreme Court has identified three necessary
17 elements for induced infringement which must be pled in accordance with *Twombly* and *Iqbal*.
18 *See In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336-37
19 (Fed. Cir. 2012) (claims of indirect infringement must be pled under the standard of *Twombly*
20 and *Iqbal*). First, "inducement must involve *the taking of affirmative steps* to bring about the
21 desired result." *Global-Tech. Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 760 (2011) (emphasis
22 added). Second, inducement "requires knowledge that the induced acts constitute patent
23 infringement." *Id.* at 766 (emphasis added); *see also Milo & Gabby*, 12 F. Supp. 3d at 1353
24 (same) (quoting *Global-Tech.*, 131 S. Ct. at 2068); *Warner-Lambert Co. v. Apotex Corp.*, 316
25 F.3d 1348, 1364 (Fed. Cir. 2003) ("mere knowledge of *possible* infringement by others does not
26 amount to inducement; specific intent and action to induce infringement must be proven.")
27

**DEFENDANTS' MOTION TO DISMISS**  
2:17-cv-00932-JLR

- 3 -

**WILSON SONSINI GOODRICH & ROSATI**  
701 Fifth Avenue, Suite 5100  
Seattle, WA 98104-7036  
Tel: (206) 883-2500  
Fax: (206) 883-2699

(emphasis added).  In other words, "[i]nducement requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent." *Kremerman v. Open Source Steel, LLC*, No. C17-953-BAT, 2017 U.S. Dist. LEXIS 145960 at *5 (W.D. Wash. Sep. 8, 2017) (Tsuchida, Mag. J.) (quoting *Vita–Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009)).  Third, liability under § 271(b) also requires that some other party commits direct infringement. *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111, 2117 (2014); *In re Bill of Lading*, 681 F.3d at 1333-36.  Accordingly, to properly plead induced infringement, CyWee's Amended Complaint must "contain facts plausibly showing that [HTC] specifically intended [its] customers to infringe the [Patents-in-Suit] and knew that the customer[s'] acts constituted infringement." *In re Bill of Lading*, 681 F.3d at 1339.  That is, "[i]nducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *DSU Med Corp. v. JMS Co., Ltd.,* 471 F.3d 1293, 1306 (Fed. Cir. 2006) (citations omitted).  CyWee has failed to plead facts sufficient to state a claim for induced infringement under these governing standards.

As to the Supreme Court's first element for induced infringement, CyWee alleges no facts that plausibly show that HTC took "affirmative steps" to cause its end users or customers to infringe the Patents-in-Suit.  *Global-Tech,* 563 U.S. at 760.  Instead, CyWee makes the generic allegation that HTC "[took] active steps—such as, creating and disseminating the [] Accused Products, and product manuals, instructions, promotional and marketing materials, and/or technical materials to distributors, resellers, and end users." Dkt. No. 20 at  pp. 8-9, 18 (Am. Compl. ¶¶ 28, 126).  This allegation describes only common and generic marketing materials that all technology manufacturers provide for their products and has no specific link to HTC or the Patents-in-Suit. *See Memory Integrity, LLC v. Intel Corp.*, 144 F. Supp. 3d 1185, 1193 (D. Or. 2015) ("[O]rdinary acts incident to product distribution, such as offering customers technical support or product updates, will not support inducement liability in themselves.") (quoting *Metro-Goldwyn-*

DEFENDANTS' MOTION TO DISMISS
2:17-cv-00932-JLR
- 4 -
WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

*Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 937 (2005) (internal quotations omitted); *Chan v. AT&T Mobility LLC*, No. C11-1766-JLR, slip op. at *2, 10 (W.D. Wash. Jul. 18, 2012) (dismissing induced infringement claim where plaintiff alleged that defendant was "actively inducing direct infringement by vendors, distributors, retails, and end-users who sell, offer for sale, purchase, and/or use the [a]ccused [d]evice"). CyWee provides no facts showing how any of these materials are related to any acts that allegedly constitute patent infringement. *Kremerma,* 2017 U.S. Dist. Lexis 145960 at *4-5 (dismissing induced infringement claim because plaintiff "failed to allege who was induced to infringe, how they infringed, and how defendants had knowledge that the induced acts occurred and that they constituted patent infringement").

As to the second element of induced infringement, CyWee's Amended Complaint provides no facts to show that Defendants had "specific intent" to induce infringing acts by others. Courts in this Circuit routinely dismiss inducement claims where plaintiffs fail to allege facts plausibly showing intent to induce customer infringement or knowledge of customer infringement. *See Kremerman*, 2017 U.S. Dist. LEXIS 145960 at *7-8 (dismissing induced infringement claim because "[Plaintiff] has pleaded no facts from which it may be reasonably inferred that Defendants specifically intended to induce their customers or anyone else to infringe his Patents"); *Fortinet, Inc. v. FireEye, Inc.*, No. 13-cv-02496-EJD, 2014 U.S. Dist. LEXIS 139762, at *12 (N.D. Cal. Sept. 30, 2014) (dismissing inducement claim based on "bare allegations" that "Defendant's products sold directly to consumers and through its distribution partners are designed to be used (and are used by consumers and end-users) in an infringing manner"); *Logic Devices, Inc v. Apple, Inc.*, No. C13-02943-WHA, 2014 U.S. Dist. LEXIS 3157, at *4 (N.D. Cal. Jan. 7, 2014) (dismissing inducement claim where allegations "fail[ed] to support an inference of specific intent to induce infringement and knowledge that the induced actions constituted infringement"); *Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*, No. C 11-04049, 2012 U.S. Dist. LEXIS 51650, at *16-17 (N.D. Cal. Mar. 22, 2012) (dismissing induced

**DEFENDANTS' MOTION TO DISMISS**
2:17-cv-00932-JLR

- 5 -

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

infringement claim because "Plaintiff has not alleged any facts to suggest that Defendants . . . had the specific intent to induce infringement"); *Eagle Harbor Holdings LLC v. Ford Motor Co.*, No. C11-5503BHS, 2012 U.S. Dist. LEXIS 14804 at *4-5 (W.D. Wash. Feb. 7, 2012) (dismissing induced infringement claim because "Plaintiffs have not alleged facts to support the necessary elements of this claim such as [defendant's] knowledge of the patents or a specific intent to induce infringement); *Fujitsu Ltd. v. Belkin Int'l, Inc.*, 782 F. Supp. 2d 868, 892-93 (N.D. Cal. 2011) (granting motion to dismiss induced infringement claim for failure to allege facts pertaining to specific intent).  Even if the Court were to infer from CyWee's Amended Complaint's allegations that HTC had knowledge of *possible* infringement by its end users – which, HTC submits, it cannot – this is not sufficient to state a claim for induced infringement. *See Warner-Lambert,* 316 F.3d at 1364 (knowledge of possible infringement by others is not inducement).

As to the third element of induced infringement, CyWee alleges no facts showing how any third party's "use" constitutes infringement of the Patents-in-Suit.  CyWee's Amended Complaint only alleges that "HTC indirectly infringes the [Patents-in-Suit] by inducing others to infringe one or more claims of the [Patents-in-Suit] through sale and/or use of the [] Accused Products" and that HTC "is aware that its actions with regards to distributors, resellers, and/or end users of the [] Accused Products would induce infringement."  Dkt. No. 20 at pp. 8-9, 18 (Am. Compl. ¶¶ 28, 126).  However, there are no facts showing how any actual "sale" or "use" by any third parties constitutes infringement.

Because CyWee failed to allege facts sufficient under *Iqbal* and *Twombly* that show the necessary elements for induced infringement, CyWee's improperly plead induced infringement claims should be dismissed.

## V.   CONCLUSION

For the reasons set forth above, CyWee's claim for induced patent infringement should be dismissed under Rule 12(b)(6) for failure to state claim upon which relief can be granted.

DEFENDANTS' MOTION TO DISMISS
2:17-cv-00932-JLR
- 6 -
WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

| | | |
|---|---|---|
| 1 | Dated: October 26, 2017 | Respectfully submitted, |
| 2 | | s/ Gregory L. Watts |
| | | Gregory L. Watts, WSBA #43995 |
| 3 | | **WILSON SONSINI GOODRICH & ROSATI PC** |
| | | 701 Fifth Avenue, Suite 5100 |
| 4 | | Seattle, WA 98104-7036 |
| | | Telephone: (206) 883-2500 |
| 5 | | Facsimile: (206) 883-2699 |
| | | Email: gwatts@wsgr.com |
| 6 | | |
| | | s/ James C. Yoon |
| 7 | | James C. Yoon, CA Bar #177155 (*pro hac vice*) |
| | | Ryan R. Smith, CA Bar #229323 (*pro hac vice*) |
| 8 | | Albert Shih, CA Bar # 251726 (*pro hac vice*) |
| | | Jamie Y. Otto, CA Bar # 295099 (*pro hac vice*) |
| 9 | | **WILSON SONSINI GOODRICH & ROSATI PC** |
| | | 650 Page Mill Road |
| 10 | | Palo Alto, CA 94304-1050 |
| | | Telephone: (650) 493-9300 |
| 11 | | Facsimile: (650) 565-5100 |
| | | Email: jyoon@wsgr.com |
| 12 | | rsmith@wsgr.com |
| | | ashih@wsgr.com |
| 13 | | jotto@wsgr.com |
| 14 | | *Attorneys for Defendants* |
| | | *HTC Corporation and HTC America, Inc.* |

**DEFENDANTS' MOTION TO DISMISS**
2:17-cv-00932-JLR

- 7 -

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2017, I filed the foregoing with the Clerk of the Court using the CM/ECF system, and served all parties via ECF.

Dated: October 26, 2017

*s/ Gregory L. Watts*
Gregory L. Watts

DEFENDANTS' MOTION TO DISMISS
2:17-cv-00932-JLR
- 8 -
WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699