UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYWEE GROUP LTD.,<br><br>    Plaintiffs,<br>v.<br>HTC CORPORATION, and HTC AMERICA, INC.,<br><br>    Defendants.<br><br>HTC CORPORATION, and HTC AMERICA, INC.,<br><br>    Third-Party Plaintiffs,<br>v.<br>STMicroelectronics N.V., STMicroelectronics, Inc., and CyWee Motion Group Ltd.<br><br>    Third-Party Defendants. | CASE NO.: 2:17-cv-00932-JLR<br><br>**THIRD-PARTY COMPLAINT OF HTC CORPORATION AND HTC AMERICA, INC. FOR**<br><br>**(1) INDEMNITY;**<br><br>**(2) BREACH OF WARRANTY;**<br><br>**(3) CONTRIBUTION; AND**<br><br>**(4) VIOLATION OF UNFAIR BUSINESS PRACTICES-CONSUMER PROTECTION ACT**<br><br>JURY TRIAL DEMANDED |

HTC Corporation and HTC America, Inc. (together, "HTC" or "Third-Party Plaintiffs"), by and through their undersigned counsel, bring this Third-Party Complaint against STMicroelectronics N.V. and STMicroelectronics, Inc. (together, "STM"), and CyWee Motion Group Ltd. ("CyWee Motion") (collectively, "Third-Party Defendants") pursuant to Rule 14(a) of the Federal Rules of Civil Procedure and allege as follows:

HTC'S THIRD-PARTY COMPLAINT - 1
2:17-cv-00932-JLR

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

# PARTIES

1. On information and belief, Plaintiff CyWee Group Ltd. ("CyWee" or "Plaintiff") is a corporation organized and existing under the laws of the British Virgin Islands, with its principal place of business at 3F, No. 28, Lane 128, Jing Ye 1st Road, Taipei, Taiwan 10462.

2. Defendant and Third-Party Plaintiff HTC Corporation is a corporation organized and existing under the laws of Taiwan, with its principal place of business located at No. 88, Section 3, Zhongxing Road, Xindian District, New Taipei City 231, Taiwan 231.

3. Defendant and Third-Party Plaintiff HTC America, Inc., is a Washington corporation, with its principal place of business located at 308 Occidental Avenue South, Floor 3, Seattle, Washington, 98104.

4. On information and belief, Third-Party Defendant STMicroelectronics N.V. is a corporation organized and existing under the laws of the Netherlands, with its principal place of business located at WTC Schiphol Airport, Schiphol Boulevard 265, 1118 BH Schiphol, The Netherlands, where it can be served with process.

5. On information and belief, Third-Party Defendant STMicroelectronics N.V. is a major semi-conductor company that does business, directly or through its subsidiary or intermediaries, in the State of Washington and in this District and elsewhere in the United States, including, without limitation, using, promoting, offering to sell, importing, and/or selling integrated circuit devices and enabling end-user purchasers to use such devices in this District. ST Microelectronics N.V.'s shares are traded, among other places, on the New York Stock Exchange.

6. On information and belief, Third-Party Defendant STMicroelectronics, Inc., is a Delaware corporation, with its principal place of business located at 750 Canyon Drive, Suite 300, Coppell, Texas, 75019. STMicroelectronics, Inc., is registered to do business in the State of Washington and can be served with process in this District through its registered agent, CT Corp System, 711 Capitol Way South, Suite 204, Olympia, Washington, 98501. On information and belief, STMicroelectronics, Inc., is a wholly-owned subsidiary of STMicroelectronics N.V.

HTC'S THIRD-PARTY COMPLAINT - 2
2:17-cv-00932-JLR

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

7. On information and belief, Third-Party Defendant CyWee Motion is a corporation organized and existing under the laws of Taiwan, with its principal place of business located at 114-45 Wenhu Street, Neihu District, Taipei City 11445, 5th Floor, 12-2, Taiwan, where it can be served with process.

8. On information and belief, CyWee Motion is affiliated with CyWee. On information and belief, CyWee Motion and CyWee have common and overlapping shareholders.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this impleader action pursuant to Rule 14 of the Federal Rules of Civil Procedure. This Court further has supplemental subject matter jurisdiction over this impleader action under 28 U.S.C. § 1367(a) because this action is so related to the claims brought by Plaintiff that it forms part of the same case and controversy.

10. This Court further has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because this is an action between citizens of different states and because the value of declaratory and injunctive relief sought, the value of HTC's rights that this action will protect and enforce, and the extent of the injury to be prevented exceed the amount of $75,000, exclusive of interest and costs.

11. On information and belief, STM are subject to this Court's general personal jurisdiction, consistent with the principles of due process and the Washington Long Arm Statute. On information and belief, STMicroelectronics, Inc., maintains offices and facilities in the Western District of Washington, has employees in the Western District of Washington, offers products in the Western District of Washington, and/or has transacted business in this District. In addition to maintaining an office in Redmond, Washington, STMicroelectronics, Inc., also has offices throughout the United States, including California, New Jersey, Alabama, Colorado, Indiana, Minnesota, Pennsylvania, Texas, Michigan, New York, South Carolina, Illinois, Oregon, and Missouri. Accordingly, STMicroelectronics, Inc., transacts substantial business in this District and throughout the United States, and thus voluntarily avails itself of the laws of the United States and Washington so as to be subject to the jurisdiction of this Court.

HTC'S THIRD-PARTY COMPLAINT - 3
2:17-cv-00932-JLR

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

12. On information and belief, STMicroelectronics N.V. is the parent company of STMicroelectronics, Inc., and thus does business, directly or through its subsidiary or intermediaries, in the State of Washington, in this District, and elsewhere in the United States, including, without limitation, using, promoting, offering to sell, importing, and/or selling integrated circuit devices and enabling end-user purchasers to use such devices in this District.

13. Third-Party Defendants are also subject to specific personal jurisdiction in the State of Washington. Third-Party Defendants designed, implemented, manufactured, sold and provided products and technology to be incorporated into products sold by HTC Corporation and HTC America, Inc. Third-Party Defendants knew that these products were sold in the United States, including in this District and the State of Washington.

14. On information and belief, in a 2015 press release issued in San Jose, California, and Taipei, Taiwan, CyWee Motion identified HTC as one of its "[c]ustomers that have licensed our Sensor Fusion Hub solution".[1]

15. Because Third-Party Defendants engaged in conduct purposefully directed to the State of Washington, they are subject to the jurisdiction of this Court.

16. Venue for this Third-Party Complaint is proper under 28 U.S.C. §§ 1391(b)-(c) and/or 28 U.S.C. § 1400(b) in that the acts underlying this Third-Party Complaint were performed in full or in part in this District and because Third-Party Defendants are subject to personal jurisdiction in this District.

**FACTUAL BACKGROUND**

17. Founded in 1997, HTC pioneered the smartphone market, credited with many industry firsts and technology breakthroughs over the past twenty years—a history defined by innovation, design and engineering excellence, and the building of strategic partnerships to

---

[1] CyweeMotion's Sensor Fusion Hub Software Now Available on Cadence Tensilica Fusion DSP, PR Newswire (Dec. 15, 2015), https://www.prnewswire.com/news-releases/cyweemotions-sensor-fusion-hub-software-now-available-on-cadence-tensilica-fusion-dsp-300192855.html (last visited January 11, 2018) (emphasis added).

HTC'S THIRD-PARTY COMPLAINT - 4
2:17-cv-00932-JLR

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

facilitate the development of an industry ecosystem. HTC invested heavily in research and development, which accounts for about a third of HTC's employees.

18. In its First Amended Complaint, CyWee alleges that HTC infringes United States Patent No. 8,441,438 ("the '438 Patent") and United States Patent No. 8,552,978 ("the '978 Patent") (together, "Patents-in-Suit") by making, using, selling, offering to sell, and/or importing into the United States products that embody or practice the apparatus and/or method covered by one or more of the claims of the Patents-in-Suit, including the HTC One M9, HTC One A9, HTC 10, HTC Bolt, and HTC U Ultra (collectively, "Accused Products").

19. HTC does not infringe any valid and enforceable claim of the '438 Patent or the '978 Patent.

20. HTC's Accused Products do not use the accused system and software implementation as alleged by CyWee in its Complaint (Dkt. 1), its First Amended Complaint and Exhibits (Dkts. 20, 20-1, 20-2, 20-3), and its infringement contentions served on HTC on December 29, 2017.

21. CyWee's infringement allegations focus upon the motion sensor device and functionalities in a wireless device.

22. STM design, manufacture, offer to sell, and sell motion sensor devices—including those found in HTC's Accused Products—that incorporate software provided by CyWee Motion.

23. To the extent HTC's Accused Products incorporate systems or software that allegedly or substantially practice one or more claims of the Patents-in-Suit, those motion sensor devices and software were provided by STM as part of the Sensor Fusion Hub and by CyWee Motion as part of the Sensor Fusion Hub Software, commonly referred to as the "CyWee library."

24. On or about January 18, 2013, HTC, CyWee Motion, and STM entered into a commercial relationship to jointly develop and incorporate sensor hub device technology into HTC products, including the Accused Products.

25. CyWee Motion and HTC understood that this commercial relationship would provide HTC with a license to the Sensor Fusion Hub technology.

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

26. On information and belief, CyWee Motion has advertised that HTC is a licensed customer of the "Sensor Fusion Hub solution" in a press releases as follows:

> **Customers that have licensed our Sensor Fusion Hub solution include HTC**, Lenovo, ZTE, Gionee, Meizu, etc. CyweeMotion is headquartered in Taipei, Taiwan with sales offices in both Taiwan and Beijing, China.[2]

27. On information and belief, CyWee Motion promoted and continues to promote the sale and use of its Sensor Fusion Hub Software, including through its website, press releases, and at trade shows around the world and in the United States.

28. On information and belief, CyWee and/or its affiliate, CyWee Motion, entered into a patent license agreement with STM granting STM the right to make, use, or sell sensor hub devices that allegedly practice or embody the Patents-in-Suit.

29. On information and belief, CyWee Motion is affiliated with CyWee and holds itself out as an authorized and licensed technology provider for the CyWee Motion Sensor Fusion Hub and Sensor Fusion Hub Software and related motion sensor technology.

30. On information and belief, CyWee has known, since at least January 18, 2013, that HTC's Accused Products incorporate sensor hub devices purchased from CyWee's licensee, STM, and technology supplied by CyWee's licensee, CyWee Motion.

31. On information and belief, the authorized sale by CyWee's licensees to HTC of the sensor hub devices with technology and software that allegedly embody or substantially embody one or more claims of the Patents-in-Suit exhausts CyWee's patent rights in those products.

32. STM sold and supplied to HTC certain motion sensor devices and technology, including the Sensor Fusion Hub, that incorporate Sensor Fusion Hub Software that STM taught as being required to operate the Sensor Fusion Hub, pursuant to purchase order agreements that obligate STM to defend and indemnify HTC with respect to claims of patent infringement.

---

[2] CyweeMotion's Sensor Fusion Hub Software Now Available on Cadence Tensilica Fusion DSP, PR Newswire (Dec. 15, 2015), https://www.prnewswire.com/news-releases/cyweemotions-sensor-fusion-hub-software-now-available-on-cadence-tensilica-fusion-dsp-300192855.html (last visited January 11, 2018) (emphasis added).

HTC'S THIRD-PARTY COMPLAINT - 6
2:17-cv-00932-JLR

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

33. On information and belief, at the time when STM and CyWee Motion offered for sale, sold, and provided to HTC the Sensor Fusion Hub and Sensor Fusion Hub Software, STM and CyWee Motion knew that the Sensor Fusion Hub and Sensor Fusion Hub Software would be incorporated into products sold by HTC Corporation and HTC America, Inc., worldwide, including in the United States and the State of Washington.

34. Any and all allegations by CyWee that HTC infringes any of CyWee's patents are based upon the Sensor Fusion Hub and Sensor Fusion Hub Software that were designed, used, manufactured, taught, required, offered for sale, and/or sold by Third-Party Defendants. Accordingly, HTC asserts that STM and CyWee Motion have induced infringement of, or contributorily infringed and continue to induce infringement of and/or contributorily infringe CyWee's Patents-in-Suit by, among other things, offering to sell or selling the Sensor Fusion Hub and Sensor Fusion Hub Software and/or requiring or teaching that the Sensor Fusion Hub and Sensor Fusion Hub Software must be used with the allegedly infringing technology.

35. Third-Party Plaintiffs have incurred and continue to incur attorney fees and other expenses in defense of the lawsuit brought by CyWee, and Third-Party Plaintiffs will continue to incur such fees and expenses until resolution of the lawsuit. As such, Third-Party Plaintiffs have been injured and continue to be injured by the failure of STM and CyWee Motion to defend HTC against CyWee's claims.

36. With respect to the claims of patent infringement against accused products and technology supplied by STM and CyWee Motion, some or all alleged liability will have resulted from HTC's use of devices and software provided to HTC by STM and CyWee Motion.

37. As a result, impleader is proper under Rule 14 of the Federal Rules of Civil Procedure.

## FIRST CAUSE OF ACTION

### (Indemnity)

38. Third-Party Plaintiffs repeat and reallege the preceding paragraphs of the Third-Party Complaint as though fully set forth herein.

HTC'S THIRD-PARTY COMPLAINT - 7
2:17-cv-00932-JLR

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

39. Without admitting, and on the contrary denying, the allegations of infringement of the '438 Patent and the '978 Patent made by CyWee, Third-Party Plaintiffs are entitled to indemnity and defense from STM, together with costs, interest, and attorneys' fees.

40. STM knew facts material to HTC's continued purchase of the Sensor Fusion Hub and Sensor Fusion Hub Software: (1) HTC incorporated the Sensor Fusion Hub and Sensor Fusion Hub Software into its mobile products; (2) HTC sold the mobile devices incorporating the Sensor Fusion Hub and Sensor Fusion Hub Software in the United States, including in the State of Washington; (3) CyWee claimed to own the Patents-in-Suit pertaining to motion sensor device technology; and (4) Third-Party Defendants' technology was subject to a license agreement with CyWee.

41. The Sensor Fusion Hub and Sensor Fusion Hub Software used by HTC are used in the ordinary and anticipated operation, and in accordance with manufacturer STM's and their software provider's teachings and/or requirements, which STM instructed HTC to follow, and which STM claimed are necessary for their ordinary and anticipated operation.

42. STM did not and has not informed HTC of their knowledge of CyWee's Patents-in-Suit and their knowledge of the infringement risk of CyWee's Patents-in-Suit by the Sensor Fusion Hub and Sensor Fusion Hub Software provided, taught, and/or required by STM along with their software provider CyWee Motion. HTC first learned of the infringement accusations by CyWee from CyWee's June 2017 Complaint, and informed Third-Party Defendants of the Complaint and its allegations, seeking indemnity from STM. STM refused to indemnify HTC despite its obligation to do so.

43. STM's refusal to indemnify HTC has damaged HTC in an amount to be determined at trial, which includes, but is not limited to, any amount or other consideration that Third-Party Plaintiffs are required to pay to CyWee either as a result of any judgment resulting from CyWee's First Amended Complaint or as a result of any settlement or compromise of claims in that First Amended Complaint, any and all damages to HTC's business and reputation, including any and all consequential damages, including losses, damages, and expenses should CyWee be

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

granted any injunctive relief resulting from its First Amended Complaint against the motion sensor device technology in HTC's mobile products and provided, taught, and/or required by Third-Party Defendants, and HTC's costs and fees in having to bring legal action to seek STM's compliance with their indemnification obligation.

## SECOND CAUSE OF ACTION

### (Breach of Warranty of Title)

44. Third-Party Plaintiffs repeat and reallege the preceding paragraphs of the Third-Party Complaint as though fully set forth herein.

45. Without admitting, and on the contrary denying, the allegations of infringement of the '438 Patent and the '978 Patent made by CyWee, STM are liable to HTC for breach of the warranty of title under Section 2-312 of the Uniform Commercial Code ("UCC"), or in the alternative, under Article 42 of the United Nations Convention on Contracts for the International Sale of Goods ("CISG").

46. STM knew facts material to HTC's continued purchase of the Sensor Fusion Hub and Sensor Fusion Hub Software: (1) HTC incorporated the Sensor Fusion Hub and Sensor Fusion Hub Software into its mobile products; (2) HTC sold the mobile devices incorporating the Sensor Fusion Hub and Sensor Fusion Hub Software in the United States, including in the State of Washington; (3) CyWee claimed to own the Patents-in-Suit pertaining to sensor device technology; and (4) Third-Party Defendants' technology was subject to a license agreement with CyWee.

47. The Sensor Fusion Hub and Sensor Fusion Hub Software used by HTC are used in the ordinary and anticipated operation, and in accordance with manufacturer STM's and their software provider's teachings and/or requirements, which STM instructed HTC to follow, and which STM claims are necessary for their ordinary and anticipated operation.

48. STM did not and have not informed HTC of their knowledge of CyWee's Patents-in-Suit and their knowledge of the infringement risk of CyWee's Patents-in-Suit by the Sensor Fusion Hub and Sensor Fusion Hub Software provided, taught, and/or required by STM. HTC

first learned of the infringement accusations by CyWee from CyWee's June 2017 Complaint, and promptly informed Third-Party Defendants of the accusations, seeking indemnity from STM. STM refused to indemnify HTC despite their obligation to do so.

49. STM's breach of the warranty damaged HTC in an amount to be determined at trial, which includes, but is not limited to, any damage to which Third-Party Plaintiffs are entitled to pursuant to the UCC, or in the alternative, under the CISG, any amount or other consideration that Third-Party Plaintiffs are required to pay to CyWee either as a result of any judgment resulting from CyWee's First Amended Complaint or as a result of any settlement or compromise of claims in that First Amended Complaint, any and all damages to HTC's business and reputation, including any and all consequential damages, including losses, damages, and expenses should CyWee be granted any injunctive relief resulting from its First Amended Complaint against the motion sensor device technology in HTC's mobile products and provided, taught, and/or required by Third-Party Defendants, and HTC's costs and fees in having to bring legal action to seek Third-Party Defendants' compliance with this warranty.

50. HTC seeks a declaratory judgment stating the respective duties and obligations of the parties as set forth herein.

## THIRD CAUSE OF ACTION

### (Contribution)

51. Third-Party Plaintiffs repeat and reallege the preceding paragraphs of the Third-Party Complaint as though fully set forth herein.

52. Without admitting, and on the contrary denying, the allegations of infringement of the '438 Patent and the '978 Patent made by CyWee, Third-Party Plaintiffs are entitled to contribution from STM and CyWee Motion, jointly and severally, together with costs, interest, and attorneys' fees.

53. Third-Party Plaintiffs are entitled to a declaratory judgment stating the respective duties and obligations of the parties as set forth herein.

HTC'S THIRD-PARTY COMPLAINT - 10
2:17-cv-00932-JLR

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

## FOURTH CAUSE OF ACTION

### (Violation of the Unfair Business Practices-Consumer Protection Act)

54. HTC repeats and realleges the preceding paragraphs of the Third-Party Complaint as though fully set forth herein.

55. On information and belief, CyWee Motion promoted the Sensor Fusion Hub Software for incorporation into HTC's mobile products, and advertised, sold, and offered for sale the Sensor Fusion Hub Software to customers and potential customers in the United States, including HTC America, Inc., in the State of Washington and elsewhere.

56. On information and belief, CyWee Motion promoted the motion sensor devices and technology solutions, including the Sensor Fusion Hub Software, and distributed, sold, and offered for sale the motion sensor devices and technology solutions to customers and potential customers in the United States, including in the State of Washington, California, and elsewhere.

57. On information and belief, CyWee Motion has not informed customers and potential customers of CyWee's Patents-in-Suit and the infringement risk by the Sensor Fusion Hub Software provided, taught, and/or required by CyWee Motion, despite having knowledge of the Patents-in-Suit, which CyWee claims to own.

58. CyWee Motion's failure to inform customers of CyWee's Patents-in-Suit and the infringement risk is likely to deceive customers and potential customers into believing that use of the Sensor Fusion Hub Software is free from infringement of CyWee's Patents-in-Suit.

59. CyWee Motion has engaged in unlawful, unfair, and/or fraudulent business acts or practices and/or unfair, deceptive, untrue, or misleading advertising within the meaning of the State of Washington's Unfair Business Practices-Consumer Protection Act under Sections 19.86.010 to 19.86.920 of the Revised Code of Washington. These violations include selling and/or offering for sale the Sensor Fusion Hub Software, while advertising and directing HTC to comply with the motion sensor technology and software, without informing customers, including HTC, of CyWee's Patents-in-Suit and the infringement risk, despite having had knowledge of CyWee's Patents-in-Suit, since at least 2013. As such, Third-Party Defendants contributorily

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

infringed and/or actively induced infringement of CyWee's Patents-in-Suit, and committed acts of fraud, fraudulent concealment, deceit, and/or misrepresentation.

60. HTC relied upon CyWee Motion's teachings and requirements and have used its Sensor Fusion Hub Software in its ordinary and anticipated operation, in accordance with CyWee Motion's teachings and/or requirements.

61. HTC has been injured by using, incorporating, and complying with CyWee Motion's Sensor Fusion Hub Software products and requirements by being the subject of and having to defend against CyWee's patent infringement claims, which focus on CyWee Motion's motion sensor technology.

**PRAYER FOR RELIEF**

HTC respectfully request that this Court order judgment in their favor on each and every claim set forth above, and award them relief including, but not limited to, the following:

a. A judgment that STM are liable to HTC for indemnification of any amount or other consideration that Third-Party Plaintiffs are required to pay to CyWee either as a result of any judgment resulting from CyWee's Complaint or as a result of any settlement or compromise of claims in that Complaint, any and all damages to HTC's business and reputation, including any and all consequential damages, including losses, damages, and expenses should CyWee be granted any injunctive relief resulting from its First Amended Complaint against the sensor device technology in HTC's mobile products and provided, taught, and/or required by Third-Party Defendants, and HTC's costs and fees in having to bring legal action to seek STM's compliance with its indemnification obligation;

b. A judgment that Third-Party Defendants are liable to HTC for contribution of any judgment of patent infringement, or payment paid in compromise or settlement, for infringement allegations made in this case under CyWee's Patents-in-Suit, including any enhanced damages, costs, or attorneys' fees;

**HTC'S THIRD-PARTY COMPLAINT -** 12
2:17-cv-00932-JLR

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

c. Injunctive relief preventing CyWee Motion from soliciting sales for, offering for sale, and/or selling the Sensor Fusion Hub Software under Washington Revised Code Sections 19.86.010 to 19.86.920;

d. Damages in an amount to be determined at trial;

e. Costs and attorneys' fees to the full extent available at law;

f. For pre-judgment and post-judgment interest; and

g. Such other and further relief as the Court deems just, equitable, and proper.

## DEMAND FOR JURY TRIAL

Third-Party Plaintiffs hereby request a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure, on all issues so triable.

Respectfully submitted,

Dated: January 11, 2018

/s/ Gregory L. Watts
Gregory L. Watts, WSBA #43995
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500
Facsimile: (206) 883-2699
Email: gwatts@wsgr.com

James C. Yoon, CA Bar #177155
(*pro hac vice*)
Ryan R. Smith, CA Bar #229323
(*pro hac vice application pending*)
Albert Shih, CA Bar # 251726
(*pro hac vice*)
Jamie Y. Otto, CA Bar # 295099
(*pro hac vice*)
Ty W. Callahan, CA Bar # 312548
(*pro hac vice application pending*)
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

**HTC'S THIRD-PARTY COMPLAINT** - 13
2:17-cv-00932-JLR

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

Email: jyoon@wsgr.com
rsmith@wsgr.com
ashih@wsgr.com
jotto@wsgr.com
tcallahan@wsgr.com

*Attorneys for Defendants
HTC Corporation and HTC America, Inc.*

**HTC'S THIRD-PARTY COMPLAINT -** 14
2:17-cv-00932-JLR

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2018, I filed the foregoing with the Clerk of the Court using the CM/ECF system, and served all parties via ECF.

Dated: January 11, 2018

*s/ Gregory L. Watts*
Gregory L. Watts

**HTC'S THIRD-PARTY COMPLAINT -** 15
2:17-cv-00932-JLR

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699