THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| CYWEE GROUP LTD.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>HTC CORPORATION, and HTC AMERICA, INC.,<br><br>　　　　　Defendants. | Case No.: 2:17-cv-00932-JLR<br><br>**THIRD-PARTY DEFENDANT STMICROELECTRONICS, INC.'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**<br><br>NOTE ON MOTION CALENDAR: APRIL 20, 2018 |
| HTC CORPORATION, and HTC AMERICA, INC.,<br><br>　　　　　Third-Party Plaintiffs,<br><br>　　v.<br><br>STMICROELECTRONICS N.V., STMICROELECTRONICS, INC., and CYWEE MOTION GROUP LTD.,<br><br>　　　　　Third-Party Defendants. | ORAL ARGUMENT REQUESTED |

STMICROELECTRONICS INC'S MOTION TO DISMISS
CASE NO.: 2:17-CV-00932-JLR

Shearman & Sterling LLP
1460 El Camino Real
Menlo Park, CA 94025
Tel: 650-838-3737

**TABLE OF CONTENTS**

Page

I. Facts ........................................................................................................................1

II. Applicable Law .......................................................................................................3

    A. Standard of Review ....................................................................................3

    B. The Attached Infringement Contentions and Declaration are Properly Considered on This Motion to Dismiss ......................................................4

III. Argument..................................................................................................................5

    A. HTC Does Not Identify any Particular Products that ST Inc. Allegedly Sold or Supplied ..........................................................................................5

    B. ST Inc. Has Never Agreed to Defend and Indemnify HTC In Connection with the Accused Products ..........................................................................5

    C. Plaintiff CyWee Has Not Accused any ST Inc. Products of Infringement .............7

    D. HTC Has Not Alleged That ST Inc. Delivered Infringing Products .......................7

    E. There is No Right to Contribution From ST Inc. ......................................8

IV. Conclusion................................................................................................................9

STMICROELECTRONICS INC'S MOTION TO DISMISS
CASE NO.: 2:17-CV-00932-JLR                                    - i -

Shearman & Sterling LLP
1460 El Camino Real
Menlo Park, CA 94025
Tel: 650-838-3737

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................................................3, 5

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................................3, 5, 6

*Bender v. LG Electronics U.S.A., Inc.*,
    No. 09-cv-02114, 2010 WL 889541 (N.D. Cal. March 11, 2010) ................................................5

*Branch v. Tunnel*,
    14 F.3d 449 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County
    of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) ............................................................................4

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) .....................................................................................................................5

*Helferich Patent Licensing, LLC v. Legacy Partners, LLC*,
    917 F. Supp. 2d 985 (D. Az. 2013) ..............................................................................................8

*Keithly v. Intelius Inc.*,
    764 F. Supp. 2d 1257 (W.D. Wash. 2011) ...................................................................................4

*McAfee v. Francis*,
    11-cv-00821, 2011 WL 3293759 (N.D. Cal. Aug. 1, 2011) .........................................................5

*Motorola, Inc. v. Varo, Inc.*,
    656 F. Supp. 716 (N.D. Tex. 1986) ..............................................................................................8

*Parrino v. FHP, Inc.*,
    146 F.3d 699 (9th Cir. 1998) ....................................................................................................4, 6

*Rockwell v. Chase Bank*,
    No. 10-1602-RSL, 2011 WL 2292353 (W.D. Wash. June 7, 2011) ............................................4

*Steckman v. Hart Brewing, Inc.*,
    143 F.3d 1293 (9th Cir. 1998) ......................................................................................................3

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007) .....................................................................................................................3

*Zino Davidoff SA v. Selective Distribution Intern. Inc.*,
    No. 07-cv-10326, 2013 WL 1245974 (S.D.N.Y. March 8, 2013) ................................................8

STMICROELECTRONICS INC'S MOTION TO DISMISS
CASE NO.: 2:17-CV-00932-JLR                                                    - ii -

Shearman & Sterling LLP
1460 El Camino Real
Menlo Park, CA 94025
Tel: 650-838-3737

*Zix Corp. v. Echoworx Corp.*,
  No. 15-cv-1272-JRG, 2016 WL 7042219 (E.D. Tex. April 14, 2016) ........................................8

**Statutes**

35 U.S.C. § 271(b) ...........................................................................................................................8

35 U.S.C. § 281 ...............................................................................................................................9

Uniform Commercial Code § 2-312..................................................................................................8

Uniform Commercial Code § 2-312(3) .............................................................................................7

**Other Authorities**

Federal Rules of Civil Procedure 8 ..................................................................................................3

Federal Rules of Civil Procedure 12(d)............................................................................................5

Federal Rules of Civil Procedure 12(b)(6) ...................................................................................4, 6

Local Patent Rule 120 .............................................................................................................3, 4, 7

United Nations Convention on Contracts for the International Sale of Goods, S.
  Treaty Doc. No. 98-9, 1489 U.N.T.S. 3, art. 42 (1) .....................................................................7

STMICROELECTRONICS INC'S MOTION TO DISMISS
CASE NO.: 2:17-CV-00932-JLR            - iii -

Shearman & Sterling LLP
1460 El Camino Real
Menlo Park, CA 94025
Tel: 650-838-3737

Third-party Defendant STMicroelectronics, Inc. ("ST Inc.") respectfully moves to dismiss the third-party complaint ("TPC") filed by HTC Corporation and HTC America. Inc. (collectively, "HTC"), which asserts claims for indemnity, breach of warranty, and contribution for the patent infringement allegations brought against HTC by plaintiff CyWee Group Ltd. ("CyWee"). Dkt. # 43. The TPC should be dismissed because it does not plausibly allege the existence of any relationship whatsoever between HTC and ST Inc. that would give rise to a third-party claim in this case. Specifically, HTC has not and cannot assert the existence of any relevant contract or purchase order between HTC and ST Inc., nor can it plausibly allege that ST Inc. ever sold or supplied accused products to HTC, or agreed to defend and indemnify HTC for any third-party patent infringement allegations. Additionally, no ST Inc. product is accused by Plaintiff CyWee of infringement in the underlying litigation—rather, CyWee's allegations of infringement are directed exclusively towards HTC's wireless communications devices, which utilize Google's Android operating system and a Qualcomm chip. There is no allegation of infringement directed towards any product made, used, offered for sale or sold by ST Inc. (nor does HTC so allege). For these reasons, explained in greater detail below, the TPC should be dismissed with prejudice.

## I.  Facts

ST Inc. is the indirect U.S. subsidiary of STMicroelectronics N.V. ("ST N.V."), a Dutch holding company headquartered in The Netherlands. *See* March 26 2018 Declaration of Karl Straatveit at ¶ 2 ("Straatveit Decl."). ST N.V. is the ultimate parent company of ST Inc. and its affiliates which include more than 60 companies around the world. *Id.* ST Inc.'s affiliates in Europe and Asia are worldwide leaders in the design, manufacture and sale of semiconductors for use in a wide variety of commercial and consumer products. *Id.* ST Inc., however, does not manufacture any semiconductor products. *Id.* ST Inc.'s principal business is the sale of semiconductor products to U.S. customers. *Id.*

On July 6, 2017, CyWee filed an Amended Complaint asserting that HTC infringes two CyWee patents by selling a variety of mobile phones. Dkt. # 20. CyWee's Amended Complaint specifically identified the combination of hardware components in the phones and the Android

STMICROELECTRONICS INC'S MOTION TO DISMISS  
CASE NO.: 2:17-CV-00932-JLR                - 1 -  

Shearman & Sterling LLP  
1460 El Camino Real  
Menlo Park, CA 94025  
Tel: 650-838-3737

operating system as the basis for alleged infringement, and attached claim charts reflecting that position. E.g., Dkt. # 20 at ¶¶ 38-39. For example, in its Amended Complaint, CyWee identified "https://android.googlesource.com" as the source of the accused computer code. Dkt. # 20, Exh. A, pp.4-9. Nowhere in the Amended Complaint did CyWee identify an ST Inc. product.

Nevertheless, on October 2, 2017, HTC sent a letter addressed jointly to ST Inc. and STMicroelectronics Asia Pacific Pte. Ltd. ("ST Asia"), a foreign affiliate of ST Inc. based in Singapore, demanding defense and indemnification of CyWee's patent infringement claims. *See* Declaration of Matt Berkowitz in Support of STMicroelectronics, Inc.'s Motion to Dismiss ("Berkowitz Decl."), Exh. A. The letter enclosed a purchase order dated July 28, 2017, in which HTC Corporation sought to order microcontrollers from ST Asia. *Id.* ST Inc. did not receive, fulfill, or play any role in connection with this purchase order. Straatveit Decl. ¶ 3. Nor has ST Inc. ever sold or supplied to HTC the microcontroller product referenced in the purchase order (STM32F411CEYTR). *Id.*

Then, on January 11, 2018, HTC filed the TPC against ST Inc. and ST N.V., which HTC refers to together as "STM." Dkt. # 43. HTC asserts claims against "STM" for defense and indemnification, breach of warranty, and contribution.[1] *Id.* The TPC alleges "STM sold and supplied to HTC certain motion sensor devices and technology, including the Sensor Fusion Hub . . . pursuant to purchase order agreements that obligate STM to defend and indemnify HTC with respect to claims of patent infringement." *Id.* at ¶ 32. The TPC does not identify any particular part numbers of products allegedly supplied, or particular purchase order agreements, but nonetheless asserts that CyWee's infringement allegations focus upon a "motion sensor device" (*id.* at ¶ 21) and "[t]o the extent HTC's Accused Products incorporate systems or software that allegedly or substantially practice one or more claims of the Patents-in-Suit, those motion sensor devices and software were provided by STM as part of the Sensor Fusion Hub…" *Id.* at ¶ 23.

On March 9, 2018, CyWee filed a Second Amended Complaint, which maintained the same core infringement allegations against HTC, including the same claim charts. Dkt. # 61. In

---

[1] The TPC also names CyWee Motion Group Ltd. as a third-party defendant and asserts an additional claim against that entity.

STMICROELECTRONICS INC'S MOTION TO DISMISS  
CASE NO.: 2:17-CV-00932-JLR                     - 2 -

Shearman & Sterling LLP  
1460 El Camino Real  
Menlo Park, CA 94025  
Tel: 650-838-3737

other words, CyWee continues to allege that HTC products infringe two CyWee patents based on the combination of hardware components, including a Qualcomm chip, and the Android operating system.  Dkt. # 61, Exhs. A-B.

In actual fact, ST Inc. has no contracts or purchase orders with HTC for the sale or supply of motion sensor devices, has not sold or supplied such products to HTC, and has never agreed to defend or indemnify HTC for this case.  Straatveit Decl. ¶ 4.  Moreover, to ST Inc.'s knowledge, there are no ST Inc. products, nor are there any products of *any* STMicroelectronics-affiliated entity, anywhere in the world, accused by CyWee of infringement in the underlying litigation.  Dkt. # 61, Exhs. A-B.  Indeed, neither CyWee's infringement contentions under Local Patent Rule 120 (Berkowitz Decl., Exh. B),[2] which HTC references in the TPC (TPC ¶ 21), nor its recently-filed Second Amended Complaint, makes any mention of any ST Inc. product.

## II. Applicable Law

### A. Standard of Review

Rule 8, Fed. R. Civ. P., requires HTC to give ST Inc. "fair notice of what the claim is and the grounds on which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation and alteration omitted) ("*Twombly*").  This notice "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.*  HTC must plead "enough facts to state a claim to relief that is plausible on its face," (*id.* at 570), and show "more than a sheer possibility that [ST Inc.] has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("*Iqbal*"). Well-pleaded facts must be accepted as true, but the Court need not accept legal conclusions couched as factual allegations, *id.* at 678, or conclusory allegations contradicted by documents referenced in the complaint.  *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998). The Court may also consider matters subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

---

[2] ST Inc. is attaching as Exhibit B to the Berkowitz Decl., CyWee's infringement contentions and one of the claim charts appended thereto, which is representative for purposes of this motion.

STMICROELECTRONICS INC'S MOTION TO DISMISS
CASE NO.: 2:17-CV-00932-JLR                - 3 -

Shearman & Sterling LLP
1460 El Camino Real
Menlo Park, CA 94025
Tel: 650-838-3737

### B.     The Attached Infringement Contentions and Declaration are Properly Considered on This Motion to Dismiss

"Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnel,* 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see also Rockwell v. Chase Bank*, No. 10-1602-RSL, 2011 WL 2292353, at *1 (W.D. Wash. June 7, 2011) (considering on a motion to dismiss a declaration and a variety of appended agreements since "plaintiff's complaint implicitly refers to these documents, and his claims depend on their content."); *Keithly v. Intelius Inc.*, 764 F. Supp. 2d 1257, 1261-62 (W.D. Wash. 2011) (over Plaintiff's objection, considering on a motion to dismiss a declaration from the plaintiff attaching screenshots of webpages upon which plaintiff's deceptive marketing claims were based).  This rule extends to documents not specifically identified in the complaint, if the complaint necessarily relies on them.  *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998).

Here, ST Inc. has incorporated three documents with its motion: (1) Plaintiff CyWee's Local Patent Rule 120 infringement contentions, (2) a declaration from Mr. Karl Straatveit relating to ST Inc.'s complete lack of any relationship with, or defense/indemnification obligations to, HTC relating to motion sensor devices, and (3) a purchase order that HTC alleged, out of court, forms the basis for its indemnification claim, and that is referenced in the TPC.  These documents fall within the *Branch* exceptions since they are referenced in the TPC and HTC's claims against ST Inc. depend on them.  Although the Straatveit declaration attests to the *absence* of any relevant contract or purchase orders involving ST Inc., this is in effect no different than other typical situations, such as where a motion to dismiss declarant attaches an actual agreement specifically referenced in a complaint and points out that it does not contain the provisions that a Plaintiff alleges.  In either case, if HTC believes that ST Inc. is a party to a contract or actual purchase order with HTC requiring it to defend and indemnity HTC from CyWee's claims—as it alleges in the TPC—it is free to attach them to its opposition papers.

STMICROELECTRONICS INC'S MOTION TO DISMISS  
CASE NO.: 2:17-CV-00932-JLR                - 4 -

Shearman & Sterling LLP  
1460 El Camino Real  
Menlo Park, CA 94025  
Tel: 650-838-3737

Even if the Court finds that the attached documents do not fall into the *Branch* exception but are necessary to resolve this motion, it can treat this as a motion for summary judgment under Federal Rule of Civil Procedure 12(d).  In either case, the issue will turn upon CyWee's infringement contentions and the alleged purchase orders, which HTC must prove exist and are binding on ST Inc., in order to survive summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

### III.   Argument

#### A.   HTC Does Not Identify any Particular Products that ST Inc. Allegedly Sold or Supplied

The TPC makes no mention of any particular products that ST Inc. allegedly sold or supplied to HTC.  Rather, HTC states that "STM" sold and supplied "certain motion sensor devices and technology, including the Sensor Fusion Hub . . ."  TPC ¶ 32.   HTC does not define "Sensor Fusion Hub" (despite its capitalization) or otherwise give detail (such as product numbers or product category) of the "devices and technology" that ST Inc. allegedly sold and supplied.  In reality, ST Inc. never sold or supplied *any* motion sensor products to HTC.  Straatveit Decl. ¶ 4. As HTC is well aware, any products purchased by HTC were in fact purchased from one or more foreign affiliates of ST Inc., making HTC's claim for defense and indemnification from ST Inc. without basis.  Under the *Iqbal/Twombly* standards, HTC should have to do more than just allege the sale of "devices and technology" if it has evidence of the actual sale or supply of products by ST Inc.  *See, e.g., Bender v. LG Electronics U.S.A., Inc.*, No. 09-cv-02114, 2010 WL 889541, at *4 (N.D. Cal. March 11, 2010) (granting motion to dismiss and collecting cases holding that *Iqbal* and *Twombly* require more than general allegations about accused "products").

#### B.   ST Inc. Has Never Agreed to Defend and Indemnify HTC In Connection with the Accused Products

HTC's case for indemnification relies on the vague and conclusory allegation that "STM sold and supplied HTC certain motion sensor devices . . . pursuant to purchase order agreements that obligate STM to defend and indemnify HTC with respect to claims of patent infringement." TPC ¶ 32. This vague reference to "purchase order agreements" is insufficient to state a claim for

STMICROELECTRONICS INC'S MOTION TO DISMISS
CASE NO.: 2:17-CV-00932-JLR                                - 5 -

Shearman & Sterling LLP
1460 El Camino Real
Menlo Park, CA 94025
Tel: 650-838-3737

1  breach of contract or contractual indemnity because, *inter alia*, it fails to identify the agreement
2  under which ST Inc. is being sued, or its essential terms.  *See McAfee v. Francis*, 11-cv-00821,
3  2011 WL 3293759, at *2 (N.D. Cal. Aug. 1, 2011) (dismissing breach of contract claim because,
4  "[n]o copies of the agreements are attached to the Complaint, nor are the essential terms of the
5  agreement, other than amount, pleaded.").  In fact, ST Inc. has not sold or supplied any motion
6  sensor devices to HTC, it is not party to any contract or purchase order with HTC relating to such
7  products, and it has not agreed to defend and indemnify HTC.  Straatveit Decl. ¶¶ 3-4. ST Inc.
8  therefore has not been given "fair notice of what the claim is and the grounds on which it rests."
9  *Twombly*, 550 U.S. at 555.

10  Moreover, the contention that ST Inc. is bound to defend and indemnify HTC amounts to
11  nothing more than a legal conclusion.  If it were interpreted as a factual allegation regarding the
12  terms of the parties' alleged agreement, the assertion that ST Inc. undertook "to defend and
13  indemnify HTC with respect to claims of patent infringement" generally (i.e., *all* claims of patent
14  infringement, whatever their nature) would be implausible; no party would ever agree to a blanket,
15  product-independent, defense and indemnity provision.  And HTC has not alleged a single fact
16  beyond the foregoing regarding these supposed obligations.  This Court need not accept HTC's
17  unsupported and implausible statement that ST Inc. somehow agreed to defend and indemnify it as
18  true.

19  Alternatively, the Court should consider the allegations in paragraph 32 of the TPC to refer
20  to the purchase order that HTC enclosed in its demand letter to ST Inc. and ST Asia. This
21  document is properly considered because, even though the TPC does not explicitly identify it, the
22  claims therein necessarily rely on at least one "purchase order agreement[]," and this is the one
23  and only purchase order that HTC itself identified to ST Inc. when demanding indemnification.
24  Documents like this are permitted in a motion to dismiss in order to prevent HTC "from surviving
25  a Rule 12(b)(6) motion by deliberately omitting references to documents upon which [its] claims
26  are based," *Parrino*, 146 F.3d at 706. This purchase order is directed to ST Asia only (*see* Ex. B to

STMICROELECTRONICS INC'S MOTION TO DISMISS
CASE NO.: 2:17-CV-00932-JLR                                                           - 6 -

Shearman & Sterling LLP
1460 El Camino Real
Menlo Park, CA 94025
Tel: 650-838-3737

the Berkowitz Decl.) not ST Inc., and HTC has alleged no facts from which the Court could infer that ST Inc. is a party to the purchase order or liable under it.

Therefore, HTC's first cause of action for defense and indemnification should be dismissed.

### C. Plaintiff CyWee Has Not Accused any ST Inc. Products of Infringement

HTC's causes of action for indemnification, breach of warranty, and contribution should likewise be dismissed because HTC fails to plausibly allege that any ST Inc. products—or the products of any ST Inc. affiliated entity—are accused of infringement in the underlying patent infringement case. To the contrary, CyWee's infringement allegations, both in the Second Amended Complaint and in its Local Patent Rule 120 disclosures, focus entirely on the Android operating system and a Qualcomm chip allegedly used in the HTC Accused Products. *See, e.g.*, Dkt. #61, Exh. A, pp. 4-9; Berkowitz Decl., Exh. B. CyWee never identifies an ST Inc. product. Nor does HTC so allege. *See* TPC ¶ 23. Regardless of what other chips and software HTC might be using in its Accused Products, defense, indemnity, warranty, or contribution cannot apply where the plaintiff has elected to pursue infringement theories that are not directed towards and have no relationship whatsoever to, any ST Inc. product. Therefore, all of HTC's claims should be dismissed.

### D. HTC Has Not Alleged That ST Inc. Delivered Infringing Products

HTC has attempted to assert claims for breach of warranty under the Uniform Commercial Code ("UCC") or UN Convention on Contracts for the International Sale of Goods ("CISG") yet it has failed to allege sufficient facts to determine which, if either, of these laws applies. In fact, the aforementioned purchase order between HTC and ST Asia (Berkowitz Decl., Ex. B) provides for the application of Taiwanese law, and Taiwan has not adopted the UCC or the CISG.

Assuming Taiwanese law does not apply (which, if HTC can establish the validity of the purchase order it relies upon, it would also have to establish the *invalidity* of its choice of law provision), both the UCC and CISG provide a warranty that goods will be *delivered* free of any third-party claim of infringement. UCC § 2-312(3); *United Nations Convention on Contracts for*

STMICROELECTRONICS INC'S MOTION TO DISMISS  
CASE NO.: 2:17-CV-00932-JLR - 7 -

Shearman & Sterling LLP  
1460 El Camino Real  
Menlo Park, CA 94025  
Tel: 650-838-3737

*the International Sale of Goods*, opened for signature Apr. 11, 1980, S. Treaty Doc. No. 98-9, 1489 U.N.T.S. 3, art. 42(1).  But HTC does not allege that ST Inc. sells products that infringe CyWee's patents at the time of delivery.  For example, paragraph 32 of the TPC alleges that "STM sold and supplied [in the past] to HTC certain motion sensor devices and technology, including the Sensor Fusion Hub, that [presently] incorporate Sensor Fusion Hub Software that STM taught as being required to operate the Sensor Fusion Hub …."  Paragraph 23 makes clear that according to HTC's own allegations, the instrumentality that allegedly infringes comes from two distinct sources: the hardware from "STM" and the software from CyWee Motion that is later incorporated by HTC in its Accused Products.  And, paragraph 34 makes clear that the only infringement HTC attempts to allege against the third-party defendants is inducement and/or contributory infringement.  Nowhere does HTC allege that ST Inc. *delivered* goods subject to a claim of patent infringement by CyWee.  This failure of pleading provides yet another basis on which HTC's cause of action for breach of warranty should be dismissed.  *Cf. Motorola, Inc. v. Varo, Inc.*, 656 F. Supp. 716, 718–19 (N.D. Tex. 1986) ("This sort of allegation, that the buyer was induced by the seller to purchase the good and then use it to infringe a process patent is wholly outside the language of [UCC § 2-312] . . . This would be a warranty as to conduct, not as to goods.").

### E. There is No Right to Contribution From ST Inc.

There is no claim for contribution under the Patent Act.  "[T]he well-settled rule has been that, apart from a statutory cause of action for induced infringement under the Patent Act, 35 U.S.C. 271(b), there is no right of contribution for joint infringers under the Patent Act or the federal common law."  *Helferich Patent Licensing, LLC v. Legacy Partners, LLC*, 917 F. Supp. 2d 985, 991 (D. Az. 2013) (citing *Motorola*, 656 F. supp. at 717 (N.D. Tex. 1986)); *Zix Corp. v. Echoworx Corp.*, No. 15-cv-1272-JRG, 2016 WL 7042219, at *2 (E.D. Tex. April 14, 2016) (granting motion to dismiss third-party complaint seeking contribution for patent infringement and noting that "[c]ourts considering this issue have uniformly held that there is no claim for contribution under the Patent Act."); *see also Zino Davidoff SA v. Selective Distribution Intern. Inc.*, No. 07-cv-10326, 2013 WL 1245974, at *5 (S.D.N.Y. March 8, 2013) (collecting cases

holding that full or partial reimbursement is not available from another party for payments made to a plaintiff based on a federal statutory claim, including under the Patent Act or the Lanham Act). Accordingly, HTC's contribution claim must be dismissed for this additional reason.  And, to whatever extent "HTC asserts that STM and CyWee Motion have induced infringement of, or contributorily infringed and continue to induce infringement of and/or contributorily infringe CyWee's Patents-in-Suit" (TPC ¶ 34), these claims must be dismissed for lack of standing because HTC is not the patent owner, Cywee is.  *See* 35 U.S.C. § 281 ("A *patentee* shall have remedy by civil action for infringement of his patent.") (emphasis added).

## IV.   Conclusion

ST Inc. has no connection to this case.  HTC's defense, indemnity, and breach of warranty allegations depend entirely on the existence of unidentified "purchase order agreements."  *See* TPC ¶ 32.  However, ST Inc. has not sold or supplied motion sensor devices to HTC, does not have contracts or purchase orders with HTC relating to such products, and has not agreed to provide defense or indemnity to HTC relating to such products.  Nor are any ST Inc. products accused in CyWee's underlying infringement lawsuit.  The allegations that HTC makes in the TPC are implausible, intentionally vague, false, and cannot be fixed by amendment.  Its claims should therefore be dismissed with prejudice.

STMICROELECTRONICS INC'S MOTION TO DISMISS
CASE NO.: 2:17-CV-00932-JLR                                - 9 -

Shearman & Sterling LLP
1460 El Camino Real
Menlo Park, CA 94025
Tel: 650-838-3737

| | | |
|---|---|---|
| Dated:  March 26, 2018 | By: | s/ Matt Berkowitz |
| | | Mat Berkowitz, CA Bar No. 310426 |
| | | **Shearman & Sterling LLP** |
| | | 1460 El Camino Real, 2nd Floor |
| | | Menlo Park, CA 94025 |
| | | Tel.: 650.838.3737 |
| | | Fax.: 650.644,0318 |
| | | matthew.berkowitz@shearman.com |
| | | |
| | | s/ Brian Bodine |
| | | Brian G. Bodine, WSBA #22414 |
| | | **Lane Powell PC** |
| | | 1420 Fifth Avenue, Suite 4200 |
| | | Seattle, WA 98101-2375 |
| | | Tel.: 206.223.7406 |
| | | Fax.: 206.223.7107 |
| | | Email: bodineb@lanepowell.com |

*Attorneys for Third-Party Defendant STMicroelectronics, Inc.*

STMICROELECTRONICS INC'S MOTION TO DISMISS
CASE NO.: 2:17-CV-00932-JLR   - 10 -

Shearman & Sterling LLP
1460 El Camino Real
Menlo Park, CA 94025
Tel: 650-838-3737

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2018, I filed the foregoing with the Clerk of the Court using the CM/ECF system, and served all parties via ECF.

Dated: March 26, 2018

s/ Matt Berkowitz

Matt Berkowitz

STMICROELECTRONICS INC'S MOTION TO DISMISS
CASE NO.: 2:17-CV-00932-JLR      - 11 -

Shearman & Sterling LLP
1460 El Camino Real
Menlo Park, CA 94025
Tel: 650-838-3737