THE HONORABLE JAMES L. ROBART

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

CYWEE GROUP LTD.,

*Plaintiff,*

HTC CORPORATION
and
HTC AMERICA, INC.,

*Defendants.*

CASE NO. 2:17-cv-00932-JLR

JURY TRIAL DEMANDED

**MOTION TO PRECLUDE CONSIDERATION OF BELATED CLAIMS CONSTRUCTION POSITIONS**

**NOTE ON MOTION CALENDAR: MAY 4, 2018**



SHORE CHAN DEPUMPO LLP
901 MAIN STREET, SUITE 3300
DALLAS, TX 75202
TELEPHONE: 214-593-9110

In their initial invalidity contentions, Defendants (collectively "HTC") alleged that only a single term was indefinite. More than ***two months*** later, HTC alleged that three additional claim terms are also indefinite. HTC made these allegations ***less than a month*** before the parties' Joint Claim Chart and Prehearing Statement deadline. HTC never sought leave to amend its invalidity contentions. Rather, HTC unilaterally alleged that three additional terms were indefinite in its Disclosure of Preliminary Claim Constructions and Evidence (the "Disclosure"). CyWee's expert witness report on claim construction, which CyWee timely served more than a month and a half ago, did not address the indefiniteness of any terms beyond the sole term that HTC identified in its invalidity contentions. Hence, HTC's belated and unwarranted assertion that three additional terms are indefinite substantially prejudices CyWee by preventing its expert from rendering an opinion applicable to this case. The Court should refuse to consider such late assertions in claims construction.

## I. FACTUAL BACKGROUND

On December 14, 2017, this Court issued its minute order setting trial and related dates. Dkt. 42. The order commands the parties to comply with the Court's Standing Order ("Standing Order"). *Id.* at 2. The Standing Order, in turn, requires HTC to include "any grounds for invalidity based on indefiniteness, enablement, or written description under 35 U.S.C. §112" in its preliminary invalidity contentions. Standing Order at 2-3.

On January 19, 2018, HTC served its invalidity contentions, an excerpt of which is attached hereto as Exhibit A. In its invalidity contentions, HTC identified only the term "the spatial reference frame" as indefinite. Based in part on those contentions, and pursuant to the Court's scheduling order, on February 16, 2018, CyWee served its expert report regarding *Markman* issues, addressing indefiniteness only as to the term "the spatial reference frame." Dkt. 42 at 1. Thereafter, HTC served its initial proposed claim terms on February 20, 2018 and its Disclosure, attached hereto as Exhibit B, on March 30, 2018.



SHORE CHAN DEPUMPO LLP
901 MAIN STREET, SUITE 3300
DALLAS, TX 75202
TELEPHONE: 214-593-9110

In its Disclosure, HTC alleged for the first time that the following three claim terms were indefinite:

- utilizing a comparison to compare the first signal set with the second signal set;
- comparing the second quaternion in relation to the measured angular velocities ωx, ωy, ωz of the current state at current time T with the measured axial accelerations Ax, Ay, Az and the predicted axial accelerations Ax', Ay', Az' also at current time T; and
- generating the orientation output based on the first signal set, the second signal set and the rotation output or based on the first signal set and the second signal set.

*See* Ex. B at 4. HTC had not alleged that any of these terms were indefinite in its invalidity contentions. *See* Ex. A. CyWee immediately objected to HTC's belated allegations of indefiniteness. The parties met and conferred on April 5, 2018; however, HTC refused to drop the additional claim terms referenced above, nor did it seek leave of Court to add them.[1]

## II. ARGUMENT

Rather than trying to narrow the issues in preparation for the Joint Claim Chart and Prehearing Statement, HTC now insists on expanding them and muddling the claim construction process. CyWee will be severely prejudiced by HTC's belated allegations of indefiniteness. *See Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (A party shows prejudice when it has been "unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely."). Had HTC complied with the Standing Order and timely identified all its assertions of indefiniteness, CyWee would have included the three additional claim terms in its expert report. Because HTC's belated allegations

[1] HTC later agreed to drop its allegations of indefiniteness for a fourth term, which it identified as a term to be construed for the first time in its Disclosure.



SHORE CHAN DEPUMPO LLP
901 MAIN STREET, SUITE 3300
DALLAS, TX 75202
TELEPHONE: 214-593-9110

of indefiniteness have deprived CyWee of the opportunity to address the three terms in its expert report, these additional claim terms should not be considered in claims construction. *See id.*

Such prejudice to CyWee cannot be ameliorated by delaying claim construction to allow CyWee to supplement its expert report, because delaying claim construction would still prejudice CyWee. In patent cases, claim construction is the most critical pre-trial event. *See e.g. Retractable Techs., Inc. v. Becton, Dickinson & Co.*, 659 F.3d 1369, 1370 (Fed. Cir. 2011) (Moore, J., dissenting) (joined by Rader, J.) ("Claim construction is the single most important event in the course of a patent litigation. It defines the scope of the property right being enforced and is often the difference between infringement and non-infringement, or validity and invalidity.") Therefore, once a claim construction order issues, the case is more likely to settle because the parties would be able to evaluate their positions based on how the claims are construed. Here, any delay only compounds the harm CyWee suffers since CyWee's patents are being infringed. Rather, the appropriate remedy to the prejudice caused by HTC's belated indefiniteness assertions is for the Court to simply exclude those assertions from consideration.[2]

Furthermore, the Northern District of California has held that "[a]ny invalidity theories not disclosed pursuant to Local Rule 3–3 are barred, accordingly, from presentation at trial (whether through expert opinion testimony or ***otherwise***)." *See Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-CV-00876-RS(JSC), 2017 WL 5257001, at *4 (N.D. Cal. Nov. 13, 2017) (citing *MediaTek Inc. v. Freescale Semiconductor, Inc.*, No. 11-CV-5341-YGR, 2014 WL 690161, at *1 (N.D. Cal. Feb. 21,2014) (emphasis added). In *Karl Storz Endoscopy-Am., Inc.*, the defendant's 35 § 101 theories, not disclosed in its Invalidity Contentions, were stricken. *Id*. This District's

---

[2] CyWee's prejudice cannot be mitigated, solely, through the use of extrinsic evidence from a different case, in a different district, and used in a different context. HTC cannot obstruct CyWee's ability to defend against all theories of invalidity in ***this case*** simply by asserting new allegations of indefiniteness in the eleventh hour.



SHORE CHAN DEPUMPO LLP
901 MAIN STREET, SUITE 3300
DALLAS, TX 75202
TELEPHONE: 214-593-9110

Local Patent Rules are very similar to those of the Northern District of California. In fact, this Court has used those rules to interpret this District's rules on various occasions. *See e.g. Pac. Bioscience Labs., Inc. v. Nutra Luxe MD, LLC*, No. C10-0230JLR, 2012 WL 12845608, at *2 (W.D. Wash. July 9, 2012) (using the Northern District of California rules to evaluate Local Patent Rule 124). Consequently, this Court should bar HTC from attempting to use new theories it has failed to include in its Invalidity Contentions.

HTC's untimely indefiniteness assertions cannot be excused by amending its invalidity contentions. Local Patent Rule 124 allows for amendments of infringement contentions "only by order of the Court upon a timely showing of good cause." L.P.R. 124. Setting aside *arguendo* the fact that it has not sought leave of Court to amend its invalidity contentions, HTC cannot show the necessary good cause for amendment. This District's Local Patent Rules require the parties to provide early notice of their infringement contentions, and to proceed with diligence in amending those contentions. *REC Software USA, Inc. v. Bamboo Solutions Corp*., No. C11–0554JLR, 2012 WL 3527891, at *2 (W.D. Wash. Aug. 15, 2012) (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc*., 467 F.3d 1355, 1365-66 (Fed. Cir. 2006)). "In contrast to the more liberal policy for amending pleadings, 'the philosophy behind amending claim charts is decidedly conservative and ***designed to prevent the 'shifting sands' approach to claim construction.***'" *Id.* (emphasis added) (quoting *LG Elecs., Inc. v. Q-Lily Computer, Inc*., 211 F.R.D. 360, 367 (N.D.Cal. 2002)). In determining whether there is good cause for amendment, this District follows a two-part test: (1) examining the diligence of the moving party; and (2) upon a finding of diligence, examining the prejudice to the non-moving party. *Id.* at *2-3.

Here, HTC has not acted diligently, and an amendment would result in undue prejudice to CyWee. When HTC served its invalidity contention ***more than two months ago***, there was nothing preventing HTC from asserting that the additional terms identified in the Disclosure are indefinite. HTC has made no effort to explain why it failed to allege the three claim terms as

indefinite in the first place and did not timely seek to amend its contentions. HTC's present attempt to add new indefiniteness assertions, ***less than a month*** before the parties' Joint Claim Chart and Prehearing Statement and well after CyWee served its expert report, is precisely the kind of "shifting sand" approach to claim construction that the Local Patent Rules are designed to prevent. *See id.* at 2. The Local Patent Rules require parties "to crystallize their theories of the case early in the litigation and to ***adhere to those theories once they have been disclosed.***" *O2 Micro Int'l Ltd.*, 467 F.3d at 1366 n.12 (emphasis added). This Court is not "forgiving of a party's failure to move to amend its contentions to include a significant prior art reference or new infringement or invalidity theory," and HTC's conduct in this case presents no exception. *REC Software USA, Inc.*, 2012 WL 3527891, at *5.

## III. CONCLUSION

HTC's failure or refusal to abide by the Standing Order and timely disclose all its assertions of indefiniteness threatens to cause substantial prejudice to CyWee by (1) preventing CyWee from presenting expert opinions on such assertions; and/or (2) unnecessarily delaying the claims construction proceeding. To avoid such prejudice to CyWee, this Court should preclude HTC's belated allegations of indefiniteness and the associated three claim terms from consideration.

Dated this 13th day of April, 2018.

Respectfully submitted,

*/s/Carmen E. Bremer*
Carmen E. Bremer, WSBA 47,565
carmen.bremer@bremerlawgroup.com
BREMER LAW GROUP PLLC
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: (206) 357-8442
F: (206) 858-9730

Michael W. Shore* (mshore@shorechan.com)
Alfonso G. Chan* (achan@shorechan.com)
Christopher Evans* (cevans@shorechan.com)
Ari B. Rafilson* (arafilson@shorechan.com)
William D. Ellerman (wellerman@shorechan.com)
Paul T. Beeler* (pbeeler@shorechan.com)
SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
T: (214) 593-9110
F: (214) 593-9111

* Admitted pro hac vice

*Attorneys for Plaintiff CyWee Group Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2018, I presented this MOTION TO PRECLUDE to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: April 13, 2018

/s/ *Carmen E. Bremer*
Carmen E. Bremer



SHORE CHAN DEPUMPO LLP
901 MAIN STREET, SUITE 3300
DALLAS, TX 75202
TELEPHONE: 214-593-9110