UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYWEE GROUP LTD., | CASE NO. C17-0932JLR |
| Plaintiff, | ORDER |
| v. | |
| HTC CORPORATION, et al., | |
| Defendants/Third-Party Plaintiffs, | |
| v. | |
| STMICROELECTRONICS N.V., et al., | |
| Third-Party Defendants. | |

## I. INTRODUCTION

Before the court is Plaintiff CyWee Group Ltd.'s ("CyWee") motion to preclude consideration of Defendants HTC Corporation and HTC America, Inc.'s (collectively, "HTC") allegedly belated claim construction positions. (Mot. (Dkt. # 76).) HTC

opposes the motion. (Resp. (Dkt. # 80).) The court has reviewed the motion, the parties' filings in support of and in opposition to the motion, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court DENIES CyWee's motion for the reasons discussed below.

## II. BACKGROUND

CyWee brings this patent suit against HTC for allegedly infringing upon CyWee's U.S. Patent No. 8,441,438 ("the '438 Patent") and U.S. Patent No. 8,552,978 ("the '978 Patent") (collectively, "Patents-in-suit"). (SAC (Dkt. # 61) ¶¶ 20-177.) On January 19, 2018, HTC served CyWee with its Preliminary Invalidity Contentions, which contained the terms within the Patents-in-suit that HTC planned to argue were invalid. (*See* Prelim. Contentions (Dkt. ## 76-1, 81-1).)[2] HTC specifically identified the term "the spatial reference frame" in the '978 Patent as indefinite. (*Id.* at 42.) HTC also incorporated by reference the following:

> [A]ny additional invalidity contentions . . . previously disclosed by any party to any other pending or prior litigation or U.S. Patent & Trademark Office proceeding involving the [Patents-in-suit] or any related patent, including any invalidity contentions yet to be produced by [CyWee] from prior litigations and proceeds.

//

//

---

[1] No party requests oral argument (*see* Mot., Resp.), and the court finds that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[2] Both parties attached different excerpts of HTC's Preliminary Invalidity Contentions to their briefing. (*See* Mot., Ex. A (CyWee attachment); Shih Decl. (Dkt. # 81) ¶ 6, Ex. A (HTC attachment).) To minimize confusion, the court cites to the internal page number of the document, located at the bottom center of the page.

(*Id.* at 3.) Based on HTC's preliminary contentions, CyWee served its expert report regarding claim construction issues and addressed indefiniteness only as to the specifically identified term, "the spatial reference frame." (*See* Mot. at 2.) On March 2, 2018, CyWee additionally produced the invalidity contentions that defendants made in *CyWee Group Ltd v. Samsung Electronics Co. Ltd.*, No. 2:17-cv-00140-RWS-RSP (E.D. Tex.) (hereinafter, "*Samsung*").[3] (*See* Shih Decl. ¶ 7, Ex. B ("Samsung Invalidity Contentions").)

On March 30, 2018, HTC served its Disclosure of Preliminary Claim Constructions, in which HTC identified three additional terms as indefinite.[4] (*See* HTC Disclosure (Dkt. # 76-2) at 3-4.) These additional terms were also identified as indefinite by the defendants in *Samsung*. (*See* Samsung Invalidity Contentions at 73-74.) CyWee objected to the disclosure of the three additional terms, and the parties met and conferred on the issue to no avail. (Shih Decl. ¶¶ 4-5.)

//

//

---

[3] In *Samsung*, CyWee brought similar infringement claims of the '438 Patent and the '978 Patent against Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung"). *See CyWee Grp. Ltd. v. Samsung Electronics Co. Ltd., et al.*, No. 2:17-cv-00140-RWS-RSP (E.D. Tex.) ("*Samsung*"), Dkt. # 9 ("Am. Compl.") ¶¶ 17-288. Indeed, CyWee's complaint against Samsung mirrors its complaint against HTC. *Compare generally id.*, *with* (SAC.)

[4] These terms are: (1) "utilizing a comparison to compare the first signal set with the second signal set" (the "First Disputed Term"); (2) comparing the second quaternion in relation to the measured angular velocities $\omega x$, $\omega y$, $\omega z$ of the current state at current time T with the measured axial accelerations $Ax$, $Ay$, $Az$ and the predicted axial accelerations $Ax'$, $Ay'$, $Az'$ also at current time T" (the "Second Disputed Term"); and (3) "generating the orientation output based on the first signal set, the second signal set and the rotation output or based on the first signal set and the second signal set" (the "Third Disputed Term"). (*See* HTC Disclosure at 4.)

| | |
|---|---|
| 1 | Subsequently, and for unrelated reasons, the court amended the scheduling order |
| 2 | to (1) extend the joint claim chart and prehearing statement deadline from April 25, 2018, |
| 3 | to July 27, 2018; (2) extend the opening claim construction brief deadline from May 18, |
| 4 | 2018, to August 2, 2018; and (3) move the *Markman* hearing from July 13, 2018, to |
| 5 | September 21, 2018. (*Compare* Sched. Order (Dkt. # 42), *with* Am. Sched. Order (Dkt. |
| 6 | # 73).) |
| 7 | CyWee moves to preclude consideration of HTC's belated identification of |
| 8 | indefinite terms, arguing that HTC has violated the court's scheduling order and has |
| 9 | "substantially prejudice[d] CyWee by preventing its expert from rendering an opinion |
| 10 | applicable to this case." (Mot. at 2.) HTC maintains that it has not violated the court's |
| 11 | scheduling order because the three additional terms were incorporated by reference in the |
| 12 | preliminary contentions. (Resp. at 5-8.) Even if the three additional terms qualify as an |
| 13 | amendment, HTC argues that there is no prejudice to CyWee, especially now that the |
| 14 | court has extended the *Markman*-associated deadlines. (*Id.* at 3-5.) The court now |
| 15 | addresses CyWee's motion. |

### III.   ANALYSIS

The parties' dispute boils down to two issues: (1) whether HTC's addition of three terms constitutes an amendment or whether the additional terms were encompassed by the Preliminary Invalidity Contentions through incorporation by reference; and (2) if the additional terms constitute an amendment, whether there is good cause to allow amendment. (*See* Mot., Resp.) Because the court finds that good cause exists to

//

allow amendment, there is no need to decide whether HTC's broad incorporation by reference properly disclosed the three additional terms.

Local Patent Rule 124 allows the parties to amend infringement and invalidity contentions "only by order of the [c]ourt upon a timely showing of good cause." Local Rules W.D. Wash. LPR 124. Whether a party has established good cause lies within the sound discretion of the trial court. *See MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1380 n.5 (Fed. Cir. 2005). This District's Local Patent Rules "requir[e] both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery. The rules thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." *REC Software USA, Inc. v. Bamboo Sols. Corp.*, No. C11-0554JLR, 2012 WL 3527891, at *2 (W.D. Wash. Aug. 15, 2012) (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365-66 (Fed. Cir. 2006)).

In determining whether good cause exists to amend, courts consider (1) whether the party was diligent in amending its contentions; and (2) whether the non-amending party would suffer prejudice if the contentions were to be amended. *See id.* Regarding diligence, courts should focus on whether the amending party's "actions comport with the purpose behind the federal discovery rules in diligently . . . developing new theories of invalidity." *Id*. at *3. The good cause inquiry "may also take into consideration the

//

circumstances of the individual case," such as whether "gamesmanship" motivates the amendment. *Id.*

Applying that standard to this case, the court concludes that even if HTC's additional terms constitute an amendment, there is good cause to amend. First, HTC has shown that it was diligent in amending its invalidity contentions. CyWee produced the *Samsung* invalidity contentions in early March, and HTC disclosed the three terms that were presented in *Samsung* shortly thereafter on March 20, 2018. Although CyWee claims that "there was nothing preventing HTC from [earlier] asserting" the three additional terms, HTC disclosed the terms only after receiving CyWee's production regarding related litigation. The court finds that HTC was diligent in developing new theories of invalidity and that there is no evidence HTC's actions are "motivated by gamesmanship." *See REC Software*, 2012 WL 3527891, at *3.

Moreover, there is no prejudice to CyWee in allowing HTC to add these three terms. Due to the amended scheduling order, CyWee now has over two months—and had nearly three months at the time of its reply—to supplement its expert report to include these three additional terms.[5] (*See* Am. Sched. Order.) The lack of prejudice is especially apparent given the fact that in *Samsung*, CyWee has already prepared an expert

---

[5] In its reply, which CyWee submitted after the court's amended scheduling order, CyWee "explicitly denies" that the amended schedule mitigates its prejudice but makes no argument as to what the remaining prejudice is. (*See* Reply (Dkt. # 82) at 5.) Construed liberally, CyWee's assertion of prejudice seems to be a philosophical one: that if HTC is allowed to circumvent the Local Rules simply by delaying the proceedings, then HTC "will be able to continually change its invalidity theories." (*See id.* at 6.) But that possibility is not currently before the court. And CyWee, of course, may bring the appropriate motion should that possibility become reality. Should such an occasion arise, the court strongly encourages the parties to reach agreement amongst themselves rather than to seek court intervention.

declaration responding to indefiniteness regarding the same three terms. *See Samsung*, Dkt. # 66-6 ("LaViola Decl.") ¶¶ 17-22 (addressing indefiniteness of the First Disputed Term); *id.* ¶¶ 46-54 (addressing indefiniteness of the Second Disputed Term); *id.* ¶¶ 86-90 (addressing indefiniteness of the Third Disputed Term).

The court recognizes that the "philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claims construction." *L.G. Elecs. Inc. v. Q-Lity Comput. Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002). But here, nothing suggests that HTC is employing a "shifting sands" approach, and sufficient time remains to protect against such a possibility. Because good cause exists to amend, the court denies CyWee's motion to preclude consideration of HTC's additional terms.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES CyWee's motion to preclude consideration of HTC's additional claim terms (Dkt. # 76).

Dated this 18th day of May, 2018.

JAMES L. ROBART
United States District Judge