THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| CYWEE GROUP LTD., <br><br> Plaintiffs, <br><br> v. <br><br> HTC CORPORATION, and HTC AMERICA, INC., <br><br> Defendants. | Case No.: 2:17-cv-00932-JLR <br><br> **THIRD-PARTY DEFENDANT STMICROELECTRONICS, INC.'S MOTION FOR SANCTIONS PURSUANT TO RCW 4.84.185** <br><br> NOTE ON MOTION CALENDAR: JUNE 8, 2018 |
| HTC CORPORATION, and HTC AMERICA, INC., <br><br> Third-Party Plaintiffs, <br><br> v. <br><br> STMICROELECTRONICS N.V., STMICROELECTRONICS, INC., and CYWEE MOTION GROUP LTD., <br><br> Third-Party Defendants. | ORAL ARGUMENT REQUESTED |

STMICROELECTRONICS INC'S MOTION FOR SANCTIONS
CASE NO.: 2:17-CV-00932-JLR

Shearman & Sterling LLP
1460 El Camino Real
Menlo Park, CA 94025
Tel: 650-838-3737

Third-party defendant STMicroelectronics, Inc. ("ST Inc.") respectfully moves for fees and expenses from third-party plaintiffs HTC Corporation and HTC America, Inc. (collectively, "HTC") pursuant to Washington Revised Code ("RCW") Section 4.84.185.

HTC filed a third-party complaint ("TPC") against ST Inc. and its parent company, STMicroelectronics N.V. ("ST N.V."), asserting claims for defense, indemnity, breach of warranty, and contribution for the patent infringement allegations brought against HTC by plaintiff CyWee Group Ltd. ("CyWee").  However, there are no arguably relevant contracts or purchase orders between HTC and ST Inc.  Nor has ST Inc. ever sold or supplied accused products to HTC, or agreed to defend and indemnify HTC for any third-party patent infringement allegations.  Additionally, no ST-branded product is accused by CyWee of patent infringement in the underlying litigation—rather, CyWee's allegations of infringement have at all times been directed towards HTC's wireless communications devices, which utilize Google's Android operating system and a Qualcomm chip.

HTC clearly knew that its claims were frivolous, yet pursued them anyway before ultimately opting not to oppose ST Inc.'s motion to dismiss.  Unfortunately, HTC remains undeterred.  It is continuing its pursuit of ST N.V., and recently moved for leave to amend the TPC to add yet another foreign entity, STMicroelectronics Asia Pacific Pte. Ltd. ("ST Asia"), even though there are still no ST-branded products accused of patent infringement by CyWee.

This is not ST Inc.'s fight, and it should have never been forced to spend legal fees—to the tune of nearly $60,000 before accounting for this motion—defending against HTC's frivolous claims.  As such, and to deter HTC's ongoing harassment and abuse of the judicial system—the underlying policies behind RCW 4.84.185—ST Inc. respectfully requests that the Court award it fees and costs incurred in defending this matter.

I. **Facts**

On July 6, 2017, CyWee filed an Amended Complaint asserting that HTC infringes two CyWee patents by selling a variety of mobile phones. Dkt. # 20.  CyWee's Amended Complaint specifically identified the combination of hardware components in the phones and the Android

STMICROELECTRONICS INC'S MOTION FOR SANCTIONS  
CASE NO.: 2:17-CV-00932-JLR                - 1 -

Shearman & Sterling LLP  
1460 El Camino Real  
Menlo Park, CA 94025  
Tel: 650-838-3737

1 operating system as the basis for alleged infringement, and attached claim charts reflecting that position. E.g., Dkt. # 20 at ¶¶ 38-39. For example, in its Amended Complaint, CyWee identified "https://android.googlesource.com" as the source of the accused computer code. Dkt. # 20, Exh. A, pp.4-9. Nowhere in the Amended Complaint did CyWee identify an ST-branded product.

Nevertheless, on October 2, 2017, HTC sent a letter addressed jointly to ST Inc. and ST Asia, a foreign affiliate of ST Inc. based in Singapore, demanding defense and indemnification of CyWee's patent infringement claims. *See* Dkt. # 66, Exh. A. The letter enclosed a purchase order dated July 28, 2017, in which HTC Corporation sought to order microcontrollers from ST Asia. *Id.* That purchase order specifies that dispute resolution must occur in Taiwan. *Id.* at ¶ 12. ST Inc. did not receive, fulfill, or play any role in connection with this purchase order. Dkt. # 65, ¶ 3. Nor has ST Inc. ever sold or supplied to HTC the microcontroller product referenced in the purchase order (STM32F411CEYTR), or any product similar thereto. *Id.*

On December 29, 2017, CyWee served its infringement contentions on HTC (pursuant to Local Patent Rule 120), which again focused on Android computer code and a Qualcomm chip. Dkt. 66, Exh. B. The infringement contentions make no mention of any ST-branded product. *Id.*

Undeterred, on January 11, 2018, HTC filed the TPC against ST Inc. and ST N.V., asserting claims for defense and indemnification, breach of warranty, and contribution.[1] Dkt. # 43. The TPC did not identify any particular part numbers of products allegedly supplied by ST Inc. or ST N.V., or particular purchase order agreements. Rather, the TPC alleged that ST Inc. and ST N.V. (collectively, "STM") "sold and supplied to HTC certain motion sensor devices and technology, including the Sensor Fusion Hub . . . pursuant to purchase order agreements that obligate STM to defend and indemnify HTC with respect to claims of patent infringement." *Id.* at ¶ 32.

On March 9, 2018, CyWee filed a Second Amended Complaint, which maintained the same core infringement allegations against HTC. Dkt. # 61. In other words, CyWee continued to

---

[1] The TPC also names CyWee Motion Group Ltd. as a third-party defendant and asserts an additional claim against that entity.

STMICROELECTRONICS INC'S MOTION FOR SANCTIONS
CASE NO.: 2:17-CV-00932-JLR                                - 2 -

Shearman & Sterling LLP
1460 El Camino Real
Menlo Park, CA 94025
Tel: 650-838-3737

1  allege that HTC infringes two CyWee patents based on the combination of hardware components,
2  including a Qualcomm chip, and the Android operating system.  Dkt. # 61, Exhs. A-B.

3  HTC still did not withdraw the TPC.  Instead, ST Inc. was forced to file a motion to
4  dismiss, explaining that it had no connection to this litigation whatsoever, and that, even if it had
5  supplied products to HTC or agreed to defense and indemnification (which it did not), CyWee has
6  consistently identified Android software and a Qualcomm chip within the accused HTC handsets,
7  and not any ST-branded product, as the basis for its patent infringement claims.  Dkt. # 64.  HTC
8  did not oppose ST Inc.'s motion to dismiss (Dkt. # 77), and the Court granted it on April 23, 2018.
9  Dkt. # 79.

10  ST Inc. incurred $57,351.06 in fees and costs up through the Court's dismissal, which
11  includes fees and costs associated with analyzing HTC's TPC, attempting to negotiate dismissal
12  without the need for motion practice, and ultimately filing its motion to dismiss.  *See* Declaration
13  of Matt Berkowitz in Support of STMicroelectronics, Inc.'s Motion for Sanctions ("Berkowitz
14  Decl.," filed concurrently with this motion.[2]  ST Inc. has already incurred in excess of $7,500 in
15  additional fees associated with this motion, and will likely incur more unless HTC elects not to
16  oppose.  *Id.*

17  Despite HTC's prior statement of non-opposition to ST Inc.'s motion to dismiss, it
18  continues to pursue the same claims against ST N.V. (*See* Dkt. # 68), and, more recently, has
19  moved for leave to add yet another entity, ST Asia, as an additional third-party defendant.  Dkt. #
20  87.  HTC has never explained why these companies are differently-situated than ST Inc., given
21  that CyWee has never accused ST-branded products, and the only purchase order HTC could
22  possibly be relying upon provides for dispute resolution in Taiwan.

23  **II.    Argument**

24  RCW 4.84.185 provides:

25  > In any civil action, the court having jurisdiction may, upon written findings by the
   > judge that the action, counterclaim, cross-claim, third party claim, or defense was
26  > frivolous and advanced without reasonable cause, require the nonprevailing party to
   > pay the prevailing party the reasonable expenses, including fees of attorneys,
27

---

[2] ST Inc. can submit billing records for the Court's review upon the Court's request.

28

incurred in opposing such action, counterclaim, cross-claim, third party claim, or defense. This determination shall be made upon motion by the prevailing party after a voluntary or involuntary order of dismissal, order on summary judgment, final judgment after trial, or other final order terminating the action as to the prevailing party. The judge shall consider all evidence presented at the time of the motion to determine whether the position of the nonprevailing party was frivolous and advanced without reasonable cause. In no event may such motion be filed more than thirty days after entry of the order.

A frivolous action, for purposes of this statute, is one that "cannot be supported by any rational argument on the law or facts." *Eller v. East Sprague Motors & R.V.'s, Inc.* 244 P.3d 447, 453 (Wash. Ct. App. 2010) (quoting *Clarke v. Equinox Holdings, Ltd.*, 783 P.2d 82, *review denied*, 777 P.2d 1050 (Wash. 1989)).  The action or lawsuit is to be interpreted as a whole. *Biggs v. Vail*, 830 P.2d 350, 352 (Wash. 1992).  However, a showing of bad faith is not required; "[i]t is enough that the action is not supported by any rational argument and is advanced without reasonable cause." *Eller*, 244 P.3d at 453 (reversing trial court's denial of a fees award on the basis that a showing of bad faith is not required).

Washington courts have awarded fees under this section where claims, such as those advanced here by HTC, are brought and maintained without any supporting evidence. *See, e.g.*, *Integrity Trust by Cuddeback v. Capital One, N.A.*, No. 16-927, 2017 WL 2839819, *2 (W.D. Wash. April 5, 2017) (awarding attorneys' fees where Plaintiff "knowingly filed a baseless lawsuit . . . "); *Lucas v. Camacho*, No. 11-5350, 2012 WL 4120310, *2 (W.D. Wash. Sept. 18, 2012) (awarding attorneys' fees when plaintiffs failed to submit admissible evidence in support of their claims in a motion for summary judgment); *Tracy v. State of Wash.*, No. 09-5588, 2010 WL 5395029, *4 (W.D. Wash. Dec. 27, 2010) (awarding attorneys' fees after summary judgment when plaintiffs made no arguments regarding defendant and did not present any evidence showing defendant was liable under any causes of action stated in the complaint); *Grace v. Hagy*, No. 62902-6-I, 2009 WL 3808574, *3 (Wash. Ct. App. 2009) (awarding attorneys' fees when plaintiff responded to defendant's motion to dismiss by withdrawing plaintiff's initials claims and replacing them with equally meritless claims).

HTC's claims against ST Inc. were particularly frivolous. HTC filed the TPC alleging that ST Inc. "sold and supplied to HTC certain motion sensor devices and technology, including the Sensor Fusion Hub . . . pursuant to purchase order agreements that obligate [ST Inc.] to defend and indemnify HTC with respect to claims of patent infringement." This was blatantly false. There is no such purchase order agreement, and, as HTC knows, ST Inc. never supplied it with any "motion sensor devices." Moreover, CyWee has never accused any ST-branded products of infringement, so there is nothing for ST Inc. (or any ST entity) to defend and indemnify. Simply put, *none of* HTC's claims against ST Inc. had any basis in law or fact.

The policy behind RCW 4.84.185 is one of deterrence of harassment and abuses of the judicial system. *See In re Longview Fibre Co.*, 1997 WL 314425, at *3 (Wash. Ct. App. March 17, 1997); *Cf. Biggs v. Vail*, 876 P.2d 448, 541 (Wash. 1994)(en banc) ("A proper sanction [under CR 11] assessed at the time of a transgression will ordinarily have some measure of deterrent effect on subsequent abuses and resultant sanctions.") (quoting *In re Yagman*, 796 F.2d 1165, 1183 (9th Cir.), *amended*, 803 F.2d 1085 (1986)). Not only did HTC file a baseless claim against ST Inc., but it continues to pursue the same baseless claims against ST N.V. and ST Asia. As discussed throughout this motion, there are no patent infringement allegations in the case that touch ST-branded products and that would justify a defense and indemnity obligation by *any* ST entity. And, even if there were, the only possibly relevant purchase order that HTC could be relying on to support its claims—the one it attached to its Oct. 2, 2017 letter—provides for dispute resolution in Taiwan. *See* Dkt. # 66, Exh. A, ¶ 12. HTC is abusing the judicial system and harassing ST Inc. and its related companies in the process. Accordingly, and in furtherance of the policy underlying RCW 4.84.185, the Court should grant ST Inc.'s motion, and award it fees and costs including those incurred in filing this motion.

### III.     Conclusion

ST Inc. never had any connection to this case. HTC's defense, indemnity, and breach of warranty allegations were meritless and should never have been brought. To deter further abuses of the judicial system, and harassment of ST Inc. and its related companies (which is ongoing), the

Court should grant ST Inc. its total fees including $57,351.06 for fees and costs up to and through the Court's dismissal, as well as $7,500 for additional fees already incurred in connection with this motion, totaling, $64,851.06.

Dated: May 23, 2018

By: s/ Matt Berkowitz
Matthew Berkowitz
**Shearman & Sterling LLP**
1460 El Camino Real, 2nd Floor
Menlo Park, CA 94025
Tel.: 650.838.3737
matthew.berkowitz@shearman.com

Brian G. Bodine, WSBA #22414
**Lane Powell PC**
1420 Fifth Avenue, Suite 4200
Seattle, WA 98101-2375
Tel.: 206.223.7406
Email: bodineb@lanepowell.com

*Attorneys for Third-Party Defendant STMicroelectronics, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2018, I filed the foregoing with the Clerk of the Court using the CM/ECF system, and served all parties via ECF.

Dated: May 23, 2018

                                      s/ Matt Berkowitz

                                      Matt Berkowitz

STMICROELECTRONICS INC'S MOTION FOR SANCTIONS  
CASE NO.: 2:17-CV-00932-JLR — - 7 -

Shearman & Sterling LLP  
1460 El Camino Real  
Menlo Park, CA 94025  
Tel: 650-838-3737