THE HONORABLE JAMES L. ROBART

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# SEATTLE DIVISION

| | |
|---|---|
| CYWEE GROUP LTD., <br><br> *Plaintiff,* <br><br> v. <br><br> HTC CORPORATION and HTC AMERICA, INC., <br><br> *Defendants.* <br><br> HTC CORPORATION and HTC AMERICA, INC. <br><br> *Third-Party Plaintiffs,* <br><br> v. <br><br> CYWEE MOTION GROUP LTD., <br><br> *Third-Party Defendant* | CASE NO. 2:17-cv-00932-JLR <br><br><br> JURY TRIAL DEMANDED <br><br><br><br> **THIRD-PARTY DEFENDANT CYWEE MOTION GROUP LTD.'S FIRST AMENDED ANSWER TO THIRD PARTY COMPLAINT AND CROSS-COUNTERCLAIMS FOR** <br><br> **(1) CONVERSION;** <br><br> **(2) REPLEVIN;** <br><br> **(3) UNJUST ENRICHMENT; AND** <br><br> **(4) DECLARATORY JUDGMENT** |

Third-Party Defendant CyWee Motion Group, Ltd.'s
First Amended Answer and Cross-Counterclaims
Case No. 2:17-cv-932-JLR – Page 1

Bremer Law Group PLLC
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: 206-357-8442

Third-Party Defendant Cywee Motion Group, Ltd. ("CyWee Motion") answers herein HTC Corporation and HTC America, Inc.'s (collectively "HTC") Third-Party Complaint ("Complaint"). Unless expressly admitted, all averments asserted by HTC in its Complaint are denied.

## PARTIES

1. CyWee Motion admits that Plaintiff Cywee Group Ltd. is a corporation organized and existing under the laws of the British Virgin Islands, with a principal place of business at 3F, No. 28, Lane 128, Jing Ye 1st Road, Taipei, Taiwan 10462.

2. CyWee Motion lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore denies them.

3. CyWee Motion lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore denies them.

4. CyWee Motion lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and therefore denies them.

5. CyWee Motion lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore denies them.

6. CyWee Motion lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and therefore denies them.

7. CyWee Motion admits that it is a corporation organized and existing under the laws of Taiwan, with its principal place of business located at 114-45 Wenhu Street, Neihu District, Taipei City, 11445, 5th Floor, 12-2 Taiwan.

8. CyWee Motion admits that it is affiliated with CyWee Group Ltd.

## JURISDICTION AND VENUE

9. CyWee Motion admits that this Court has subject matter jurisdiction over this matter.

Third-Party Defendant CyWee Motion Group, Ltd.'s
First Amended Answer and Cross-Counterclaims
Case No. 2:17-cv-932-JLR – Page 2

Bremer Law Group PLLC
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: 206-357-8442

10. CyWee Motion admits that this Court has subject matter jurisdiction over this matter.

11. CyWee Motion lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies them.

12. CyWee Motion lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies them.

13. CyWee Motion lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore denies them.

14. CyWee Motion admits the existence of the press release as described, but otherwise denies the allegations in Paragraph 14.

15. CyWee Motion admits that it is subject to the jurisdiction of this Court for purposes of this action only.

16. CyWee Motion admits that venue is proper in this jurisdiction for purposes of this action only.

## FACTUAL BACKGROUND

17. CyWee Motion lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies them.

18. CyWee Motion admits the allegations in Paragraph 18.

19. CyWee Motion denies the allegations in Paragraph 19.

20. CyWee Motion lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 20. HTC has alleged that it uses other software or a modified version of the accused software, but CyWee Motion has not been able to inspect HTC's source code.

Third-Party Defendant CyWee Motion Group, Ltd.'s
First Amended Answer and Cross-Counterclaims
Case No. 2:17-cv-932-JLR – Page 3

Bremer Law Group PLLC
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: 206-357-8442

21. CyWee Motion admits that six-axis and nine-axis motion sensors for wireless devices are referenced in Plaintiff CyWee Group Ltd.'s ("CyWee Group) infringement allegations. In all other respects, CyWee Motion denies the allegations in Paragraph 21.

22. CyWee Motion lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore denies them.

23. CyWee Motion lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and therefore denies them.

24. CyWee Motion denies the allegations in Paragraph 24.

25. CyWee Motion denies the allegations in Paragraph 25.

26. CyWee Motion admits to the existence of the press release as described, but otherwise denies the allegations in Paragraph 26.

27. CyWee Motion admits the allegations in Paragraph 27.

28. CyWee Motion denies the allegations in Paragraph 28.

29. CyWee Motion admits that it is affiliated with CyWee Group and that it enters into agreements through which entities may use licensed software in exchange for royalty payments, but otherwise denies the allegations in Paragraph 29.

30. CyWee Motion denies the allegations in Paragraph 30.

31. CyWee Motion denies the allegations in Paragraph 31.

32. CyWee Motion lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore denies them.

33. CyWee Motion lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 as they pertain to STM. In all other respects, CyWee Motion denies the allegations in Paragraph 33.

34. CyWee Motion denies the allegations in Paragraph 34.

35. CyWee Motion denies the allegations in Paragraph 35.

Third-Party Defendant CyWee Motion Group, Ltd.'s
First Amended Answer and Cross-Counterclaims
Case No. 2:17-cv-932-JLR – Page 4

Bremer Law Group PLLC
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: 206-357-8442

36. CyWee Motion denies the allegations in Paragraph 36.

37. CyWee Motion admits that HTC claims that impleader is proper, but otherwise denies the allegations in Paragraph 37.

## FIRST CAUSE OF ACTION

### (Indemnity)

38. CyWee Motion reasserts and incorporates by reference its responses to all preceding Paragraphs as if fully set forth herein.

39. This cause of action is directed at STM only, has been dismissed with prejudice, and therefore requires no response. To the extent any of the allegations in Paragraph 39 pertain to CyWee Motion, they are denied.

40. This cause of action is directed at STM only, has been dismissed with prejudice, and therefore requires no response. To the extent any of the allegations in Paragraph 40 pertain to CyWee Motion, they are denied.

41. This cause of action is directed at STM only, has been dismissed with prejudice, and therefore requires no response. To the extent any of the allegations in Paragraph 41 pertain to CyWee Motion, they are denied.

42. This cause of action is directed at STM only, has been dismissed with prejudice, and therefore requires no response. To the extent any of the allegations in Paragraph 42 pertain to CyWee Motion, they are denied.

43. This cause of action is directed at STM only, has been dismissed with prejudice, and therefore requires no response. To the extent any of the allegations in Paragraph 43 pertain to CyWee Motion, they are denied.

Third-Party Defendant CyWee Motion Group, Ltd.'s
First Amended Answer and Cross-Counterclaims
Case No. 2:17-cv-932-JLR – Page 5

Bremer Law Group PLLC
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: 206-357-8442

## SECOND CAUSE OF ACTION

**(Breach of Warranty of Title)**

44. CyWee Motion reasserts and incorporates by reference its responses to all preceding Paragraphs as if fully set forth herein.

45. This cause of action is directed at STM only, has been dismissed with prejudice, and therefore requires no response. To the extent any of the allegations in Paragraph 45 pertain to CyWee Motion, they are denied.

46. This cause of action is directed at STM only, has been dismissed with prejudice, and therefore requires no response. To the extent any of the allegations in Paragraph 46 pertain to CyWee Motion, they are denied.

47. This cause of action is directed at STM only, has been dismissed with prejudice, and therefore requires no response. To the extent any of the allegations in Paragraph 47 pertain to CyWee Motion, they are denied.

48. This cause of action is directed at STM only, has been dismissed with prejudice, and therefore requires no response. To the extent any of the allegations in Paragraph 48 pertain to CyWee Motion, they are denied.

49. This cause of action is directed at STM only, has been dismissed with prejudice, and therefore requires no response. To the extent any of the allegations in Paragraph 49 pertain to CyWee Motion, they are denied.

50. This cause of action is directed at STM only, has been dismissed with prejudice, and therefore requires no response. To the extent any of the allegations in Paragraph 50 pertain to CyWee Motion, they are denied.

Third-Party Defendant CyWee Motion Group, Ltd.'s
First Amended Answer and Cross-Counterclaims
Case No. 2:17-cv-932-JLR – Page 6

Bremer Law Group PLLC
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: 206-357-8442

### THIRD CAUSE OF ACTION

### (Contribution)

51. CyWee Motion reasserts and incorporates by reference its responses to all preceding Paragraphs as if fully set forth herein.

52. CyWee Motion denies the allegation in Paragraph 52.

53. CyWee Motion admits that HTC seeks declaratory judgment, but denies that it is entitled to same.

### FOURTH CAUSE OF ACTION

### (Violation of the Unfair Business Practices-Consumer Protection Act)

54. CyWee Motion reasserts and incorporates by reference its responses to all preceding Paragraphs as if fully set forth herein.

55. To the extent the allegations of Paragraph 55 set forth legal conclusions, no response is required. CyWee Motion denies all remaining allegations of Paragraph 55.

56. To the extent the allegations of Paragraph 56 set forth legal conclusions, no response is required. CyWee Motion denies all remaining allegations of Paragraph 56.

57. To the extent the allegations of Paragraph 57 set forth legal conclusions, no response is required. CyWee Motion denies all remaining allegations of Paragraph 57.

58. To the extent the allegations of Paragraph 58 set forth legal conclusions, no response is required. CyWee Motion denies all remaining allegations of Paragraph 58.

59. CyWee Motion denies the allegations in Paragraph 59.

60. CyWee Motion denies the allegations in Paragraph 60.

61. CyWee Motion denies the allegations in Paragraph 61.

### GENERAL DENIAL

Any allegation in HTC's Third-Party Complaint not expressly admitted by CyWee Motion is denied.  Having answered HTC's Third-Party Complaint, CyWee Motion denies

Third-Party Defendant CyWee Motion Group, Ltd.'s
First Amended Answer and Cross-Counterclaims
Case No. 2:17-cv-932-JLR – Page 7

Bremer Law Group PLLC
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: 206-357-8442

that HTC is entitled to the relief requested in its Prayer for Relief, or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth in its Answer, and without admitting any allegations of the Third-Party Complaint not expressly admitted, CyWee Motion asserts the following separate defenses to the Third-Party Complaint without assuming the burden of proof on any such defense that would otherwise rest with HTC.

## FIRST DEFENSE

HTC has failed to state a claim upon which relief can be granted. The Unfair Business Practices--Consumer Protection Act ("UBPCPA") cannot apply to a relationship between CyWee Motion and HTC (even assuming one exists) that has no connection to Washington State. Similarly, the contribution claim is predicated on the relationship between STMicroelectronics N.V., STMicroelectronics, Inc., and STMicroelectronics Asia Pacific Ltd. (collectively the "STM Entities") and HTC. HTC has dismissed all claims against the ST Entities based upon that relationship, and did so with prejudice. No facts are alleged by HTC that would give rise to a claim for contribution under Taiwanese law or any other law that would apply to the CyWee/HTC relationship (assuming any such relationship exists).

## SECOND DEFENSE

HTC is barred, estopped, and/or has waived its claims against CyWee Motion for contribution and/or violations of the UBPCPA by virtue of its stipulation to dismiss with prejudice all claims against the STM Entities. The only written agreement involving the products that HTC purchased, and that HTC contends give rise to the UBPCPA and contribution claims is between HTC and the STM Entities, and HTC has dismissed all

Third-Party Defendant CyWee Motion Group, Ltd.'s
First Amended Answer and Cross-Counterclaims
Case No. 2:17-cv-932-JLR – Page 8

Bremer Law Group PLLC
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: 206-357-8442

claims against the STM Entities with prejudice, thereby breaking any chain of causation or right to recovery against CyWee Motion.

### THIRD DEFENSE

HTC's claims and requested relief against CyWee Motion are barred by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

### FOURTH DEFENSE

HTC lacks standing to bring its claims against CyWee Motion by virtue of its stipulation to dismiss with prejudice all claims against the STM Entities.

### FIFTH DEFENSE

CyWee Motion reserves all defenses, at law or equity, which may now exist or in the future be available based on discovery and further factual investigation in this case.

### CROSS-COUNTERCLAIMS AGAINST HTC

For its counterclaims against HTC Corporation and HTC America, Inc. (collectively "HTC"), Third-Party Defendant and Counterclaim-Plaintiff CyWee Motion Group Ltd. ("CyWee Motion") alleges as follows:

### PARTIES

1. CyWee Motion is a corporation organized and existing under the laws of Taiwan, with its principal place of business located at 14-45 Wenhu Street, Neihu District, Taipei City 11445, 5th Floor, 12-2, Taiwan.

2. Third-Party Plaintiff and Counterclaim-Defendant HTC Corporation ("HTC Corp.") is a corporation organized and existing under the laws of Taiwan, with its principal place of business located at No. 88, Section 3, Zhongxing Road, Xindian District, New Taipei City 231, Taiwan 231.

Third-Party Defendant CyWee Motion Group, Ltd.'s
First Amended Answer and Cross-Counterclaims
Case No. 2:17-cv-932-JLR – Page 9

Bremer Law Group PLLC
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: 206-357-8442

3. Third-Party Plaintiff and Counterclaim-Defendant HTC America, Inc. ("HTC America") is a corporation organized and existing under the laws of the state of Washington, with its principal place of business located at 308 Occidental Avenue South, Floor 3, Seattle, Washington, 98104.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over these Counterclaims pursuant to Rule 14 of the Federal Rules of Civil Procedure. This Court further has supplemental subject matter jurisdiction over these Cross-Counterclaims under 28 U.S.C. § 1367(a) because this action is so related to the claims brought by Third-Party Plaintiff HTC that they form part of the same case and controversy.

5. HTC has submitted to personal jurisdiction in this court through the filing of their Answer and Counterclaims and their Third-Party Complaint in this action.

6. Venue for these Counterclaims is agreed as between the Parties.

## FACTUAL BACKGROUND

7. CyWee Motion was founded by scientists formerly affiliated with the Industrial Technology Research Institute of Taiwan ("ITRI"), a Taiwanese government and industry-funded research and development center. CyWee Motion is a market leader in wireless streaming, facial tracking, and motion processing technology solutions for home entertainment and mobile devices. CyWee Motion is affiliated with the Plaintiff in this action, CyWee Group Ltd. ("CyWee Group").

8. Pursuant to a 2013 Development and License Agreement (the "License Agreement") between CyWee Technology Pte. Ltd. ("CyWee") and STMicroelectronics International N.V. ("STM"), CyWee granted a license to STM for "Licensed Technology," which was defined by the License Agreement as consisting of certain CyWee software (the "CyWee

Third-Party Defendant CyWee Motion Group, Ltd.'s
First Amended Answer and Cross-Counterclaims
Case No. 2:17-cv-932-JLR – Page 10

Bremer Law Group PLLC
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: 206-357-8442

Software"). Pursuant to the License Agreement, the CyWee Software was to be integrated *by ST* into certain "Licensed Products" to be manufactured, sold, and/or distributed *by STM*.

9. The License Agreement only granted STM a license to the CyWee Software, and it did not grant any rights to practice either of the patents-in-suit beyond the provision by STM of products that incorporated the CyWee Software described in the License Agreement as the Licensed Technology.

10. On or around December 1, 2014, CyWee, STM, and CyWee Motion entered into an Assignment of Development and License Agreement (the "Assignment"), whereby CyWee Motion assumed all past, present, and future rights and obligations under the License Agreement to CyWee.

11. In its Counterclaim against CyWee Group in this case, HTC contends that some or all of HTC's products that are accused of infringing the patents-in-suit contain motion sensor modules that HTC purchased from STM, and that those modules contain CyWee Software. These allegations form the basis of HTC's alleged license defense against CyWee Group's infringement claims, as well as HTC's defense of patent exhaustion.

12. In its Third-Party Complaint, HTC contends that it purchased motion sensor modules containing CyWee Software from STM and related entities (collectively referred to as the "STM Entities") pursuant to purchase order agreements that obligate the STM Entities to defend and indemnify HTC with respect to claims of patent infringement. Based on these allegations, HTC asserted third-party claims against the STM Entities for indemnity, contribution, and breach of warranty of title.

13. In its Third-Party Complaint, HTC also asserts claims against CyWee Motion for contribution and alleged violations of the Unfair Business Practices--Consumer Protection Act. Those claims stem entirely from HTC's allegation that it purchased motion sensor

Third-Party Defendant CyWee Motion Group, Ltd.'s
First Amended Answer and Cross-Counterclaims
Case No. 2:17-cv-932-JLR – Page 11

Bremer Law Group PLLC
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: 206-357-8442

modules from the STM Entities which *contained* CyWee Software that was licensed to STM pursuant to the License Agreement.

14. On May 23, 2018, STM filed a motion for sanctions against HTC based upon the frivolous allegations of the Third-Party Complaint. As grounds for the motion, STM alleged that among other things, "there are no arguably relevant contracts or purchase orders between HTC and ST Inc., nor has ST Inc. ever sold or supplied accused products to HTC."

15. Within a matter of days following STM's motion for sanctions, HTC filed a stipulated motion and proposed order dismissing all claims against the STM Entities *with prejudice*. The Court signed the Order on June 1, 2018. Inexplicably, even though HTC's third-party claims against CyWee Motion rest entirely upon the allegation that HTC purchased products from STM that were licensed to contain CyWee Software, HTC refuses to similarly dismiss its claims against CyWee Motion.

16. On information and belief, including information received from HTC's counsel of record, HTC did not purchase motion sensor modules from STM that contained pre-loaded CyWee Software as alleged. Rather, unbeknownst to CyWee Motion, HTC obtained an unauthorized copy or copies of CyWee Software, and HTC has and continues to load that software onto its products after they are assembled using STM sensors and parts that HTC buys without any CyWee Software installed, including some or all of the products that CyWee Group accuses of infringing the patents-in-suit. HTC is not, and has never been, authorized by CyWee Motion to possess or use CyWee Software other than such software as pre-loaded by STM and sold pursuant to the terms of the License Agreement.

17. On July 19, 2018, CyWee Motion sent written notice to STM that the License Agreement was terminated, effective immediately. One of the cited reasons for termination was STM's instruction to HTC to use CyWee Software to enable sensor fusion functionality in HTC devices containing STM components by loading the software *after* STM provides

Third-Party Defendant CyWee Motion Group, Ltd.'s
First Amended Answer and Cross-Counterclaims
Case No. 2:17-cv-932-JLR – Page 12

Bremer Law Group PLLC
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: 206-357-8442

the sensing elements, and thereby taking the STM sales to HTC out of the License Agreement. HTC agreed to this subterfuge, and has in fact been surreptitiously and without compensation to CyWee Group or CyWee Motion using the CyWee Software. A true and correct copy of the termination notice is attached hereto as Exhibit A and is incorporated herein by reference.

18. Immediately following the termination, CyWee Motion sent HTC's counsel of record written notice that the License Agreement had been terminated, effective immediately. The notice to HTC (the "HTC Notice") further informed counsel for HTC that HTC is not, and has never been, authorized to possess and/or use any CyWee Software independently of such software being sold to HTC in sensing elements and devices where the CyWee Software comes pre-loaded by STM and subject to royalties. The HTC Notice demanded that HTC immediately cease and desist use of any such software and immediately return any copies in its possession. A true and correct copy of the HTC Notice is attached hereto as Exhibit B and is incorporated herein by reference.

19. HTC has not complied with CyWee Motion's demand to return any copies of CyWee Software and continues, on information and belief, its unauthorized possession and use of such software.

## FIRST CAUSE OF ACTION

### (Conversion)

20. CyWee Motion repeats and realleges the preceding paragraphs of its Counterclaims as though fully set forth herein.

21. HTC has taken and wrongfully retained possession of property belonging to CyWee Motion, namely the CyWee Software, and it has not returned that property upon written demand. HTC was not given permission to take or otherwise receive any possessory interest in the CyWee Software. At all times of HTC's acts of conversion, CyWee Motion had the

Third-Party Defendant CyWee Motion Group, Ltd.'s
First Amended Answer and Cross-Counterclaims
Case No. 2:17-cv-932-JLR – Page 13

Bremer Law Group PLLC
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: 206-357-8442

right to maintain and/or use the CyWee Software, and HTC had no such right. As a result of HTC's actions, CyWee Motion has been deprived of its possessory interest in the CyWee Software, and HTC has converted that property to its own use.

22. As a result of HTC's conversion, CyWee Motion has suffered damages, or will suffer damages, in an amount to be determined at trial.

23. As a result of HTC's conversion, CyWee Motion is also entitled to injunctive relief prohibiting HTC's further use of the CyWee Software and requiring its immediate return.

## SECOND CAUSE OF ACTION

### (Replevin)

24. CyWee Motion repeats and realleges the preceding paragraphs of its Counterclaims as though fully set forth herein.

25. CyWee Motion owns the CyWee Software and is entitled to immediate possession.

26. As explained above, HTC has improperly acquired, wrongfully retained, and used the CyWee Software without permission or authorization. The CyWee Software was never provided to HTC pursuant to a statute or an execution or attachment.

27. Because HTC is not authorized to possess and/or use any CyWee Software independently of such software being sold to HTC in sensing elements and devices where the CyWee Software comes pre-loaded by STM and subject to royalties, without compensation, CyWee demanded immediate return of any and all copies of the CyWee Software on July 19, 2018 upon termination of the License Agreement. To date, HTC has failed to comply with CyWee Motion's demands.

## THIRD CAUSE OF ACTION

### (Unjust Enrichment and Constructive Trust)

28. CyWee Motion repeats and realleges the preceding paragraphs of its Counterclaims as though fully set forth herein.

Third-Party Defendant CyWee Motion Group, Ltd.'s
First Amended Answer and Cross-Counterclaims
Case No. 2:17-cv-932-JLR – Page 14

Bremer Law Group PLLC
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: 206-357-8442

29. As explained above, HTC has improperly acquired, wrongfully retained, and used the CyWee Software without permission or authorization, which is property that in equity and good conscience belong to CyWee Motion. HTC's improper and illegal conduct has led to its being unjustly enriched at CyWee Motion's expense, in particular because it possesses the CyWee Software and continues its unauthorized use of that software.

30. As a result of HTC's unjust enrichment, CyWee Motion is entitled to a judgment that HTC holds all copies of the CyWee Software and all benefits derived therefrom in a constructive trust on behalf of CyWee Motion, that CyWee Motion is entitled to a disgorgement of any benefits HTC has received from its possession and use of the CyWee Software, and that CyWee Motion is entitled to an injunction prohibiting HTC's further use of the CyWee Software and requiring its immediate return.

## FOURTH CAUSE OF ACTION

### (Declaratory Judgment)

31. CyWee Motion repeats and realleges the preceding paragraphs of its Counterclaims as though fully set forth herein.

32. This claim arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

33. Actual and justiciable controversies exist between CyWee Motion and HTC with respect to, among other things, the License Agreement, the CyWee Software, HTC's claim that it purchased motion sensor modules from the STM Entities that allegedly contained CyWee Software, HTC's unauthorized possession and use of the CyWee Software, CyWee's termination of the License Agreement, and HTC's continued unauthorized possession and use of CyWee Software despite that termination.

34. CyWee Motion is entitled to a declaration that CyWee Motion owns the CyWee Software and entitled to its immediate return.

Third-Party Defendant CyWee Motion Group, Ltd.'s
First Amended Answer and Cross-Counterclaims
Case No. 2:17-cv-932-JLR – Page 15

Bremer Law Group PLLC
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: 206-357-8442

35. CyWee Motion is entitled to a declaration that the License Agreement was terminated as of July 19, 2018.

36. CyWee Motion is entitled to a declaration that HTC is not, and has never been, authorized to possess or use CyWee Software under the License Agreement, or otherwise without compensation to CyWee Group and/or CyWee Motion.

37. CyWee Motion is entitled to a declaration that the dismissal of HTC's third-party claims against the STM Entities with prejudice extinguished any claims against or affirmative defense by HTC of patent exhaustion based on allegations that HTC purchased products from the STM Entities that contained CyWee Software, when in fact HTC knows such products purchased from STM did not contain at the time of their purchase any CyWee Software.

38. CyWee Motion is entitled to a declaration that the dismissal of HTC's third-party claims against the STM Entities with prejudice extinguished any claim or defense by HTC that it was licensed to use CyWee Software.

**PRAYER FOR RELIEF**

CyWee Motion respectfully requests that this Court order judgment in its favor on each and every claim set forth above, and award it all relief including, but not limited to, the following:

    a. Actual damages in an amount to be determined at trial;

    b. Punitive and exemplary damages in a sum to be ascertained at trial;

    c. Declarations as set forth in paragraphs 31-34 above;

    d. A preliminary and permanent injunction restraining HTC, its officers, agents, servants, employees, affiliates and those in active concert or participation with

Third-Party Defendant CyWee Motion Group, Ltd.'s
First Amended Answer and Cross-Counterclaims
Case No. 2:17-cv-932-JLR – Page 16

Bremer Law Group PLLC
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: 206-357-8442

them from further use of CyWee Software and requiring the immediate return of any and all copies of CyWee Software to CyWee Motion as set forth above;

e. Imposition of a constructive trust on any CyWee Software in HTC's possession, as well as any benefits derived therefrom, and the disgorgement of any benefits HTC has received from its possession and use of CyWee Software;

f. Imposition of sanctions under RCW 4.84.185 or any other applicable rule on the grounds that HTC's Third-Party Complaint against CyWee Motion is frivolous and has been advanced without reasonable cause as evidenced by, among other things, HTC's continued maintenance of the Third-Party Complaint against CyWee Motion despite its agreement to stipulate to a dismissal of the STM Entities with prejudice;

g. Costs and attorneys' fees to the full extent available at law;

h. Pre-judgment and post-judgment interest as allowed by law; and

i. Such other and further relief as the Court deems just, equitable, and proper.

Third-Party Defendant CyWee Motion Group, Ltd.'s
First Amended Answer and Cross-Counterclaims
Case No. 2:17-cv-932-JLR – Page 17

Bremer Law Group PLLC
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: 206-357-8442

Dated November 19, 2018.   Respectfully submitted,

*/s/ Carmen E. Bremer*
Carmen E. Bremer, WSBA 47,565
carmen.bremer@bremerlawgroup.com
BREMER LAW GROUP PLLC
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: (206) 357-8442
F: (206) 858-9730

Michael W. Shore* (mshore@shorechan.com)
Alfonso G. Chan* (achan@shorechan.com)
Christopher Evans* (cevans@shorechan.com)
Ari B. Rafilson* (arafilson@shorechan.com)
William D. Ellerman (wellerman@shorechan.com)
Paul T. Beeler* (pbeeler@shorechan.com)
SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
T: (214) 593-9110
F: (214) 593-9111

* Admitted *pro hac vice*

*Attorneys for Plaintiff CyWee Group Ltd and Third-Party Defendant and Counter-Plaintiff CyWee Motion Group Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2018, I presented this Answer and Counterclaim to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: November 19, 2018   */s/ Carmen E. Bremer*
Carmen E. Bremer

Third-Party Defendant CyWee Motion Group, Ltd.'s
First Amended Answer and Cross-Counterclaims
Case No. 2:17-cv-932-JLR – Page 18

Bremer Law Group PLLC
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: 206-357-8442