1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10    CYWEE GROUP LTD.,                         CASE NO. C17-0932JLR

11                       Plaintiff,             ORDER ON THIRD-PARTY
                                                DEFENDANT'S MOTION FOR
                v.                              SUMMARY JUDGMENT AND
12                                              ON CROSS-MOTIONS FOR
      HTC CORPORATION, et al.,                  STAY
13
             Defendants/Third-Party Plaintiffs,
14                                              ~~PROVISIONALLY FILED~~
                                                ~~UNDER SEAL~~
15              v.

      CYWEE MOTION GROUP LTD.,
16
                        Third-Party Defendant.
17

18                     **I.    INTRODUCTION**

19          Before the court are three motions.  First, Third-Party Defendant CyWee Motion

20    Group Ltd. ("CyWee Motion") moves for summary judgment against Defendants and

21    Third-Party Plaintiffs HTC Corporation ("HTC Corp.") and HTC America, Inc. ("HTC

22    America") (collectively, "HTC").  (MSJ (Dkt. # 107).)  HTC opposes CyWee Motion's

ORDER - 1

summary judgment motion. (Resp. (Dkt. ## 112 (redacted), 113 (sealed).) Second, Plaintiff CyWee Group Ltd. ("CyWee Group") and CyWee Motion (collectively, "CyWee") move for a partial stay of this matter pending *inter partes* review ("IPR") proceedings. (CyWee MTS (Dkt. # 123).) Third, HTC cross-moves for a complete stay pending IPR proceedings. (HTC MTS (Dkt. # 126).) The court has considered the motions, the parties' submissions concerning the motions, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court DENIES CyWee Motion's motion for summary judgment without prejudice to refiling according to the timeline set forth herein. The court further GRANTS in part and DENIES in part CyWee's motion for a partial stay and GRANTS in part and DENIES in part HTC's motion for a complete stay.

## II. BACKGROUND

This case features patent infringement and other disputes between technology companies. The court identifies the parties before summarizing the factual and procedural background.

### A. The Parties

CyWee Group provides products and services in the areas of "motion processing, wireless high definition video delivery, and facial tracking technology." (SAC (Dkt.

---

[1] CyWee Motion and HTC request oral argument on CyWee Motion's summary judgment motion (*see* MSJ at Title Page; Resp. at Title Page), and HTC requests oral argument on its cross-motion for a complete stay (*see* HTC MTS at Title Page), but the court finds that oral argument is unnecessary to its disposition of the motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

1  # 61) ¶ 2.) CyWee Group owns two patents protecting technology that detects, measures,

2  and calculates the movements of machines: United States Patent No. 8,441,438 and

3  United States Patent No. 8,552,978 (collectively, "the Patents-in-Suit"). (*Id.* ¶¶ 15,

4  20-22, 122-24.) CyWee Motion, which is "affiliated" with CyWee Group, specializes in

5  "wireless streaming, facial tracking, and motion processing technology solutions for

6  home entertainment and mobile devices." (CyWee Motion Am. Countercl. (Dkt. # 104)

7  ¶ 7.)

8        HTC Corp. manufactures consumer electronics, including mobile phones and

9  tablets. (SAC ¶ 3; Answer to SAC (Dkt. # 62) ¶ 3.) HTC America, a wholly-owned

10  subsidiary of HTC Corp., imports and sells HTC Corp.'s mobile phones and tablets in the

11  United States. (SAC ¶ 4; Answer to SAC ¶ 4.)

12  **B.**    **Factual Background**

13  ██████████████████████████████████████

14  ██████████████████████████████████

15  ████████████████████████████████████

16  ██████████████████████████████████████

17  ██████████████████████████████████████

18  ██████████████████████████████████████

19  ██████████████████████████████████

20

21      [2] HTC also filed a sealed copy of the License Agreement. (*See* Yoon Decl. (Dkt. # 112-1) ¶ 14, Ex. 3 (sealed).) When citing the License Agreement, the court cites specific paragraph numbers, where applicable. Where no paragraph number corresponds to the cited

22  material, the court cites the Bates number at the bottom-right corner of the document.



1 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4 ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮

5 ▮▮

6 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

7 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8 ▮▮▮▮▮▮▮▮▮▮▮ CyWee

9 Motion, Inc. is a wholly-owned subsidiary of CyWee Motion. (Liou Decl. (Dkt. # 107-2)

10 ¶ 2.)

11 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

12 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

13 ▮▮▮▮▮▮▮▮▮▮▮▮▮ Specifically, HTC

14 integrated into its mobile phones STM sensor hub modules with CyWee Software. (*Id.*

15 ¶ 4.) Whenever HTC required new sensor fusion functionalities, "HTC would request the

16 support from CyWee Motion to develop the new functionalities in the CyWee Software."

17 (*Id.* ¶ 6.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

18 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

19 ▮▮▮▮▮▮▮ HTC asserts that "CyWee Motion provided each

20

21 ³ Both CyWee Motion and HTC imply that that the ▮▮▮▮▮▮▮
. (*See* CyWee Motion Am. Countercl. ¶ 9; HTC MTS at 2.)

22 As discussed below, however, on the record before the court, the relationship between the Patents-in-Suit and the CyWee Software remains unclear. *See infra* § III.B.2.

ORDER - 4

1  version of the CyWee Software directly to HTC in binary form" and "did not place any
2  restrictions on HTC's use of the CyWee Software in HTC devices." (*Id.* ¶¶ 7-8.) HTC
3  further contends that it understood that CyWee Motion was compensated for the CyWee
4  Software ████████████████████████████████ and that CyWee
5  Motion "has never requested payment from HTC for the integration and use of CyWee
6  Software in HTC devices." (*Id.* ¶ 8.)

7  ████████████████████████████████████
8  ████████████████ █ ████████████████████
9  ████████████████████████████████
10 ████████████████████████████████████
11 ████████████████████████████████████
12 ████████████████████████████████████
13 ████████████████████

14       The same day, CyWee Motion notified HTC ██████████████████
15 ██████████ (CyWee Motion Am. Countercl. ¶ 18, Ex. B at 1.[5]) CyWee Motion
16 demanded that HTC "immediately cease and desist any use of [the CyWee S]oftware"
17 and "immediately return any and all copies of the software to CyWee Motion." (*Id.*)
18 //
19

---

20       [4] Although CyWee Motion's amended counterclaims authenticate Exhibit A, the exhibit
       is appended to CyWee Motion's counterclaims. (*See* CyWee Motion Countercl. (Dkt. # 102)
21     ¶ 17, Ex. A.)

22       [5] Although CyWee Motion's amended counterclaims authenticate Exhibit B, the exhibit
       is appended to CyWee Motion's counterclaims. (*See* CyWee Motion Countercl. ¶ 18, Ex. B.)

1    CyWee Motion contends that HTC refused to return its copies of the CyWee Software
2    and, to this day, continues to use the CyWee Software in HTC devices.  (MSJ at 2.)

3    **C.    Procedural History**

4              On June 16, 2017, CyWee Group filed an action for patent infringement against
5    HTC, alleging that certain HTC devices impermissibly practice the Patents-in-Suit.  (*See*
6    Compl. (Dkt. # 1); *see also* SAC.)  This suit is one of seven pending cases in which
7    CyWee Group alleges that a technology company has infringed the Patents-in-Suit.  (*See*
8    CyWee Motion MTS at 2 n.7 (listing cases).)  Among other affirmative defenses, HTC
9    asserts that CyWee Group's patent infringement claims are barred by the patent
10   exhaustion doctrine and that HTC holds "an express or implied license" to practice the
11   Patents-in-Suit.  (Answer to SAC at 19.)  In addition, HTC brings counterclaims against
12   CyWee Group for declaratory judgments of patent invalidity and noninfringement.  (*Id.*
13   ¶¶ 26-41.)

14             On January 11, 2018, HTC filed a third-party complaint against CyWee Motion
15   and STM.  (TPC (Dkt. # 43).)  HTC alleged that the STM components HTC purchased
16   for incorporation into the accused HTC products were covered by the License
17   Agreement, such that STM was obligated to indemnify and defend HTC against CyWee
18   Group's patent infringement claims.  (*Id.* ¶¶ 23, 39-50.)  HTC also brought a claim for
19   unfair business practices under Washington law against CyWee Motion and sought
20   contribution from both CyWee Motion and STM.  (*Id.* ¶¶ 51-61.)

21             On May 31, 2018, HTC filed a stipulated motion to dismiss with prejudice all its
22   claims against STM.  (Stip. MTD (Dkt. # 93); *see also* 6/1/18 Order (Dkt. # 94) at 2

ORDER - 6

1   (granting the stipulated motion to dismiss).)  HTC now represents that it agreed to

2   dismiss its claims against STM because STM threatened to stop supplying HTC with

3   STM sensor hub modules if the litigation continued.[6]  (Siddiqui Decl. (Dkt. # 113-2)

4   ¶¶ 5-6 (sealed).)

5          On September 26, 2018, approximately two months after terminating the License

6   Agreement, CyWee Motion filed counterclaims against HTC for conversion, unjust

7   enrichment, and declaratory judgment of unauthorized possession.  (*See* CyWee Motion

8   Countercl. (Dkt. # 102) ¶¶ 20-33; *see also* CyWee Motion Am. Countercl. ¶¶ 20-38.)

9   Additionally, on November 19, 2018, CyWee Motion asserted a replevin claim against

10  HTC.  (*See* CyWee Motion Am. Countercl. ¶¶ 24-27.)  In brief, CyWee Motion alleges

11  that HTC impermissibly retained possession of the CyWee Software after CyWee Motion

12  terminated the License Agreement.  (*Id.* ¶¶ 17-19.)  On November 28, 2018, CyWee

13  Motion filed the present motion for summary judgment on its conversion and replevin

14  claims.  (*See* MSJ.)

15         On March 4, 2019, CyWee filed a motion to partially stay this case pending IPR

16  proceedings involving the Patents-in-Suit.  (*See* CyWee MTS at 2.)  Months earlier, in

17  connection with an unrelated suit, non-party Google, Inc. filed IPR petitions with the

18  Patent and Trademark Office's Patent Trial and Appeal Board ("PTAB"), seeking to

19

20         [6] HTC also asserted claims against STMicroelectronics, Inc., an affiliate of STM.  (*See generally* 3d-Party Compl. (Dkt. # 43).)  HTC's claims against STMicroelectronics, Inc. were
21  dismissed with prejudice.  (4/23/18 Order (Dkt. # 79) at 1.)  Additionally, HTC withdrew its motion for leave to file an amended third-party complaint, which would have asserted claims
22  against STMicroelectronics Asia Pacific Ltd., another STM affiliate.  (*See* Mot. for Leave to File Am. 3d-Party Compl. (Dkt. # 87) at 2; 6/1/18 Order at 2.)

ORDER - 7

1    invalidate claims in each of the Patents-in-Suit. (*Id.* (citing *CyWee Grp. v. Google, Inc.*

2    No. 1-18-cv-00571 (D. Del.).) The PTAB granted Google, Inc.'s IPR petitions on

3    December 11, 2018. (*Id.*) CyWee now seeks to stay CyWee Group's patent infringement

4    claims against HTC, HTC's patent invalidity and noninfringement counterclaims against

5    CyWee Group, and HTC's third-party claims against CyWee Motion for contribution and

6    unfair business practices. (*Id.* at 4.) In other words, CyWee seeks to stay all claims

7    except CyWee Motion's counterclaims against HTC. (*See id.*) HTC cross-moves for a

8    complete stay pending the outcome of the IPR proceedings. (*See generally* HTC MTS at

9    1.)

10       The court now considers the motions.

11                 **III.    ANALYSIS**

12    **A.    Summary Judgment Motion**

13       CyWee Motion argues that it is entitled to summary judgment on its conversion

14    and replevin claims because there is no genuine dispute that HTC continued to use the

15    CyWee Software "without authorization" after CyWee Motion terminated the License

16    Agreement. (MSJ at 7-8; *see also* Reply at 3.) HTC contends that the court should deny

17    the motion pursuant to Federal Rule of Civil Procedure 56(d) because CyWee Motion

18    filed the motion before HTC could conduct sufficient discovery on CyWee Motion's

19    cross-counterclaims and HTC's affirmative defenses to those claims. (Resp. at 1-2,

20    13-14, 23; Yoon Decl. ¶ 10); *see also* Fed. R. Civ. P. 56(d). HTC also asserts that

21    genuine disputes of material fact preclude summary judgment. (Resp. at 17-22.) The

22    //

1   court finds that HTC is entitled to relief under Rule 56(d) and thus does not reach the

2   merits of CyWee Motion's summary judgment motion.

3         1. <u>Conversion and Replevin</u>

4         Before addressing HTC's arguments under Rule 56(d), the court summarizes the

5   standards that govern CyWee Motion's conversion and replevin claims. Under

6   Washington law, conversion "occurs when a person intentionally interferes with chattel

7   belonging to another, either by taking or unlawfully retaining it, thereby depriving the

8   rightful owner of possession." *Alhadeff v. Meridian on Bainbridge Island, LLC*, 220 P.3d

9   1214, 1223 (Wash. 2009). "Wrongful intent is not an element of conversion, and good

10  faith is not a defense." *Brown ex rel. Richards v. Brown*, 239 P.3d 602, 610 (Wash. Ct.

11  App. 2010). "'Chattel' includes both tangible and intangible goods, such as corporate

12  property." *Lang v. Hougan*, 150 P.3d 622, 637 (Wash. Ct. App. 2007).

13        In a replevin action, a plaintiff "must prove its title and right to possession" of the

14  property at issue. *Crystal Recreation, Inc. v. Seattle Ass'n of Credit Men*, 209 P.2d 358,

15  361 (Wash. 1949). Under Washington law, replevin is a statutory cause of action. *See*

16  *Graham v. Notti*, 196 P.3d 1070, 1072 (Wash. Ct. App. 2008) (citing RCW 7.64.020(2)).

17  A plaintiff bringing a replevin action must show: (1) that "the plaintiff is the owner of

18  the property or is lawfully entitled to the possession of the property by virtue of a special

19  property interest"; (2) that "the property is wrongfully detained" by the defendant; (3)

20  that "the property has not been taken for a tax, assessment, or fine pursuant to a statute";

21  and (4) that "[t]he approximate value of the property." *Graham*, 196 P.3d at 1072. In

22  //

ORDER - 9

1   replevin, the plaintiff "seeks a return of his goods, and damages for the interruption to his

2   possession." *Hoff v. Lester*, 168 P.2d 409, 413 (Wash. 1946).

3       CyWee Motion's theories of conversion and replevin are straightforward.  In

4   short, CyWee Motion argues that HTC wrongfully retained possession of the CyWee

5   Software after the termination of the License Agreement.  According to CyWee Motion,

6   "when the [License Agreement] was terminated, HTC's right to possess and use the

7   CyWee Software pursuant to the [License Agreement] terminated as well." (Reply at 3.)

8   CyWee Motion insists that, "[r]egardless of whether the Patents-in-Suit are infringed or

9   not, CyWee Motion [Group] is still entitled to its property," and HTC must return—*i.e.*,

10  destroy its copies of—the CyWee Software. (MSJ at 8.)  HTC, for its part, argues that

11  CyWee Motion's summary judgment motion is "premature" and that HTC is entitled to

12  conduct discovery into various areas related to HTC's alleged right to continue

13  integrating the CyWee Software into its products.  (*See* Resp. at 1.)

14       2.  Rule 56(d) Analysis

15       Under Rule 56(d), if the nonmoving party "shows by affidavit or declaration that,

16  for specified reasons, it cannot present facts essential to justify its opposition, the court

17  may:  (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or

18  declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ.

19  P. 56(d).  A Rule 56(d) "continuance of a motion for summary judgment for purposes of

20  discovery should be granted almost as a matter of course unless the non-moving party has

21  not diligently pursued discovery of the evidence." *Burlington N. Santa Fe R.R. Co. v.*

22  *Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir.

ORDER - 10

1  2003) (internal quotation marks and citations omitted); *see also Metabolife Int'l, Inc. v.*

2  *Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) ("Although Rule 56(f)[7] facially gives judges

3  the discretion to disallow discovery when the non-moving party cannot yet submit

4  evidence supporting its opposition, the Supreme Court has restated the rule as requiring,

5  rather than merely permitting, discovery 'where the nonmoving party has not had the

6  opportunity to discover information that is essential to its opposition.'" (citing *Anderson*

7  *v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)) (footnote added).  To prevail under

8  Rule 56(d), "parties opposing a motion for summary judgment must make '(a) a timely

9  application which (b) specifically identifies (c) relevant information, (d) where there is

10  some basis for believing that the information sought actually exists.'" *Emp'rs Teamsters*

11  *Local Nos. 175 & 505 Pension Trust Fund v. Clorox*, 353 F.3d 1125, 1129 (9th Cir.

12  2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475

13  (9th Cir. 1986)).

14      HTC makes its Rule 56(d) request in its opposition to CyWee's summary

15  judgment motion and the accompanying declaration of HTC's counsel, James C. Yoon.

16  (*See generally* Resp.; Yoon Decl. ¶ 10.)  The court finds that HTC satisfies all four

17  requirements for relief under Rule 56(d).

18      First, HTC's request is timely:  it was filed within the time HTC had to oppose

19  CyWee Motion's summary judgment motion. (*See* MSJ at 1 (showing that CyWee

20

21  ───────────
[7] Effective December 1, 2010, Federal Rule of Civil Procedure 56(f) was renumbered 56(d).  The Advisory Committee's notes to Rule 56 with respect to the 2010 amendments state that "[s]ubdivision (d) carries forward without substantial change the provisions of former subdivision (f)." *See* Fed. R. Civ. P. 56 Advisory Comm. Notes.

22

ORDER - 11

1    Motion's motion was initially noted for December 28, 2018); Resp. at 24 (showing that

2    HTC filed its response on December 24, 2018)); *see also IVC Highlands TT, LLC v.*

3    *DirectBuy, Inc.*, No. C16-0327RAJ, 2016 WL 3690127, at *2 (W.D. Wash. July 12,

4    2016) (stating that a "request [is] timely if made prior to the summary judgment hearing"

5    (citations and quotations omitted)). CyWee Motion does not dispute that HTC timely

6    invoked Rule 56(d). (*See generally* Reply.)

7        Second, Mr. Yoon's declaration "specifically identifies" information that HTC

8    contends is essential to support its opposition to CyWee Motion's summary judgment

9    motion. *See Emp'rs Teamsters*, 353 F.3d at 1129; (Yoon Decl. ¶ 10.) HTC represents

10    that its discovery requests will clarify, among other issues: (1) the relationship between

11    CyWee Motion and its affiliates, and whether CyWe Motion, CyWee Motion, Inc., and

12    CyWee Tech are "collectively licensors or owners of the CyWee Software," as CyWee

13    Motion claims; (2) "[t]he nature and extent of any royalty payments" ██████████████

14    ████████████████████████ under the License Agreement; (3) whether HTC may

15    ████████████████████████████████████████████████████████████

16    ████████████████████████████████████████████; and (4) "factual

17    issues underlying HTC's affirmative defense of equitable estoppel." (*Id.*; *see also* Resp.

18    at 13-17.)

19        CyWee Motion does not dispute that the fourth factor in the Rule 56(d) analysis—

20    that "there is some basis for believing that the information [HTC seeks] actually

21    exists'"—is satisfied. *See Emp'rs Teamsters*, 353 F.3d at 1129; (*see generally* Reply.)

22    Rather, CyWee Motion appears to argue that the areas of discovery that HTC identifies

████████████████████ed████████████████████

1  are not relevant because, whatever discovery HTC might obtain, HTC cannot show that it

2  has a right to possess the CyWee Software in light of the termination of the License

3  Agreement. (*See* Reply at 2.) The court disagrees.

4        To begin, HTC's intended discovery into the relationship between CyWee Motion,

5  CyWee Motion Inc., CyWee Tech, and other CyWee affiliates is warranted. CyWee

6  Motion refers to CyWee Motion, CyWee Tech, and CyWee Motion, Inc. "collectively as

7  licensors or owners of the CyWee Software." (MSJ at 2 n.1.) To support the proposition

8  that CyWee Motion has an ownership interest in the CyWee Software, however, CyWee

9  Motion cites only the License Agreement and the Assignment. (*See id.* at 4, 9; *see*

10 *generally id.*) ████████████████████████████████

11 ████████████████████████████████████████████████

12 But, on the record before the court, the relationships between CyWee Motion and other

13 CyWee entities remain unclear. HTC is entitled to discovery into the nature of those

14 relationships, their bearing on the ownership of the CyWee Software, and whether

15 CyWee Motion has a property interest in the CyWee Software sufficient to confer

16 standing for its conversion and replevin claims. *See Davenport v. Wash. Educ. Ass'n*,

17 197 P.3d 686, 696 (Wash. Ct. App. 2008) (explaining that, to assert a conversion claim,

18 the plaintiff must "have a possessory or other 'property interest' in the chattel"); RCW

19 9.64.020(2).

20        Moreover, HTC is entitled to obtain discovery on its theory that ████████████

21 ████████████████████████████████████████████████

22 ████████████████████████████████████

ORDER - 13

1

2

3

4

5

6

That argument misses the point, however. ▓▓▓▓▓▓

7

8

9

10

11

12

13

HTC is entitled to further examine which CyWee affiliates received royalties from STM,

14

when the royalties ceased, if ever, and whether the royalties encompassed HTC's

15

post-termination use of the CyWee Software. These issues bear on whether HTC might

16

benefit from the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

17

CyWee Motion argues that HTC collaterally estopped itself from invoking the

18

protection of the License Agreement when HTC dismissed its claims against STM. (MSJ

19

at 8.) Specifically, CyWee Motion insists that "[a]ny rights HTC may have claimed

20

under the [License Agreement] are extinguished because HTC voluntarily and with

21

prejudice dismissed its claims that it was a third-party beneficiary of the [License

22

ORDER - 14



1  Agreement] and entitled to indemnity or contribution from the STM entities." (*Id.*

2  (emphasis omitted).)  CyWee Motion is mistaken.  "Issue preclusion, also known as

3  collateral estoppel, 'attaches only when an issue of fact or law is actually litigated and

4  determined by a valid and final judgment, and the determination is essential to the

5  judgment.'" *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1159 (9th Cir. 2002)

6  (quoting *Arizona v. California*, 530 U.S. 392, 414 (2000)).  "A voluntary dismissal of a

7  claim prior to any adjudication and without any stipulated findings of fact does not

8  actually litigate any issue." *Id.*  HTC voluntarily dismissed its claims against STM prior

9  to any adjudication of those claims and without any stipulated findings of fact. (*See* Stip.

10  MTD at 2-3.)  Thus, in defending against CyWee Motion's counterclaims, HTC is not

11  precluded from arguing that HTC is a third-party beneficiary of the License Agreement.

12        Finally, as of the filing of CyWee Motion's summary judgment motion, there was

13  no indication that HTC had failed to diligently pursue its intended discovery. *See*

14  *Burlington*, 323 F.3d at 773-74.  CyWee Motion filed its summary judgment motion

15  approximately two months after filing its counterclaims and just nine days after amending

16  those claims. (*See* MSJ; CyWee Motion Countercl.; CyWee Motion Am. Countercl.)  In

17  his declaration, Mr. Yoon chronicles the discovery efforts HTC made before CyWee

18  Motion filed its motion for summary judgment, as well as the discovery requests by HTC

19  that were pending at the time it filed its opposition. (Yoon Decl. ¶¶ 6-10.)  That HTC

20  lacked facts "essential to justify its opposition," *see* Fed. R. Civ. P. 56(d), reflected the

21  relatively early date at which CyWee Motion filed its summary judgment motion rather

22  than a failure to diligently pursue discovery.

1    For the foregoing reasons, the court concludes that HTC is entitled to relief under

2 Rule 56(d).  The court thus DENIES CyWee Motion's motion for summary judgment

3 without prejudice to refiling, if appropriate, according to the timeline set forth in the

4 prevailing scheduling order and as explained more fully in the penultimate section of this

5 order.  (*See* 8/7/18 Order (Dkt. # 101) at 2); *see infra* § III.B.2.

6 **B.    Cross-Motions to Stay**

7    In light of the pending IPR proceedings, CyWee moves to stay CyWee Group's

8 patent infringement claims against HTC and HTC's counterclaims for declaratory

9 judgments of noninfringement and patent invalidity against CyWee Group (collectively,

10 "the patent claims").  (CyWee MTS at 4-6; *see also* CyWee MTS Reply (Dkt. # 129) at

11 6-12.)  Additionally, CyWee urges the court to stay HTC's third-party claims against

12 CyWee Motion while allowing CyWee Motion's counterclaims against CyWee Motion to

13 proceed.  (CyWee MTS at 5-6.)  HTC, in contrast, insists that a complete stay is

14 warranted.  (HTC MTS at 6-10; HTC MTS Reply (Dkt. # 130) at 1-6.)  The court begins

15 by considering whether to stay the patent claims.

16    1. Patent Claims

17    "Courts have inherent power to manage their dockets and stay proceedings,"

18 including the authority to stay a case pending IPR proceedings. *Ethicon, Inc. v. Quigg*,

19 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); *Wre-Hol v. Pharos Sci. & Applications*, No.

20 C09-1642MJP, 2010 WL 2985685, at *2 (W.D. Wash. July 23, 2010).  To determine

21 whether to grant such a stay, the court considers "(1) whether a stay will simplify the

22 issues in question and the trial of the case, (2) whether discovery is complete and

1    whether a trial date has already been set, and (3) whether a stay will unduly prejudice or

2    present a clear tactical disadvantage to the non-moving party." *Pac. Bioscience Labs.,*

3    *Inc. v. Pretika Corp.*, 760 F. Supp. 2d 1061, 1063 (W.D. Wash. 2011). "The moving

4    party bears the burden of demonstrating that a stay is appropriate." *DSS Tech. Mgmt.,*

5    *Inc. v. Apple, Inc.*, No. 14-cv-05330-HSG, 2015 WL 1967878, at *2 (N.D. Cal. May 1,

6    2015).

7            The court finds each of the relevant factors weighs in favor of staying the patent

8    claims.  First, the IPR proceedings are likely to simplify the issues for trial.  The PTAB

9    already granted the IPR petitions.  (CyWee MTS at 2.)  Staying the case pending the

10   outcome of IPR could clarify the scope of the patent claims, render some or all of the

11   infringement claims moot, and provide the court with the PTAB's expert opinion.  *See*

12   *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1036 (N.D. Cal. 2015).  Moreover,

13   the stage of the litigation favors a stay.  Although a trial date is set and the discovery

14   cut-off near, the court has yet to hold a claims construction hearing, and the parties have

15   not engaged in dispositive motions practice with respect to the patent claims.[8]  *See, e.g.,*

16   *PersonalWeb Techs., LLC v. Facebook, Inc.*, No. 13-cv-01356-EJD, 2014 WL 116340, at

17   *3 (N.D. Cal. Jan. 13, 2014) (finding that the second factor favored a stay where "a claim

18   construction order ha[d] been issued and the close of fact discovery [wa]s fast

19   approaching" but "a substantial portion of the work—expert discovery, summary

20   judgment, pre-trial preparation, and trial itself—l[ay] ahead").  Finally, HTC does not

21   _____

22        [8] After the parties filed their cross-motions to stay this matter, the court vacated the
     remaining claim construction deadlines. (*See* 3/6/19 Order (Dkt. # 125) at 2.)

1  argue that it will suffer prejudice if the court stays the patent claims. (*See generally* HTC

2  MTS; HTC MTS Reply.)  Accordingly, the court STAYS, pending the outcome of the

3  IPR proceedings, CyWee Group's patent infringement claims against HTC and HTC's

4  counterclaims for declaratory judgments of noninfringement and patent invalidity against

5  CyWee Group.

6      2. Non-Patent Claims

7      The court now confronts the more difficult question whether to extend the stay to

8  the parties' non-patent claims—that is, HTC's third-party claims against CyWee Motion

9  for contribution and unfair competition, and CyWee Motion's counterclaims against HTC

10  for conversion, replevin, unjust enrichment, and declaratory judgment of unauthorized

11  possession.  The parties appear to agree that HTC's third-party claims against CyWee

12  Motion are sufficiently related to the patent claims to warrant a stay of those claims.[9]

13  (*See* CyWee Motion MTS at 4; HTC MTS at 9.)  Accordingly, the parties' dispute

14  centers on whether the court should stay CyWee Motion's counterclaims against HTC, in

15  addition to the parties' other claims, and thereby stay the entire action.

16      Even outside the IPR context, "[a] district court has inherent power to control the

17  disposition of the causes on its docket in a manner which will promote economy of time

18  and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265,

19  268 (9th Cir. 1962).  Considerations of judicial economy alone, however, are generally

20

21      [9] However, HTC appears to argue that, should the court choose not to stay CyWee
Motion's counterclaims against HTC, it should likewise decline to stay HTC's third-party claims
against CyWee Motion. (*See* HTC MTS Reply at 1.)  The court need not reach that argument,
22  given the parameters of the stay the court imposes, as described below.

ORDER - 18

1    insufficient to warrant a stay. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*,

2    498 F.3d 1059, 1066 (9th Cir. 2007). The court must also consider "the possible damage

3    which may result from the granting of a stay, the hardship or inequity which a party may

4    suffer in being required to go forward, and the orderly course of justice measured in

5    terms of the simplifying or complicating of issues, proof, and questions of law which

6    could be expected to result from a stay." *CMAX*, 300 F.2d at 268 (citing *Landis v. N. Am.*

7    *Co.*, 299 U.S. 248, 254-55 (1936)).

8        At the outset, the court acknowledges CyWee's argument that, even if the PTAB

9    were to invalidate the Patents-in-Suit, CyWee Motion's counterclaims against HTC

10   "would survive unaffected." (CyWee MTS Reply at 1.) The court cannot evaluate the

11   merits of that argument because the parties have failed to provide any evidence that sheds

12   light on the relationship between the Patents-in-Suit and the CyWee Software. Both

13   parties imply that the Patents-in-Suit are not coextensive with the CyWee Software, and

14   that the License Agreement encompassed more than simply a license to practice the

15   Patents-in-Suit. (*See* HTC MTS at 2; CyWee MTS Reply at 2-3.) But the role of the

16   Patents-in-Suit within the CyWee Software remains unclear; and, on the limited record

17   before the court, the court cannot with confidence rule out the possibility that outcome of

18   the IPR proceedings may have some bearing on CyWee Motion's counterclaims against

19   HTC.

20       Moreover, the court finds that considerations of judicial efficiency and "the

21   orderly course of justice" favor a complete stay. *See CMAX*, 300 F.2d at 268. Should the

22   court allow CyWee Motion's counterclaims to proceed, it would create the potential for

1  two trials on factually intertwined causes of action: one on CyWee Motion's allegations

2  that HTC has wrongfully retained the CyWee Software, and one on CyWee Group's

3  patent infringement claims against HTC and HTC's unfair competition and contribution

4  claims against CyWee Motion. These claims are best tried together, however. CyWee

5  Group's patent infringement claims, HTC's unfair business practices claim, and CyWee

6  Motion's counterclaims all arise from the same transaction: CyWee Motion's provision

7  of the CyWee Software to HTC.[10] Relatedly, with respect to both the patent infringement

8  claims and CyWee Motion's counterclaims, HTC's affirmative defenses pivot on the

9  ████████████████████████████████, as well as the alleged, years-long

10  development relationship between CyWee Motion and HTC. In light of these factual

11  commonalities, separate trials would risk confusing the complex relationships among the

12  parties and substantially duplicating the court's and the parties' time and effort. *See, e.g.*,

13  *PopSockets LLC v. Quest USA Corp.*, No. 17-CV-3653 (FB) (CLP), 2018 WL 4660374,

14  at *2 (E.D.N.Y. Sept. 28, 2018) (declining to stay the plaintiff's non-patent claims

15  pending IPR proceedings because "the underlying factual disputes are intertwined");

16  *Armor All/STP Co. v. Aerospace Commc'ns Holdings Co.*, No. 6:15-CV-781, 2016 WL

17

18  _____

19  [10] CyWee Motion's counterclaims against HTC thus appear to be "compulsory" within
    the meaning of Federal Rule of Civil Procedure 13(a). *See* Fed. R. Civ. P. 13(a) (stating that a
    compulsory counterclaim is one that "arises out of the transaction or occurrence that is the

20  subject matter of the opposing party's claim"). To allow CyWee Motion's counterclaims to
    proceed while staying the remaining claims would risk defeating Rule 13's purpose to prevent "a

21  substantial duplication of effort and time by the parties and the courts." *See Interlabservice,
    OOO v. Illumina, Inc.*, No. 15cv2171-KSC, 2017 WL 4217133, at *5 (S.D. Cal. Sept. 20, 2017)

22  (quoting *Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384,
    389-390 (3d Cir. 2002)).

1  6397269, at *4 (E.D. Tex. Oct. 28, 2016) (staying factually related patent and non-patent

2  claims).

3         The court also finds that a complete stay will not unduly prejudice CyWee.

4  CyWee contends that, "if this case were stayed in its entirety, CyWee Motion would be

5  unfairly deprived of the opportunity to request, in a timely manner, an order requiring

6  that HTC return the CyWee Software and stop using it." (CyWee MTS at 6; *see also*

7  CyWee MTS Reply at 10-11.) That CyWee Motion elected not to pursue preliminary

8  injunctive relief against HTC on its conversion and replevin claims undercuts its assertion

9  that it must "obtain resolution of those claims as quickly and efficiently as possible."

10  (CyWee MTS at 6); *see Tradesman Int'l v. Black*, 724 F.3d 1004, 1012-13 (7th Cir.

11  2013) (noting that the plaintiff's decision to not seek preliminary injunctive relief

12  "suggests that [the plaintiff] has not suffered irreparable harm"). Furthermore, a stay

13  pending IPR is not indefinite; the PTAB must issue a final determination within a year—

14  or 18 months "for good cause shown"—of the date when the PTAB notices the institution

15  of IPR proceedings. *See* 35 U.S.C. § 316(a)(11). The court acknowledges, however, that

16  CyWee Motion has a legitimate interest in obtaining a decision on the merits of its

17  summary judgment motion, which was pending for longer than the time within which the

18  court endeavors to address such motions. (*See* MSJ.) The court also observes that

19  CyWee Motion filed its summary judgment motion before the PTAB granted the IPR

20  petitions and before the parties filed their cross-motions for a stay. (*See id.*; CyWee MTS

21  at 2.)

22  //

1      Accordingly, the court imposes a stay with the following parameters: The court

2  will permit CyWee Motion to refile its motion for summary judgment before the

3  dispositive motions deadline, currently set for July 2, 2019. (*See* 8/7/18 Order at 2.) If

4  CyWee Motion does not refile its summary judgment motion or the court does not grant

5  the motion in full, then the court will stay CyWee Motion's counterclaims pending the

6  outcome of the IPR proceedings. In light of the court's ruling on HTC's request for relief

7  under Rule 56(d), *see supra* § III.A.2, HTC is entitled to respond to CyWee Motion's

8  summary judgment motion with any discovery it obtains before the June 18, 2019,

9  discovery cut-off (*see id*). In other words, the court does not stay discovery related to

10  CyWee Motion's summary judgment motion. However, all other discovery is stayed.

11  The court further STAYS CyWee Group's patent infringement claims against HTC,

12  HTC's counterclaims against CyWee Group, and HTC's third-party claims against

13  CyWee Motion pending the IPR proceedings.

14  **C.    Provisionally Filed Under Seal**

15      Because this order relies on materials filed under seal, the court DIRECTS the

16  Clerk to provisionally file the order the seal. The court ORDERS counsel to meet and

17  confer regarding which, if any, portions of this order they seek redact. Counsel must then

18  submit one joint statement or, if they cannot agree on a joint statement, competing

19  statements indicating the portions of the order they seek to have redacted and on what

20  basis. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir.

21  2006). The statement or statements must attach a proposed redacted order that

22  incorporates the redactions requested in the corresponding statement. The parties must

1  file any such statement within 14 days of the date of this order. The court will consider

2  the parties' redaction requests, if any, and then file the order on the docket with any

3  necessary redactions.

4  **IV.    CONCLUSION**

5  For the foregoing reasons, the court DENIES CyWee Motion's motion for

6  summary judgment (Dkt. # 107) without prejudice to refiling before the dispositive

7  motions deadline. The court further GRANTS in part and DENIES in part CyWee's

8  motion for a partial stay (Dkt. # 123) and GRANTS in part and DENIES in part on

9  HTC's motion for a complete stay (Dkt. # 126). The court VACATES the trial date and

10 related pretrial dates in this matter, except for the discovery cut-off and the dispositive

11 motions deadline. In addition, the court DIRECTS the Clerk to provisionally file this

12 order under seal and ORDERS the parties to meet and confer regarding the need for

13 redaction and, within 14 days of the date of this order, to indicate any such need as

14 described above.

15 Dated this 13th day of June, 2019.

16

17

18 The Honorable James L. Robart
   U.S. District Court Judge

19

20

21

22