THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

SEATTLE DIVISION

| | |
|---|---|
| CYWEE GROUP LTD.,<br><br>    *Plaintiff,*<br><br>v.<br><br>HTC CORPORATION and<br>HTC AMERICA, INC.,<br><br>    *Defendants.*<br><br>HTC CORPORATION and<br>HTC AMERICA, INC.<br><br>    *Third-Party Plaintiffs,*<br>v.<br><br>CYWEE MOTION GROUP LTD.,<br><br>    *Third-Party Defendant.* | CASE NO. 2:17-cv-00932-JLR<br><br>JURY TRIAL DEMANDED<br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN** |

**JOINT STATUS REPORT AND DISCOVERY PLAN**

JOINT STATUS REPORT AND DISCOVERY PLAN
Civil Action No. 17-cv-932-JLR

KING IP LAW
P.O. BOX 50205
BELLEVUE, WA  98015-0205
(425) 922-4290

1

Pursuant to the Court's August 28, 2024 Order, Plaintiff CyWee Group Ltd. ("CyWee") and Third-Party Defendant CyWee Motion Group Ltd. ("CyWee Motion") and Defendants and Third-Party Plaintiffs HTC Corporation and HTC America, Inc., (collectively "HTC" and/or "Defendants") submit the following Joint Status Report and Discovery Plan.

1. **NATURE AND COMPLEXITY OF THE CASE**

**CyWee's Position:** CyWee has brought claims against HTC for conversion, replevin, unjust enrichment, constructive trust, and declaratory judgment.

Pursuant to a 2013 Development and License Agreement ("License Agreement") between CyWee Technology Pte. Ltd. and STMicroelectronics International N.V. ("STM"), CyWee granted a license to STM for "Licensed Technology", defined as consisting of certain CyWee software ("CyWee Software") and related to motion sensing modules, methods and associated intellectual property. The License Agreement required royalties to be paid on each STM "Licensed Product" in the form of a running royalty. Pursuant to the License Agreement, the CyWee Software was to be integrated by STM into the Licensed Products manufactured, sold and/or distributed by STM. However, unbeknownst to CyWee, HTC received a copy of the CyWee Software from STM and was loading the CyWee Software onto all of its devices including those purchased from STM. Because the STM microcontrollers were sold to HTC without the software installed, STM did not report the sales as Licensed Products and did not pay royalties on those sales as would be required under the License Agreement. Discovery will need to address whether the fraudulent scheme to avoid royalties was knowingly and intentionally participated in by HTC.

JOINT STATUS REPORT AND DISCOVERY PLAN
Civil Action No. 17-cv-932-JLR

KING IP LAW
P.O. BOX 50205
BELLEVUE, WA  98015-0205
(425) 922-4290

2

Information directly from HTC's counsel indicates that 90% of the HTC products sold prior to the Court's stay contained STM microcontrollers and CyWee Software.[1] HTC was not, and has never been, authorized by CyWee to possess or use CyWee Software. HTC failed to comply with CyWee's demand to return any copies of CyWee Software and continued its unauthorized possession and use of such software during the pendency of the Court's stay. CyWee seeks an order compelling the return of the CyWee Software, an accounting of its use since the STM License Agreement was terminated and damages for the conversion, replevin and unjust enrichment as a result of the unauthorized use by HTC of the CyWee Software. If discovery reveals HTC was knowingly participating in STM's attempts to defraud CyWee, a request to amend the complaint to add a claim for fraud will be made.

CyWee sent notice to HTC of its unlawful acquisition and use of CyWee's software and demand to return all CyWee Software to Cywee. HTC contends it acted in good faith and lawfully acquired the use of CyWee Software, and further stated that CyWee acquiesced to, consented to, or ratified HTC's use of the CyWee Software. CyWee granted a license to STM whereby STM was to pre-load the software onto microcontrollers to be sold to its customers. HTC then bought these STM microcontrollers without the software loaded onto them, wrongfully acquired the CyWee Software and began using it without permission or license from CyWee. HTC further contends its use and acquisition of the CyWee Softwre was authorized by CyWee publicly holding that HTC is a licensed customer. HTC contends these actions created a misrepresentation by

---

[1] Whether those percentages held true after the stay was entered is unknown.

JOINT STATUS REPORT AND DISCOVERY PLAN  
Civil Action No. 17-cv-932-JLR

KING IP LAW  
P.O. BOX 50205  
BELLEVUE, WA  98015-0205  
(425) 922-4290

3

CyWee of the relationship between the parties. CyWee has never stated, verbally or written, that HTC had a license to its software. In fact, upon learning of STM's breach of the terms of the License Agreement, CyWee terminated the STM License Agreement.

HTC filed its third-party claims of contribution and violations of the Washington Unfair Business Practice-Consumers Act under §19.86.010 and §19.86.920 prefacing that CyWee had engaged in unlawful, unfair, and/or fraudulent business acts or practices and/or unfair, deceptive, untrue, or misleading advertising as to the sale of or licensing of its software and intellectual property. CyWee contends these claims are barred, waived or estopped as a result of HTC's dismissal with prejudice against the STM entities. CyWee contends that the UBPCPA does not apply to CyWee as no relationship between HTC and CyWee exists under the requirements of the statute.

**HTC's Position:** HTC has brought claims against Third-Party Defendant CyWee Motion Group Ltd. for contribution and violations of the Washington Unfair Business Practice-Consumers Act under §19.86.010 and §19.86.920 based on CyWee Motion's unlawful, unfair, and fraudulent business practices, which include, *inter alia*, selling and/or offering for sale the Sensor Fusion Hub Software, while advertising and directing HTC to comply with the motion sensor technology and software, without informing HTC that it intended to sue HTC, through its affiliate and related entity Plaintiff CyWee Group Ltd., for patent infringement based on the use of that software. HTC relied upon CyWee Motion's teachings and requirements and used its Sensor Fusion Hub Software in its ordinary and anticipated operation, in accordance with CyWee Motion's teachings and/or requirements. HTC was injured by using, incorporating, and complying with CyWee Motion's

JOINT STATUS REPORT AND DISCOVERY PLAN
Civil Action No. 17-cv-932-JLR

KING IP LAW
P.O. BOX 50205
BELLEVUE, WA 98015-0205
(425) 922-4290

4

Sensor Fusion Hub Software products and requirements by being the subject of and having to defend against CyWee's patent enforcement activities.

With respect to CyWee's contention that HTC's claims are barred, waived or estopped as a result of HTC's dismissal with prejudice against the STM entities, the Court has already addressed this issue and ruled against CyWee. Dkt. # 133 at 14-15. In its Order on Third-Party Defendant's Motion for Summary Judgment and on Cross-Motions for Stay, the Court ruled:

> CyWee Motion is mistaken. "Issue preclusion, also known as collateral estoppel, 'attaches only when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment.'" *Amadeo v. Principal Mut. Life Ins. Co.,* 290 F.3d 1152, 1159 (9th Cir. 2002) (quoting *Arizona v. California,* 530 U.S. 392, 414 (2000)). "A voluntary dismissal of a claim prior to any adjudication and without any stipulated findings of fact does not actually litigate any issue." *Id.* HTC voluntarily dismissed its claims against STM prior to any adjudication of those claims and without any stipulated findings of fact. (*See* Stip. MTD at 2-3.) Thus, in defending against CyWee Motion's counterclaims, HTC is not precluded from arguing that HTC is a third-party beneficiary of the License Agreement.

*Id.* Thus, this issue need not be addressed again by the Court.

With respect to CyWee Motion's conversion and replevin claims, HTC was authorized to use the software at issue and fully complied with its obligations. Further, CyWee Motion has yet to provide any evidence that it has ownership interest in the CyWee Software at issue. *See* Court's Order Denying Third-Party Defendant's Renewed Motion for Summary Judgment, Dkt. # 146 at 17-18. Without such ownership interest, CyWee Motion has no right to sue for conversion or

JOINT STATUS REPORT AND DISCOVERY PLAN
Civil Action No. 17-cv-932-JLR

KING IP LAW
P.O. BOX 50205
BELLEVUE, WA 98015-0205
(425) 922-4290

5

replevin as it relates to that software.  To date, CyWee Motion has not moved to amend the pleading to correct the parties, despite the deadline to do so long passing.

**2.     PROPOSED DEADLINE FOR JOINING ADDITIONAL PARTIES**

The parties propose a deadline for joining additional parties to be set at seventy-five (75) days after the filing of this Joint Status Report and Discovery Plan.

**3.     CONSENT TO MAGISTRATE**

The parties have not consented to have this case heard by a Magistrate Judge.

**4.     DISCOVERY PLAN**

   **A.     Initial Disclosures**

The Rule 26(f) conference was conducted on September 11, 2024.  Rule 26(a) initial disclosures were made on September 25, 2024.

   **B.     Subjects, Timing and Potential Phasing of Discovery**

<u>**CyWee's Position:**</u>  The parties do not believe phasing of discovery is necessary. CyWee proposes the following schedule:

JOINT STATUS REPORT AND DISCOVERY PLAN  
Civil Action No. 17-cv-932-JLR

KING IP LAW  
P.O. BOX 50205  
BELLEVUE, WA  98015-0205  
(425) 922-4290

6

| Deadline | Proposed Schedule |
|---|---|
| Close of Fact Discovery | June 8, 2025 |
| Parties Serve Opening Expert Reports | July 8, 2025 |
| Parties Serve Rebuttal Expert Reports | July 22, 2025 |
| Close of Expert Discovery | August 22, 2025 |
| Last Day to File Dispositive Motions | September 8, 2025 |
| Motions *in Limine* | September 26, 2025 |
| Agreed Pretrial Order | October 3, 2025 |
| Trial briefs, proposed voir dire questions, proposed jury instruction | October 13, 2025 |
| Pretrial Conference | October 23, 2025 |
| Trial (Parties propose 4-5 Jury Days) | November 10, 2025 |

**HTC's Position:** Discovery should be stayed until the Court resolves the dispute regarding standing. Once the Court issues an order resolving the parties' standing dispute, the parties shall submit an updated joint status report with a proposed case schedule.

    **C.**    **Electronically Stored Information**

The parties intend to adopt modified versions of the Court's Model Agreement Regarding Discovery of Electronically Stored Information and of the Court's Model Stipulated Protective Order.

    **D.**    **Privilege Issues**

The parties consent to the claw back agreement provided in the Court's Model Agreement Regarding Discovery of Electronically Stored Information and Model Stipulated Protective Order.

JOINT STATUS REPORT AND DISCOVERY PLAN  
Civil Action No. 17-cv-932-JLR

KING IP LAW  
P.O. BOX 50205  
BELLEVUE, WA 98015-0205  
(425) 922-4290

7

### E. Proposed Limitations on Discovery

The parties do not believe there should be any limitations to discovery other than those set forth in the Federal Rules of Civil Procedure, the Local Rules, the Patent Local Rules, and the Orders of this Court except as noted below:

The parties agree that the limits on depositions set forth in the Federal Rules of Civil Procedure shall govern depositions, except that for each expert report served by an expert witness, the parties will be permitted one (1) day of seven (7) hours to depose said expert witness. By way of example, if a party designates a single expert to testify on the separate issues, the opposing party will be permitted to depose that expert for one day of seven hours on each respective issue. The parties will negotiate in good faith regarding additional deposition time should any party reasonably believe that a specific need for additional time exists.

A non-translated deposition will not go longer than seven (7) hours per day on the record on any given day, unless agreed to by the party being deposed, who shall not unreasonably withhold consent to allow additional time if needed to fairly examine the deponent and such additional time is no more than sixty (60) minutes. This seven-hour per day limitation does not mean that a corporate representative who is designated on more than one topic will be limited to seven hours total time for his/her deposition.

The parties agree that for depositions using an interpreter, time will be measured using a 1.5x multiplier. For example, the seven-hour time limit will be increased to ten-and-a-half (10.5) hours for depositions with an interpreter but will only count for seven (7) hours against the parties' limitations on depositions.

JOINT STATUS REPORT AND DISCOVERY PLAN  
Civil Action No. 17-cv-932-JLR

KING IP LAW  
P.O. BOX 50205  
BELLEVUE, WA  98015-0205  
(425) 922-4290

8

A party who serves a subpoena in this matter on a non-party shall, prior to or at the same time as serving that non-party, provide a copy of the subpoena and all attachments thereto to the other party.  A party who receives documents from a third-party pursuant to a subpoena will reproduce those documents to the other party within five (5) business days.  Where reproduction of documents within five (5) business days is not possible, the party who received the documents will provide prompt notice to the other party and will work in good faith to resolve the issue on a case-by-case basis.  A party scheduling the deposition of a third-party shall promptly notify the parties of the date and location of the deposition and make all best efforts to schedule any deposition of the third party no earlier than five (5) business days after the party scheduling the deposition provides the copies of any documents received from that third party, provided, however, the scheduling party shall not be obligated to reschedule a deposition if the third-party produces documents within five (5) business days before the deposition.

The parties agree to serve documents by email to counsel of record, or if the documents are voluminous, by FTP, Dropbox, or other internet file service.  The parties will use their best efforts to serve documents filed under seal by email, or if too voluminous, by FTP or other internet file service within an hour of filing.

The parties agree that communications with a party's expert witness will not be subject to discovery, but any information relied upon by an expert witness in forming an opinion will be discoverable.

Any party may later move to modify these limitations for good cause.

JOINT STATUS REPORT AND DISCOVERY PLAN
Civil Action No. 17-cv-932-JLR

KING IP LAW
P.O. BOX 50205
BELLEVUE, WA  98015-0205
(425) 922-4290

F.  The Need for Any Discovery Related Orders

The parties intend to adopt a modified version of the Court's Model Stipulated Protective Order and Model Agreement Regarding Discovery of Electronically Stored Information as described in paragraph 4(C), above.

## 5. THE PARTIES' VIEWS, PROPOSALS, AND AGREEMENTS REGARDING RULE 26(f)(1)

A.  Prompt Case Resolution

**CyWee's Position:**  CyWee has offered to accept $5,500,000 from HTC for a full release and a reasonable royalty of $5 per phone or device going forward, or alternatively, $15,000,000 for a full release and paid-up license for the CyWee Software. To date, HTC has not responded.

**HTC's Position:**  CyWee's claims should be dismissed, since CyWee does not own the software at issue and does not have standing to sue. Moreover, CyWee is not entitled to any relief or damages, since CyWee's claims lack merit. To the extent HTC's products incorporate devices that allegedly incorporate CyWee Sensor Fusion Hub, those products were licensed and covered by the joint development agreement and license agreements with CyWee Motion. To this day, CyWee Motion still markets HTC as a licensee (*see* cyweemotion.com, last visited Sept. 24, 2024). Given CyWee's unfair business practices, HTC is currently seeking at least its costs of suit, including reasonable attorneys' fees. HTC continues to investigate the amount and nature of damages to which it may be entitled. However, to avoid further costs of litigation, HTC has proposed that all parties dismiss all claims with prejudice without any exchange of payment. CyWee rejected HTC's proposal.

JOINT STATUS REPORT AND DISCOVERY PLAN
Civil Action No. 17-cv-932-JLR

KING IP LAW
P.O. BOX 50205
BELLEVUE, WA 98015-0205
(425) 922-4290

10

### B. Alternative Dispute Resolution

The parties agree to private mediation and will work to identify a mediator agreeable to all parties within ninety (120) days with the corresponding report due within fifteen (15) days after the mediation.

### C. Related Cases

None.

### D. Discovery Management

The parties agree to abide by the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Civil Rules, share discovery information obtained from third parties, and coordinate the schedule for depositions in advance of setting such dates.

### E. Anticipated Discovery Sought

The parties intend to conduct discovery on all claims in the pleadings in this matter.

### F. Phasing Motions

Except as described here or in the Local Civil Rules, the parties do not currently believe that phasing motions, except as provided herein, will facilitate early resolution of potentially dispositive issues.

#### a. Preservation of Discoverable Information

The parties have not identified any issues relating to the preservation of discoverable information and the scope of the preservation obligation.

#### b. Inadvertent Production/Privilege

The parties have adopted the claw back provisions provided in the Court's Model Agreement Regarding Discovery of Electronically Stored Information and Model Stipulated Protective Order.

JOINT STATUS REPORT AND DISCOVERY PLAN
Civil Action No. 17-cv-932-JLR

KING IP LAW
P.O. BOX 50205
BELLEVUE, WA  98015-0205
(425) 922-4290

11

   c. **Model Protocol for Discovery of ESI**

The parties intend to adopt a modified version of the Court's Model Agreement Regarding Discovery of Electronically Stored Information.

In addition, the parties agree as follows:

General Electronically Stored Information ("ESI") production under Federal Rules of Civil Procedure 34 and 45 shall not include email and similar forms of electronic correspondence (collectively, "email"). To obtain email, parties must propound specific email production requests in accordance with an e-discovery order agreed upon by the parties.

The parties agree to search non-custodial central repositories, including central databases, or relevant portions thereof, using the same search terms to the extent that the party reasonably anticipates they contain non-duplicative responsive documents.

Regarding the production of ESI, the parties agree that they will produce such information in an organized manner on CD, DVD or the like, or by FTP, Dropbox, or other internet file service. Voluminous productions will be made on CD, DVD, or the like. Each piece of production media shall identify a production number corresponding to the production volume (*e.g.*, "VOL001," "VOL002"), as well as the volume of the material in that production (*e.g.*, "-001," "-002"). Each piece of production media shall also identify: (1) The producing party's name, (2) the production date, and (3) the Bates number range of the materials contained on the production media.

ESI shall be in its native format, except where the native format requires proprietary software to open and review. The parties agree that they will provide or make available certain documents natively upon reasonable requests by the receiving party.

Responsive documents will be stamped with the appropriate confidentiality designations in accordance with the protective order(s) in this matter. Each file should be one page and named according to the corresponding Bates number associated with the document. To the extent feasible,

JOINT STATUS REPORT AND DISCOVERY PLAN
Civil Action No. 17-cv-932-JLR

KING IP LAW
P.O. BOX 50205
BELLEVUE, WA  98015-0205
(425) 922-4290

12

each responsive document produced in native format will have its confidentiality designation identified in the filename of the native file. Additionally, any ESI produced in a TIFF format will include appropriate confidentiality designation as provided under the protective order(s) in this matter. Source code will be produced in accordance with the protective order(s) in this matter. The parties agree that the search terms will not be applied to source code.

A party is only required to produce a single copy of a responsive document, and a party may de-duplicate responsive ESI (based on MD5 or SHA-1 hash values at the document level) across custodians.

In addition, to the extent possible, text files should be provided along with the image files for each document. Any optical character recognition ("OCR") or text files created for use by the producing party shall be provided to the receiving party. The text of native files should be extracted directly from the native file. If a document has been redacted, however, or does not contain extractable text, OCR of the redacted document will suffice in lieu of extracted text.

The parties further agree that each party will use its best efforts to filter out common system files and application executable files by using a commercially reasonable hash identification process.

The parties identify the following accessible and inaccessible ESI as to the parties:

      a. <u>Accessible ESI</u>: Reasonably accessible sources of ESI include electronic documents stored on computer networks, hard drives, shared network drives, workstation or laptop hard drives, and portable drives/media, including external hard drives, zip drives, CD-ROM and DVD-ROM disks, and USB flash drives/jump drives. Each party will conduct a reasonably diligent search of those reasonably accessible sources in which it has reason to believe relevant, non-duplicative ESI responsive to discovery requests will be found.

JOINT STATUS REPORT AND DISCOVERY PLAN  
Civil Action No. 17-cv-932-JLR

KING IP LAW  
P.O. BOX 50205  
BELLEVUE, WA 98015-0205  
(425) 922-4290

13

b.       <u>Inaccessible ESI</u>: Contingent on each party's compliance with the obligations set forth in Paragraph 3(a), above, the parties agree that the circumstances of this case do not warrant the preservation, review, or production of the following ESI that is not reasonably accessible because: (1) It is unlikely that significant relevant information would be located in those sources that is not otherwise available from reasonably accessible sources and (2) the remote possibility of locating significant relevant information is substantially outweighed by the burden and cost of preservation and/or review and production of ESI from these sources:

- Voicemail;
- Instant messaging and text messaging;
- Residual, fragmented, damaged, permanently deleted slack and unallocated data;
- Data residing on mobile telephones and handheld PDA-type devices; and
- Metadata.

The parties will meet and confer on whether the production of backup tapes, online archive, offline archive, and legacy data is warranted in this case due to the substantial burden associated with reviewing and locating significant relevant information in these sources.

c.       **Alternatives to Model Protocol**

None.

**6.   COMPLETION OF DISCOVERY**

The parties propose a deadline for completing discovery as set forth in Section 4.B above.

**7.   BIFURCATION**

The parties do not believe that the case should be bifurcated.

**8.   PRETRIAL STATEMENT**

JOINT STATUS REPORT AND DISCOVERY PLAN
Civil Action No. 17-cv-932-JLR

KING IP LAW
P.O. BOX 50205
BELLEVUE, WA 98015-0205
(425) 922-4290

14

The parties do not wish to dispense with pretrial statements or pretrial orders required by Local Civil Rules 16(e), (h), (i), and (k), and 16.1.

**9.  INDIVIDUALIZED TRIAL PROGRAM**

The parties do not intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2.

**10.  OTHER SUGGESTIONS**

    **A.  Service by Electronic Means**

The parties agree that courtesy copies of all documents, including motions, discovery requests and responses, shall be sent to one another via email (or FTP transfer), and that such transmissions shall be accepted as service in accordance with Federal Rule of Civil Procedure 5(b)(2)(E).

**11.  TRIAL DATE**

<u>**CyWee's Position:**</u>  This case will be ready for trial on November 10, 2025.

<u>**HTC's Position:**</u>  Discovery should be stayed until the Court resolves the dispute regarding standing.  Once the Court issues an order resolving the parties' standing dispute, the parties shall submit an updated joint status report with a proposed case schedule.

**12.  TRIAL BY JURY**

The parties have requested a jury trial.

**13.  NUMBER OF TRIAL DAYS REQUIRED**

The parties believe that the duration of the trial will be seven to eight jury days.

**14.  CONTACT INFORMATION FOR TRIAL COUNSEL**

JOINT STATUS REPORT AND DISCOVERY PLAN  
Civil Action No. 17-cv-932-JLR

KING IP LAW  
P.O. BOX 50205  
BELLEVUE, WA  98015-0205  
(425) 922-4290

15

Expected trial counsel for CyWee is:

Joshua King
King IP Law
P.O. Box 50205
Bellevue, WA 98015

Michael W. Shore (*Pro Hac Vice*)
Zachary Della Porta (*Pro Hac Vice*)
The Shore Firm LLP
5646 Milton Street, Suite 423
Dallas, Texas 75206

Expected trial counsel for HTC is:

James C. Yoon, CA Bar #177155 (*pro hac vice*)
Ryan R. Smith, WA Bar # 57331
Jamie Y. Otto, CA Bar # 295099 (*pro hac vice*)
Wilson Sonsini Goodrich & Rosati Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
jyoon@wsgr.com
rsmith@wsgr.com
jotto@wsgr.com

**15. DATES ON WHICH TRIAL COUNSEL MAY HAVE COMPLICATIONS REGARDING THE TRIAL DATE**

Counsel for Plaintiff do not anticipate any complications at this time.

**16. CONFIRMATION OF SERVICE**

All parties have been served.

**17. SCHEDULING CONFERENCE**

JOINT STATUS REPORT AND DISCOVERY PLAN
Civil Action No. 17-cv-932-JLR

KING IP LAW
P.O. BOX 50205
BELLEVUE, WA 98015-0205
(425) 922-4290

The parties do not request a scheduling conference at this time.

**18.    DATE OF RULE 7.1 DISCLOSURE FILING**

Plaintiff CYWEE GROUP LTD. filed its Corporate Disclosure Statement on June 16, 2017.

Third-Party Defendant CYWEE MOTION GROUP LTD. will file its Corporate Disclosure Statement by October 11, 2024.

Defendants and Third-Party Plaintiffs HTC CORPORATION and HTC AMERICA, INC., filed their disclosure statements on October 26, 2017.

Dated this 27 day of September, 2024.          Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Josh King
　　　　　　　　　　　　　　　　　　　　　　　Josh King WSBA 22244
　　　　　　　　　　　　　　　　　　　　　　　jking@king-iplaw.com
　　　　　　　　　　　　　　　　　　　　　　　King IP Law PLLC
　　　　　　　　　　　　　　　　　　　　　　　P.O Box 50205
　　　　　　　　　　　　　　　　　　　　　　　Bellevue, WA 98015
　　　　　　　　　　　　　　　　　　　　　　　Tel: (425) 922-4290
　　　　　　　　　　　　　　　　　　　　　　　Fax: (206) 642-8111

　　　　　　　　　　　　　　　　　　　　　　　Michael W. Shore* (mshore@shorefirm.com)
　　　　　　　　　　　　　　　　　　　　　　　Zachary Della Porta*
　　　　　　　　　　　　　　　　　　　　　　　(zdellaporta@shorefirm.com)
　　　　　　　　　　　　　　　　　　　　　　　The Shore Firm LLP
　　　　　　　　　　　　　　　　　　　　　　　5646 Milton Street, Suite 423
　　　　　　　　　　　　　　　　　　　　　　　Dallas, Texas 75206
　　　　　　　　　　　　　　　　　　　　　　　Tel: (214) 593-9110

　　　　　　　　　　　　　　　　　　　　　　　* Admitted pro hac vice
　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff CMHK Ltd.* a/k/a
　　　　　　　　　　　　　　　　　　　　　　　*CyWee Group Ltd and Third-Party Defendant*
　　　　　　　　　　　　　　　　　　　　　　　*and Counter-Plaintiff CyWee Motion Group Ltd.*


　　　　　　　　　　　　　　　　　　　　　　　 s/ Ryan R. Smith

JOINT STATUS REPORT AND DISCOVERY PLAN                          KING IP LAW
Civil Action No. 17-cv-932-JLR                                 P.O. BOX 50205
                                                        BELLEVUE, WA  98015-0205
                                                              (425) 922-4290

| | |
|---|---|
| 1 | James C. Yoon, CA Bar #177155 (*pro hac vice*) |
| 2 | Ryan R. Smith, WA Bar #57331<br>Jamie Y. Otto, CA Bar # 295099 (*pro hac vice*) |
| 3 | **WILSON SONSINI GOODRICH & ROSATI PC**<br>650 Page Mill Road |
| 4 | Palo Alto, CA 94304-1050<br>Telephone: (650) 493-9300 |
| 5 | Facsimile: (650) 565-5100<br>Email: jyoon@wsgr.com |
| 6 | rsmith@wsgr.com<br>jotto@wsgr.com |
| 7 | *Attorneys for Defendants and Third-Party* |
| 8 | *Plaintiffs HTC Corporation and HTC America, Inc.* |

JOINT STATUS REPORT AND DISCOVERY PLAN  
Civil Action No. 17-cv-932-JLR

KING IP LAW  
P.O. BOX 50205  
BELLEVUE, WA 98015-0205  
(425) 922-4290

# **CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2024, I presented the foregoing Joint Status Report and Discovery Plan to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: September 27, 2024             *s/ Ryan R. Smith*
                                      Ryan R. Smith

JOINT STATUS REPORT AND DISCOVERY PLAN
Civil Action No. 17-cv-932-JLR

KING IP LAW
P.O. BOX 50205
BELLEVUE, WA  98015-0205
(425) 922-4290

19