1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10 | CYWEE GROUP, LTD.,                          CASE NO. C17-0932JLR

11 |                          Plaintiff,         ORDER

12 |          v.                                 **PROVISIONALLY FILED
                                                 UNDER SEAL**
13 | HTC CORPORATION, et al.,

14 |                          Defendants.

15 | HTC CORPORATION, et al.,

16 |                   Third-Party Plaintiffs,

17 |          v.

18 | CYWEE MOTION GROUP LTD.,

19 |                   Third-Party Defendant.

20                              I.      INTRODUCTION

21        Before the court are two motions:  (1) Defendants / Third-Party Plaintiffs HTC

22  Corporation and HTC America, Inc.'s (together, "HTC") motion to dismiss Third-Party

ORDER - 1

1  Defendant CyWee Motion Group Ltd.'s[1] ("CyWee Motion Group") first amended

2  cross-counterclaims (MTD (Dkt. # 193)) and (2) CyWee Motion Group's motion for

3  leave to further amend its cross-counterclaims (MTA (Dkt. # 194)).  Each party opposes

4  the other party's motion.  (MTD Resp. (Dkt. # 195); MTA Resp. (Dkt. # 196).[2])  The

5  court has considered the parties' submissions, the relevant portions of the record, and the

6  governing law.  Being fully advised,[3] the court GRANTS HTC's motion to dismiss and

7  DENIES CyWee Motion Group's motion to amend.

8                         **II.    BACKGROUND**

9         The motions before the court implicate multiple affiliates of Plaintiff CyWee

10  Group Ltd. ("CyWee Group"), which initiated this action in June 2017 by filing patent

11  infringement claims against HTC.  (*See* Compl. (Dkt. # 1); *see also* MTD at 2-3

12  (describing five CyWee entities).)  The court recounts the relevant background below.

13         In 2011, HTC's former supplier, former Third-Party Defendant

14  STMicroelectronics International, N.V. ("STM") entered into a three-year license

15  agreement (the "2011 License Agreement") with non-party CyWee Company which

16  granted STM a non-exclusive, non-transferable worldwide license to use CyWee

17

18         [1] CyWee Motion Group has variously spelled its name is "CyweeMotion Group" (*see*
19  8/19/19 Order (Dkt # 146 (sealed)) at 14) or "Cyweemotion Group" (*see* MTA at 1).  Because no
    party has moved to amend the caption, the court uses the spelling "CyWee Motion Group," as
    reflected in the docket.  (*See generally* Dkt.)

20         [2] HTC combined its reply in support of its motion to dismiss with its response to CyWee
21  Motion Group's motion to amend.  (*See id.* at 1.)  CyWee Motion Group did not file a reply in
    support of its motion to amend.  (*See generally* Dkt.)

22         [3] Neither party requests oral argument.  The court concludes that oral argument would not
    aid in its resolution of the motions.  Local Rules W.D. Wash. LCR 7(b)(4).

1    Company's technology, including the CyWee Software at issue in this case.  (Yoon Decl.

2    (Dkt. # 112-1) ¶ 13, Ex. 2 (Dkt. # 113-3 (sealed)) at 2-20[4] ("2011 License Agreement")

3    §§ 4.1, 4.3.)  In 2013, non-party CyWee Technology Pte. Ltd. ("CyWee Tech") and STM

4    entered into an expanded Development and License Agreement (the "2013 License

5    Agreement") which gave STM sublicensing rights to distribute the licensed technology,

6    including the CyWee Software.  (Yoon Decl. ¶ 14, Ex. 3 (Dkt. # 113-3 (sealed)) at 22-51

7    ("2013 License Agreement") §§ 4.1, 4.2.)  The 2013 License Agreement allowed STM to

8    sub-license the CyWee Software to its customers, including HTC.  (*Id.*)

9        In 2014, STM, CyWee Tech, and non-party CyWee Motion Inc.—a wholly-owned

10   subsidiary of CyWee Motion Group—executed an agreement in which CyWee Tech

11   assigned "all of its past, present and future rights . . . , obligations and liabilities under the

12   [2013 License] Agreement to [CyWee Motion Inc.]"  (Yoon Decl. ¶ 15, Ex. 4 (Dkt.

13   # 113-3 (sealed)) at 53-54 ("2014 Assignment Agreement") ¶ 1; *see* Liou Decl. (Dkt.

14   # 136-1 (sealed)) ¶ 7.)  In 2015, CyWee Motion Inc. and STM executed amendments to

15   the 2013 License Agreement which, in relevant part, (1) required CyWee Motion Inc. to

16   support STM in promoting the CyWee Software, and (2) authorized STM to integrate and

17   customize the CyWee Software for its customers' hardware or environment.  (Yoon Decl.

18   ¶ 16, Ex. 5 (Dkt. # 113-3 (sealed)) at 78-79; *id.* ¶ 17, Ex. 6 (Dkt. # 113-3 (sealed)) at

19   102-03.)  CyWee Motion Group was not a party to the 2013 License Agreement, the

20   2014 Assignment Agreement, or the amendments to the 2013 License Agreement.

21

22   _____
        [4] The court refers to the page numbers in the CM/ECF header when citing exhibits to Mr. Yoon's declaration.

On June 16, 2017, CyWee Group filed this action, in which it alleged that HTC's products infringed two of its patents. (Compl. (Dkt. # 1).) On August 31, 2017, HTC informed CyWee Group that the accused products used the CyWee Software (rather than the Android code discussed in the complaint) and that HTC believed that it was licensed to use the CyWee Software. (*See* Siddiqui Decl. (Dkt. # 113-2 (sealed)) ¶ 2.)

On January 11, 2018, HTC filed a third-party complaint in which it brought claims against STM[5] and CyWee Motion Group for indemnity, breach of warranty, contribution, and violations of the Washington Consumer Protection Act. (*See* 3d Party Compl. (Dkt. # 43).) HTC explains that it sued CyWee Motion Group, rather than CyWee Motion Inc., "to hold the ultimate parent company accountable for unlawful actions carried out through its wholly-owned subsidiaries[.]" (MTD at 10 (citing 3d Party Compl. ¶¶ 27-29, 51-61).)

On July 18, 2018, CyWee Motion Group notified HTC that the 2013 License Agreement with STM had been terminated and demanded that HTC "immediately cease and desist any use of [the CyWee S]oftware]" and return the software to CyWee Motion Group. (Yoon Decl. ¶¶ 2, 29, Ex. 18 (Dkt. # 112-7).) However, as noted above, CyWee Motion Group was not a party to the 2013 License Agreement. (*See* 2013 License Agreement; 2014 Assignment Agreement.) HTC continued using the CyWee Software in its products. (Shore Decl. (Dkt. # 107-1) ¶ 5.)

---

[5] The court dismissed HTC's claims against STM in April 2018. (*See* 4/23/18 Order (Dkt. # 79).)

On September 26, 2018, CyWee Motion Group answered HTC's third-party complaint and asserted cross-counterclaims for conversion, unjust enrichment, and declaratory judgment based on HTC's allegedly wrongful possession of the CyWee Software after the termination of the 2013 License Agreement. (CMG Ans. (Dkt. # 102) at CC ¶¶ 20-33.[6]) CyWee Motion Group added a claim against HTC for replevin on November 19, 2018. (CMG Am. Ans. (Dkt. # 104) at CC ¶¶ 17-38.)

On November 28, 2018, CyWee Motion Group moved for summary judgment on its conversion and replevin cross-counterclaims. (1st MSJ (Dkt. # 107).) In June 2019, the court denied the motion without prejudice to refiling it after additional discovery, including "discovery into the relationship[s] between CyWee Motion [Group], CyWee Motion Inc., CyWee Tech, and other CyWee affiliates[,]" "their bearing on the ownership of the CyWee Software, and whether CyWee Motion [Group] has a property interest in the CyWee Software sufficient to confer standing for its conversion and replevin claims." (6/13/19 Order (Dkt. ## 133 (sealed), 143 (redacted)) at 13, 16.) The court also stayed CyWee Group's patent infringement claims, HTC's counterclaims against CyWee Group, and HTC's third-party claims against CyWee Motion Group pending the completion of *inter partes* review. (*Id.* at 22.)

CyWee Motion Group filed its renewed motion for summary judgment on July 2, 2019. (2d MSJ (Dkt. # 136).) On August 19, 2019, the court denied the motion, holding, in relevant part, that "as a corporate parent, CyWee Motion Group lacks an ownership

---

[6] The court uses the convention "CC ¶" when it cites paragraphs of CyWee Motion Group's cross-counterclaims.

1    interest in the CyWee Software and does not have standing to assert its conversion and

2    replevin claims." (8/19/19 Order (Dkt. # 146 (sealed)) at 17-19 (citing *United States v.*

3    *Bennett*, 621 F.3d 1131, 1136 (9th Cir. 2010), and *Dole Food Co. v. Patrickson*, 538 U.S.

4    468, 474-75 (2003)).) Instead, the evidence in the record demonstrated that CyWee

5    Motion Inc. owned the CyWee Software. (*Id.*) The court also rejected CyWee Motion

6    Group's request to replace its name in the case caption with "CyWee Motion Inc." (*Id.* at

7    13-14.) The court listed the many times during the litigation that CyWee Motion Group,

8    rather than CyWee Motion Inc., had filed documents relating to the cross-counterclaims

9    and noted that CyWee Motion Group had had "abundant opportunities to correct the

10   record" since it first its cross-counterclaims in September 2018. (*Id.* at 8-14.) The court

11   instructed CyWee Motion Group that if it "wishe[d] to pursue this matter further, it must

12   seek leave to amend its pleadings after the stay is lifted." (*Id.* at 14.)

13         Nearly five years later, on May 20, 2024, CyWee Group, CyWee Motion Group,

14   and HTC filed a joint status report in which they stated that all asserted claims of the

15   asserted patents had been ruled invalid in *inter partes* review and that the decisions were

16   final. (5/20/24 JSR (Dkt. # 179) (citing *CyWee Grp. Ltd. v. Google LLC*, 59 F.4th 1263

17   (Fed. Cir. 2023) (affirming decisions invalidating asserted claims of '438 and '978

18   patents); *CyWee Grp. Ltd. v. ZTE (USA), Inc.*, 90 F.4th 1358 (Fed. Cir. 2024) (affirming

19   decision invalidating asserted claims of '438 patent)).) CyWee Group represented that it

20   was considering whether to seek leave to amend its complaint to assert claims based on

21   newly-granted patents. (5/20/24 JSR.) CyWee Motion Group did not mention amending

22   its cross-counterclaims to join CyWee Motion Inc. (*See generally id.*)

On June 20, 2024, CyWee Group, CyWee Motion Group, and HTC filed a joint status report in which "CyWee[7]" (1) represented that it was still determining whether to amend its complaint to assert claims based on the newly-granted patents; (2) contended that "the non-patent claims" should not be dismissed; and (3) asked the court to enter an order requiring "CyWee" to file a motion to amend the complaint by August 15, 2024. (6/20/24 JSR (Dkt. # 180) at 2-3; *see* 6/20/24 Min. Order (Dkt. # 181) (setting an August 15, 2024 deadline to move to amend).)  Neither CyWee Group nor CyWee Motion Group moved to amend before the August 15 deadline expired.  (*See generally* Dkt.) Accordingly, on August 27, 2024, the court directed the Clerk to issue an initial scheduling order.  (8/27/24 Min. Order (Dkt. # 182); *see* 8/28/24 Sched. Order (Dkt. # 184).)  That same day, CyWee Group and CyWee Motion Group filed what they stated was an "unopposed" motion to lift the stay, dismiss both CyWee Group's patent claims and HTC's counterclaims related to the patent claims, and set a schedule to adjudicate CyWee Motion Group's non-patent claims.  (8/27/24 Mot. (Dkt. # 183).)  Reluctant to dismiss HTC's counterclaims absent a stipulation signed by counsel for all affected parties, the court denied the motion.  (8/28/24 Order (Dkt. # 185).)

On September 27, 2024, CyWee Group, CyWee Motion Group, and HTC filed a joint status report and discovery plan in accordance with the initial scheduling order. (9/27/24 JSR (Dkt. # 190).)  CyWee Group described the non-patent cross-counterclaims against HTC but made no mention of CyWee Motion Inc.  (*See* 9/27/24 JSR at 2-4.)

---

[7] This report does not specify which entity or entities the term "CyWee" refers to.  (*See* 6/20/24 JSR (Dkt. # 180) at 2-3.)

1     HTC, meanwhile, argued that the court should dismiss the cross-counterclaims for lack of

2     standing because CyWee Motion Group had neither provided evidence that it had an

3     ownership interest in the CyWee Software nor moved to amend its pleading.  (*Id.* at 5-6

4     (citing 8/19/19 Order at 17-18), 10, 15 (arguing that the court should stay discovery

5     pending resolution of whether CyWee Motion Group has standing).)  CyWee Group and

6     CyWee Motion Group did not respond to HTC's assertion that CyWee Motion Group

7     lacked standing.  (*See generally* JSR.)

8         On October 21, 2024, the court ordered HTC to file its motion to dismiss for lack

9     of standing by November 21, 2024.  (10/21/24 Min. Order (Dkt. # 192).)  HTC filed its

10    motion on that deadline.  (MTD.)  On December 12, 2024, CyWee Motion Group filed its

11    motion to amend its cross-counterclaims to join CyWee Motion Inc.  (MTA.)  The

12    motions are now fully briefed and ripe for decision.

13                  **III.    ANALYSIS**

14         The court begins with HTC's motion to dismiss, then considers CyWee Motion

15    Group's motion for leave to amend.

16    **A.    Motion to Dismiss**

17         HTC argues that the court must dismiss CyWee Motion Group's conversion,

18    replevin, unjust enrichment, and declaratory judgment cross-counterclaims for lack of

19    standing because CyWee Motion Group has no ownership interest in the CyWee

20    Software.  (*See* MTD at 7-12.)  Although CyWee Motion Group asserts that HTC's

21    arguments lack merit (MTD Resp. at 1), it does not substantively address those

22    arguments (*see generally id.*).  Instead, CyWee Motion Group argues that the court

1   should grant its motion to amend.  (*Id.*)  The court grants HTC's motion to dismiss.

2          At the outset, dismissal is warranted because CyWee Motion Group failed to

3   respond substantively to the arguments raised in the motion to dismiss and thus has

4   "effectively abandoned" its cross-counterclaims.  *Montgomery v. Specialized Loan*

5   *Servicing, LLC*, 772 F. App'x 476, 477 (9th Cir. 2019) (citing *Walsh v. Nev. Dep't of*

6   *Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006)); *see also Renato v. Beaulieu*, No.

7   C20-0708RSM, 2022 WL 1607919, at *11 (W.D. Wash. May 20, 2022) (accepting

8   plaintiff's failure to "substantively respond" to defendant's legal arguments "as an

9   admission that the motion has merit"); *El v. San Diego Unified Sch. Dist.*, No.

10  20-CV-00257-AJB-AGS, 2021 WL 3240298, at *2 (S.D. Cal. June 29, 2021), *aff'd*, No.

11  21-55805, 2022 WL 1714284 (9th Cir. May 27, 2022) (construing plaintiff's failure to

12  respond to the arguments in defendant's motion to dismiss as a waiver and granting the

13  motion to dismiss).

14         Furthermore, the court agrees with HTC that CyWee Motion Group lacks standing

15  to pursue its cross-counterclaims.  To demonstrate standing, the plaintiff must show

16  (1) that it suffered an "injury in fact," (2) a "causal connection between the injury and the

17  conduct complained of," and (3) a likelihood, "as opposed to merely speculat[ion], that

18  the injury will be redressed by a favorable decision."  *Lujan v. Defs. of Wildlife*, 504 U.S.

19  555, 560-61 (1992) (internal quotation marks and citations omitted).  Here, CyWee

20  Motion Group acknowledges that CyWee Motion Inc. owns the CyWee Software (*see*

21  Liou Decl. ¶ 9), and the court has already held that CyWee Motion Group lacks standing

22  to pursue its conversion and replevin claims because it does not have an ownership

1    interest in the CyWee Software (8/19/19 Order at 18-19).  Because CyWee Motion

2    Group's unjust enrichment and declaratory judgment claims, like its conversion and

3    replevin claims, arise from its alleged ownership of the CyWee Software, the court

4    concludes that CyWee Motion Group lacks standing to pursue those claims as well.  (*See*

5    CMG Am. Ans. at CC ¶¶ 28-30 (unjust enrichment claim), 31-38 (declaratory judgment

6    claim).)  Therefore, the court GRANTS HTC's motion to dismiss.

7    **B.    Motion to Amend**

8          CyWee Motion Group moves the court for leave to amend its cross-counterclaims

9    to add CyWee Motion Inc. as a "new party and necessary party."  (*See generally* MTA.)

10   HTC argues that the court should deny the motion because CyWee Motion Group

11   unreasonably delayed moving to amend and because amendment would be futile.  (*See*

12   *generally* MTA Resp.)  The court denies the motion.

13         A district court should "freely give leave" to amend a complaint when justice

14   requires.  Fed. R. Civ. P. 15(a)(2).  The court has discretion to deny leave to amend,

15   however, when there are "countervailing considerations" such as "undue delay, prejudice,

16   bad faith, or futility."  *Ctr. for Biological Diversity v. United States Forest Serv.*, 80 F.4th

17   943, 956 (9th Cir. 2023) (quoting *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111,

18   1117 (9th Cir. 2015)).  When evaluating undue delay, the court considers "whether the

19   moving party knew or should have known the facts and theories raised by the amendment

20   in the original pleading."  *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946,

21   953 (9th Cir. 2006) (citation omitted).  The "district court's discretion to deny leave to

22   amend is particularly broad where plaintiff has previously amended the complaint."

1    *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting *Ascon Props.,*

2    *Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

3           Here, CyWee Motion Group has been on notice regarding concerns about its

4    standing to pursue its cross-counterclaims since at least June 2019. (*See* 6/13/19 Order at

5    16.) In August 2019, the court instructed CyWee Motion Group to seek leave to amend

6    its pleadings after the completion of *inter partes* review if it wished to continue pursuing

7    its claims. (8/19/19 Order at 14.) When the parties informed the court in May 2024 that

8    the asserted claims of CyWee Group's patents had been invalidated in *inter partes*

9    review, CyWee Group stated that it was considering amending its complaint to assert new

10   patent claims. (5/20/24 JSR.) CyWee Motion Group, however, said nothing about

11   amending its cross-counterclaims. (*Id.*) In June 2024, CyWee Group again represented

12   that it was considering amending its complaint, but again CyWee Motion Group said

13   nothing. (6/20/24 JSR at 2-3.) At CyWee Group's request, the court set an August 15,

14   2024 deadline to move to amend, but neither CyWee Group nor CyWee Motion Group so

15   moved. (*See* 6/20/24 Min. Order at 2; *see generally* Dkt.) Finally, HTC argued in the

16   parties' September 27, 2024 joint status report that CyWee Motion Group lacked

17   standing to pursue its cross-counterclaims, but again CyWee Motion Group did nothing.

18   (9/27/24 JSR.) It was not until December 12, 2024, three weeks after HTC moved to

19   dismiss, that CyWee Motion Group finally moved for leave to amend. (*See* MTD Resp.;

20   MTD.) CyWee Motion Group's delay in moving to amend is particularly egregious

21   because it is CyWee Motion Inc.'s parent company and thus should have known, even

22   before it filed its cross-counterclaims in September 2018 and amended them in November

2018, that CyWee Motion Inc. was the actual owner of the CyWee Software.  Given this timeline, the court has little trouble concluding that denial of leave to amend is warranted in light of CyWee Motion Group's undue delay.  Accordingly, the court DENIES CyWee Motion Group's motion for leave to amend.

## IV.    CONCLUSION

For the foregoing reasons, the court ORDERS as follows:

1.      The court GRANTS HTC's motion to dismiss (Dkt. # 193); DENIES CyWee Motion Group's motion to amend (Dkt. # 194); and DISMISSES CyWee Motion Group's cross-counterclaims for conversion, replevin, unjust enrichment, and declaratory judgment without prejudice for lack of standing.

2.      The parties are ORDERED to show cause, by no later than **February 25, 2025,** why the court should not dismiss CyWee Group's patent infringement claims and HTC's invalidity counterclaims in light of the results of *inter partes* review.  The parties may satisfy this order by filing a stipulated motion to dismiss that is signed by counsel for both parties.

3.      The court DIRECTS the Clerk to file this order provisionally under seal and ORDERS the parties to (1) meet and confer regarding the need for redaction and (2) file,

//

//

//

//

//

ORDER - 12

by no later than **February 25, 2025**, a joint statement indicating whether and how this

order should be redacted.

Dated this 11th day of February, 2025.

_____

JAMES L. ROBART
United States District Judge

ORDER - 13